| | |
|---|---|
| BARRETT S. LITT, SBN 45527<br>Email: blitt@mbllegal.com<br>DAVID S. McLANE, SBN 124952<br>Email: dmclane@mbllegal.com<br>MARILYN E. BEDNARSKI, SBN 105322<br>Email: mbednarski@mbllegal.com<br>McLANE, BEDNARSKI & LITT, LLP<br>975 East Green Street<br>Pasadena, California 91106<br>Tel: (626) 844-7660<br>Fax: (626) 844-7670 | BRUCE BERNARD BEALKE<br>(pro hac vice)<br>(Illinois SBN 6200543)<br>77 West Wacker Drive, Ste. 45001<br>Chicago, IL 60601<br>Tel: (312) 216-7177<br>Fax: (312) 741-1010<br>Email: bealkelaw@protonmail.com |

STANLEY I. GREENBERG, SBN 53649
11845 W. Olympic Blvd., Ste. 1000
Los Angeles, CA 90064
Tel: (424) 248-6600
Fax: (424) 248-6601
Email: Stanmanlaw@aol.com

*Attorneys for Plaintiff* CHRISTOPHER PSAILA

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PSAILA,<br><br>            Plaintiff,<br>      v.<br><br>ERIKA GIRARDI aka ERIKA JAYNE, AMERICAN EXPRESS COMPANY, ROBERT SAVAGE, KENNETH HENDERSON, STEVE SCARINCE, PETER GRIMM, LAIA RIBATALLADA, MICHAEL MINDEN, and DOES 1 TO 10, Inclusive,<br><br>            Defendants. | Case no.: 2:23-cv-07120-MWF (SKx)<br><br>**NOTICE OF MOTION AND MOTION FOR DISCOVERY RELEVANT TO ANTI-SLAPP MOTION**<br><br>[Filed concurrently with Declaration of Marilyn E. Bednarski, Declaration of Stanley Greenberg, Exhibits, [Proposed] Order]<br><br>**Requested Hrg. Date: 11/13/2023**<br>**Time: 10:00 a.m.**<br>**Crtrm: 5A** |

NOTICE OF MOTION AND MOTION FOR DISCOVERY RELEVANT TO ANTI-SLAPP MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on November 13, 2023, at 10:00 a.m. or as soon thereafter as the matter may be heard, Plaintiff by and through counsel of record, will and hereby does move for an order permitting discovery[1] concerning the factual issues raised in the Girardi Defendants' anti-SLAPP motion, including depositions, requests for production of documents and requests for admissions. Plaintiff requests that this discovery motion (and the grand jury motion) be heard by Judge Fitzgerald who will determine the anti-SLAPP motion as the issues are so intertwined.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which occurred on October 30, 2023, at which counsel for Plaintiff Psaila and counsel for the Girardi Defendants conferred as to the schedule for the briefing of this discovery motion and the substance of the request herein and were unable to reach agreement on either. The Girardi Defendants oppose this motion for discovery prior to further briefing and litigation of the anti-SLAPP motion (Dkt. 25).

Plaintiff's motion is based upon the attached Memorandum of Points and Authorities, the accompanying Declarations of Stanley Greenberg and Marilyn E. Bednarski and Exhibits thereto, the record on file in this action and such other evidence and argument as may be presented on Plaintiff's behalf at the hearing on this motion.

DATED: November 6, 2023         McLane, Bednarski & Litt, LLP

By: /s/ Marilyn E. Bednarski
David S. McLane
Barrett S. Litt
Marilyn E. Bednarski

Attorneys for Plaintiff CHRISTOPHER PSAILA

---

[1] Plaintiff separately but simultaneously files a motion for release of grand jury materials, and like this motion asks that it be heard by the Honorable Judge Fitzgerald and on shortened time.

# TABLE OF CONTENTS

I.   INTRODUCTION ..................................................................................................1

II.  DISCOVERY MUST BE PERMITTED WHEN AN ANTI-SLAPP MOTION IS A FACTUAL CHALLENGE TO THE COMPLAINT ...................................2

III. DISCOVERY IS LIKELY TO LEAD TO EVIDENCE THAT WILL ESTABLISH PLAINTIFF IS LIKELY TO PREVAIL UNDER BOTH PRONGS OF THE ANTI-SLAPP ANALYSIS..........................................................2

    A.   Discovery will Produce Conclusive Proof That Defendant's Communications Were False And Illegal. ....................................................3

    B.   Plaintiff's Complaint Has Properly Plead All the Elements of Malicious Prosecution. The Discovery Sought Will Allow Plaintiff to Develop a Complete Record to Demonstrate the Validity of Plaintiff's Claims on the Numerous Disputed Factual Issues......................................4

        1.   Discovery is needed to determine if Plaintiff can establish favorable termination on the merits. ................................................5

        2.   Discovery will establish whether Defendants lacked probable cause when initiating and continuing to prosecute the criminal proceeding against Plaintiff. ...........................................................5

        3.   Discovery is required to resolve disputed factual issues regarding whether Defendants initiated the prior action with malice.............10

IV.  CONCLUSION ...................................................................................................11

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Cuevas-Martinez v. Sun Salt Sand, Inc.*,
   35 Cal. App. 5th 1109 (2019) ...................................................................................10

*Flatley v. Mauro*,
   39 Cal. 4th 299 (2006) ................................................................................................3

*Greene v. Bank of America,* et. al.,
   216 Cal. App. 4th 454 (2013) .................................................................................6, 10

*Gunn v. Drage*,
   65 F.4th 1109 (9th Cir. 2023) .....................................................................................2

*Manufactured Home Communities, Inc. v. Cnty. of San Diego*,
   655 F.3d 1171 (9th Cir. 2011) ....................................................................................3

*Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*,
   890 F. 3d 828 (9th Cir. 2018) .....................................................................................2

*Roberts v. McAfee, Inc.*,
   660 F.3d 1156 (9th Cir. 2011) ............................................................................2, 3, 6

*Sagonowsky v. More*,
   64 Cal. App. 4th 122 (1998) ...................................................................................4, 5

*Sheldon Appel Company*,
   *47 Cal. 3d 863* 254 Cal.Rptr. 336, 765 P.2d 498 (1989) ..........................................6

*Sierra Club Foundation v. Graham*,
   72 Cal. App. 4th 1135 (1999) .................................................................................5, 6

*Verdier v. Verdier*,
   152 Cal. App. 2d 348 (1957) ....................................................................................10

*Williams v. Hartford Ins., Co.*,
   147 Cal. App. 3d 893 (1983) .....................................................................................9

*Zucchet v. Galardi*,
   229 Cal. App. 4th 1466 (2014) ...............................................................................3, 4

**Rules**

Federal Rule of Civil Procedure 56 ................................................................................2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion seeks discovery to permit Psaila a full and fair opportunity to address Defendants Erika Girardi, Laia Ribatallada and Michael Minden's (the "Girardi Defendants") anti-SLAPP motion (the "Motion"), which seeks to have this lawsuit dismissed without discovery. Bednarski Decl. at ¶ 2. The anti-SLAPP motion is based upon lengthy declarations and exhibits, Dkt. 25, rendering it a factual attack on the Complaint akin to a summary judgment motion. Accordingly, Plaintiff is entitled to discovery on the anti-SLAPP motion. Defendants' motion raises a myriad of factual issues underlying the dispute on whether the false police reports were protected speech, and on the elements of malicious prosecution. Plaintiff's position is that after discovery, it will be clear that Plaintiff's allegations are true and will be proven by compelling evidence. At that time, Plaintiff will be in a fair position to set forth his evidence in opposition to Defendants' motion.

On the current schedule, Plaintiff's Opposition to the Girardi Defendants' anti-SLAPP motion is due November 20, 2023, but Plaintiff seeks to vacate that date as well as the hearing date of December 18, 2023[2] to permit Plaintiff the discovery necessary to address the factual attack made in the anti-SLAPP motion.

/ / /

/ / /

/ / /

---

[2] Plaintiff concurrently with this motion files an *ex parte* application seeking an order shortening time to allow this discovery motion to be heard by the Honorable Judge Fitzgerald prior to Plaintiff's filing of his Opposition (now due November 20) or other relief such as an order staying the briefing and hearing schedule on the anti-SLAPP motion to allow time for the discovery sought by way of this motion to occur prior to the litigation of the anti-SLAPP motion. As will be noted in that application, the Girardi Defendants also oppose that request.

NOTICE OF MOTION AND MOTION FOR DISCOVERY RELEVANT TO ANTI-SLAPP MOTION

1

## II. DISCOVERY MUST BE PERMITTED WHEN AN ANTI-SLAPP MOTION IS A FACTUAL CHALLENGE TO THE COMPLAINT

The Girardi Defendants' Motion to Strike on anti-SLAPP grounds is a factual challenge to the Complaint. The Motion relies upon lengthy declarations from each of the Girardi Defendants, their counsel, and 20 exhibits. Dkt. 25-1 to 25-24. Accordingly, the motion must be treated as though it is a motion for summary judgement and discovery must be permitted. *Planned Parenthood Federation of America, Inc. v. Center for Medical Progress*, 890 F. 3d 828 (9th Cir. 2018)("[W]hen an anti-SLAPP motion to strike challenges the factual sufficiency of a claim, then the Federal Rule of Civil Procedure 56 standard will apply. But in such a case, discovery must be allowed, with opportunities to supplement evidence based on the factual challenges, before any decision is made by the court."); *see also Gunn v. Drage*, 65 F.4th 1109 (9th Cir. 2023) (concluding the district court correctly considered extrinsic evidence when evaluating the defendant's factual challenges). Permitting the motion to be decided on Defendants' evidence without discovery or a fair opportunity to contest would usurp the federal rules and Plaintiff's right to due process. *See Planned Parenthood*, 890 F.3d at 833-34.

## III. DISCOVERY IS LIKELY TO LEAD TO EVIDENCE THAT WILL ESTABLISH PLAINTIFF IS LIKELY TO PREVAIL UNDER BOTH PRONGS OF THE ANTI-SLAPP ANALYSIS

Courts weighing an anti-SLAPP motion engage in a two-part analysis: (1) whether a defendant has made a prima facie showing that the suit arises "from an act in furtherance of the defendant's rights of petition or free speech"; and, if so (2) whether the plaintiff can "demonstrate a probability of prevailing on the challenged claims." *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 63 (9th Cir. 2011). Dkt. 25, Def. Mtn. at 9: 4-8. To prevail on his malicious prosecution claim, plaintiff must establish the prosecution (1) was commenced by or at the direction of the defendant and was

pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice. *Zucchet v. Galardi*, 229 Cal. App. 4th 1466, 1481 (2014).

The Ninth Circuit has explained that "[i]n the Anti-SLAPP context, 'probability' is a low bar," and the court should deny the motion if the plaintiff "demonstrate[s] that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Roberts*, 660 F.3d at 1163, *quoting Manufactured Home Communities, Inc. v. Cnty. of San Diego*, 655 F.3d 1171, 1176–77 (9th Cir. 2011).

### A. Discovery Will Produce Conclusive Proof That Defendants' Communications Were False And Illegal.

Defendants cannot satisfy the threshold burden of their motion that the Girardi Defendants' statements were protected activity. *See Zucchet v. Galardi*, 229 Cal. App. 4th 1466, 1476 (2014) (noting a defendant must establish that the cause of action arises from a protected activity); *cf.* Mtn. Dkt. 25 at 9: 11 (wrongly claiming Plaintiff does not dispute that it was protected activity).

While California courts have recognized that the anti-SLAPP statute generally protects communications to law enforcement, the Supreme Court of California has expressly held that such communications are not protected when "the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law." *Flatley v. Mauro*, 39 Cal. 4th 299, 320 (2006). Here, the evidence to be provided by Plaintiff through discovery conclusively establishes that Defendants' assertedly protected petition to the Secret Service was illegal as a matter of law. All 132 transactions between Marco Marco and Defendant Girardi are supported by evidence in the form of text messages, emails, and photographs documenting Defendant's authorization and receipt of goods. Accordingly, Defendant Girardi knew her report to the Secret Service that Plaintiff had

stolen over $800,000 from her to be false, rendering her activity unprotected by the anti-SLAPP statute.

Even if Defendant Girardi's actions were not illegal as a matter of law, the evidence the Complaint references substantiates every transaction between Marco Marco and Defendant Girardi, and demonstrates that the seven transactions giving rise to Plaintiff's indictment were entirely proper. The substantiating evidence, the majority of which was available to Defendants before Defendant Girardi approached the Secret Service, also conclusively establishes that Defendant Girardi lacked probable cause to suspect Plaintiff had committed a crime. Defendant Girardi knew she had authorized and received all goods and services she transacted for and that it was therefore objectively unreasonable to believe Plaintiff could have stolen over $800,000 from her.

**B. Plaintiff's Complaint Has Properly Plead All the Elements of Malicious Prosecution. The Discovery Sought Will Allow Plaintiff to Develop a Complete Record to Demonstrate the Validity of Plaintiff's Claims on the Numerous Disputed Factual Issues**

Plaintiff's malicious prosecution claim arises from Defendants' false reporting of facts to the Secret Service, initiating and continuing the baseless investigation and prosecution of Plaintiff Psaila. *See* Complaint, Dkt. 1; *See also Sagonowsky v. More,* 64 Cal. App. 4th 122, 132 (1998) ("The remedy of a malicious prosecution action lies to recompense the defendant who has suffered out of pocket loss in the form of attorney fees and costs, as well as emotional distress and injury to reputation because of groundless allegations made in pleadings which are public records.").

To prevail on his malicious prosecution claim, Plaintiff must establish that the underlying prosecution (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice. *Zucchet*, 229 Cal. App. 4th at 1481.

1. **Discovery is needed to determine if Plaintiff can establish favorable termination on the merits.**

The determination of the reasons underlying the dismissal is a question of fact that cannot be decided until the disputed facts concerning the reasons for termination are resolved. *See Sierra Club Foundation v. Graham,* 72 Cal. App. 4th 1135, 1149 (1999) (noting that the element of favorable termination is for court to decide after disputed facts resolved).

Here the context in which the AUSA made the voluntary motion to dismiss the indictment supports a conclusion that the AUSA could not prove the case against Psaila. The AUSA moved pursuant to Rule 48(a) to dismiss the indictment which motion was granted. See PACER, Dkt. 71 (motion) and 72 (order of dismissal) in *U.S. v. Psaila*, CR 17-257-FMO. The motion was made only a few months after new criminal defense counsel substituted in the case replacing prior counsel who appeared to have done little work on the case. Greenberg Decl. at ¶ 3. Mr. Greenberg was diligent and persistent in probing the evidence (and lack thereof) in the case. Complaint at ¶¶ 110, 122. See, s*upra, Sagonowsky*, 64 Cal. App. 4th at 128 (the termination must relate to the merits of the action by reflecting either on the innocence of or lack of responsibility for the misconduct alleged against him).

2. **Discovery will establish whether Defendants lacked probable cause when initiating and continuing to prosecute the criminal proceeding against Plaintiff.**
    a) **It is disputed whether the Girardi Defendants lacked probable cause because they fabricated the entire predicate for their claim.**

To defeat the anti-SLAPP motion, Plaintiff bears the burden of establishing the probability of success on the merits, which requires Plaintiff to put forward prima facie evidence on each of the elements of malicious prosecution.

1   Where the claim of malicious prosecution is based upon initiation of a criminal
2   prosecution, the threshold question is whether it was objectively reasonable for the
3   defendant to suspect the plaintiff committed a crime. *Greene v. Bank of America,* et.
4   al., 216 Cal. App. 4th 454, 465 (2013). Here, Defendants' fabrication was, of course,
5   because there was no probable cause. *See Roberts v. McAfee, Inc.*, 660 F.3d 1156,
6   1164 (citing *Sierra Club Foundation v. Graham* 72 Cal. App. 4th 1135, 38
7   (1999)("probable cause is lacking . . . if the defendant relied on facts which he or she
8   had no reasonable cause to believe to be true, . . .")). The Ninth Circuit has explained
9   that :

> [In] such a case, the defendant would know of no facts that could provide reason
> to suspect the plaintiff of wrongdoing. [citation omitted] ("[I]f defendant knows
> that the facts he or she is asserting are not true, then defendant's knowledge of
> facts which would justify initiating suit is zero, and probable cause is
> nonexistent."); *see also Sheldon Appel Company, 47 Cal. 3d 863]*, 254 Cal.Rptr.
> 336, 765 P.2d [498] at 506 (1989)[*en banc*] ("[T]he probable cause element calls
> on the trial court to make an objective determination of the 'reasonableness' of
> the defendant's conduct, i.e., to determine whether, on the basis of the facts
> known to the defendant, the institution of the prior action was legally tenable.").

*Roberts*, 660 F.3d at 1164-65. In *Roberts*, the defendant did in fact have other evidence
that provided reasonable cause to believe his accusations were true.

Here, Defendants' declarations themselves evidence lack of probable cause, i.e.,
that they had no reasonable basis to believe Psaila had committed the crimes of fraud
or unauthorized use of her card. Defendant Girardi essentially says in her declaration
that she had no idea what she was spending, that she gave Psaila her card, that her
assistant may have been mistaken on some of the accusations, that she cannot say for
sure what was legitimate and basically had no idea. Dkt. 25-1, Girardi Decl. But
instead of telling the Secret Service and AmEx that information, she continued to

pursue the prosecution by lying to the Secret Service saying there is no evidence to back up any of the seven charges. Complaint ¶¶ 80-84.

Now, Girardi admits she did not know what costumes her or her assistants had ordered from Psaila's business, and never looked at the AmEx statements, did not have access to them, and did not know how much she spent per month. Dkt. 25-1, Girardi Decl. She does not deny that she gave Messrs. Psaila and Morante (the owners of Marco Marco) the card number and details at their first meeting and does not deny that she told Psaila when he said he would send her invoices that it was not necessary. Dkt. 25-1, Girardi Decl. In fact, email correspondence will prove that Defendant Girardi through Defendant Ribatallada also provided her AmEx card number *reauthorizing* the credit card to be used to pay for the clothing and services ordered. Complaint at ¶ 61.

Exhibit 1 to Plaintiff's Complaint provides a completely different picture than the Girardi Defendants' declarations. Further evidence that there was no objective basis to believe there was probable cause will be revealed in discovery through depositions of the three Girardi Defendant-declarants, as they all participated in the ordering, fitting, payment, acquisition, and use of the costumes made by Psaila's company. Similarly, such discovery will reveal their own texts and emails supporting their knowledge of authorization and provision of services, thereby contradicting their declarations. Such discovery will reveal their conversations and interactions with each other and with Psaila and his business partner Marco Morante concerning such authorization and provision of services.

Besides the Girardi declarants themselves, discovery from Psaila's business partner Marco Morante will support authorization and provision of services as he was present at the first meeting where Defendant Girardi provided he and Psaila the American Express card for the purpose of the services and goods to be rendered, created the designs, fittings, and orders, and interacted with all three Girardi

defendants in that process approximately 132 times over the years. Complaint at ¶¶ 32, 36-37.

Additionally, discovery through written requests to and depositions of the Secret Service agents are expected to support that the Indictment was based on the Girardi Defendants' statements. Discovery from those agents will also be relevant to show/to prove Defendant Henderson's reliance on the Girardi Defendants' statements. Based on the warrant that issued, Defendant Henderson and his team of agents, searched for, seized, and took possession of Psaila's and Marco Marco's business' records, which will further support Plaintiff's position proving up lack of probable cause.

Only by such discovery will Plaintiff have a full and fair opportunity to accurately develop what the Girardi Defendants knew and the flip side, that they knew of no facts that could provide reason to suspect Psaila of wrongdoing. Like the *Sheldon* and *Sierra Club* cases, if Plaintiff shows Defendants knew that the facts they asserted are not true, then Defendants' knowledge of facts that would justify initiating prosecution is zero and probable cause is non-existent.

      **b)**    **There is a dispute whether the Girardi Defendants lacked probable cause because they did not possess other unfabricated evidence that Plaintiff defrauded her.**

Defendants argue that Psaila's statements alone constituted admissions amounting to probable cause to believe a crime was committed. Mtn. at pp. 25-27. Plaintiffs cannot disagree more. Examination of a transcript of that recording shows that the statements are cherrypicked, as surrounding statements clearly show he did not admit to having taken money without authorization (Cf. Mtn at 27: 1-2) nor "full awareness" of any charges being "unauthorized" (Cf. 26: 24-28), as opposed to mistaken overcharges or billing errors. Bednarski Decl. at ¶ 4-5. In the conversation it appears that Psaila admits there may have been some billing or accounting mistakes but denies knowing of the errors before and admits that he maybe owes her some

money, an amount $700,000 <u>less</u> than the $800,000 she claims, and that he does know how that [her claim] would even be possible. Bednarski Decl. at ¶ 4. Not only does he not **admit** a crime, he **denies** a crime.

        **c)**        **Discovery is needed to resolve disputed factual issues regarding whether Plaintiff can rebut any presumption of probable cause.**

The existence of an indictment ordinarily gives rise to a prima facie case of probable cause, but plaintiff must have a fair opportunity to rebut that presumption. He may do so by proof that the indictment was based on false or fraudulent testimony. *See Williams v. Hartford Ins., Co*. 147 Cal. App. 3d 893, 900 (1983). Psaila has not had that opportunity. He was under indictment for over four years, during which he was given discovery under a protective order, on a hard drive which his criminal defense counsel returned to the government after the case was dismissed. Greenberg Decl. ¶ 4. The government did not disclose the Grand Jury transcript to Mr. Greenberg, or to the best of his recollection, the exhibits. *Id.* at ¶3.

The premise of such a presumption is that the agent's investigation is independent and the presentation of evidence to the grand jury is untainted. Indeed, Defendants' anti-SLAPP Motion repeatedly claims that the investigation and prosecution were "independent" of the defendants' participation in the prosecution. Cf. Mtn at 22: 13). This claim of independence is in dispute.

Here, it is reasonable to believe that discovery will support that the "investigation" by the Secret Service was tainted by the boss's relationship with the Girardis. Plaintiff's position, alleged in the Complaint, is that Defendant Savage had personal and financial relationships with Tom and Erika Girardi such that he had a conflict of interest and should not have been involved in the investigation at all. *See* Complaint at ¶¶ 6, 43, 46-47, 49. But he was integrally involved from the beginning, assigning agents to criminally investigate Psaila based on Defendant Girardi's false

report that Psaila had defrauded her, supervising the agents, and even calling American Express himself to discuss the wire recording. Complaint at ¶¶ 4, 6, 22, 55.

The deposition of and requests for documents to Defendant Savage will shed light on his financial as well as decades long social relationship with the Girardis, his communications with them about this case, and his acceptance of money from Tom Girardi a day or so before his underlings at the Secret Service set up Defendant Girardi with a hidden wire to capture Psaila on tape. Complaint at ¶¶ 46-50, 120b. Savage had a history of misusing his Secret Service credentials and was involuntarily separated from the Secret Service during the investigation of this case. Complaint at ¶ 42.

### 3. Discovery is required to resolve disputed factual issues regarding whether Defendants initiated the prior action with malice.

The Complaint alleges the facts that will circumstantially support that the Girardi Defendants acted with malice. *Greene v. Bank of America*, 216 Cal. App. 4th 454, 464-5 (2013) ("'For purposes of a malicious prosecution claim, malice "is not limited to actual hostility or ill will toward the plaintiff. . . ." [Citation.]' '[I]f the defendant had no substantial grounds for believing in the plaintiff's guilt, but, nevertheless, instigated proceedings against the plaintiff, it is logical to infer that the defendant's motive was improper.'").

Malice may be inferred from Plaintiff's showing of lack of probable cause. *Verdier v. Verdier,* 152 Cal. App. 2d 348, 354 (1957); *see also Cuevas-Martinez v. Sun Salt Sand, Inc.* 35 Cal. App. 5th 1109, 1122 (2019) ('[M]alice can be inferred when a party continues to prosecute an action after becoming aware that the action lacks probable cause.' ")

When Defendant Girardi initiated the report to the Secret Service, she had a motive to falsely accuse Psaila. Defendant Girardi was under pressure as her husband was funding her nascent career, and he was financially desperate. Complaint at ¶¶ 7, 29-31. He had been embezzling client trust funds to fund his law firm and their

personal lavish lifestyle, was facing increasing pressure from dissatisfied clients, lawsuits and state bar complaints and his firm and he personally were headed to bankruptcy. Complaint at ¶ 7, fn4. The deposition of Erika Girardi and Tom Girardi (if he is competent) will establish these facts, and the production of the Secret Service investigation file and deposition of case agent Henderson will establish that there was no evidence to support the charges against Plaintiff.

Discovery will demonstrate that Defendant Girardi's motive was not to bring Psaila to justice for wrongdoing that never occurred, but rather to obtain money to fund her career and lifestyle. It will also show that on October 16, 2017, when Defendant Henderson spoke with Defendant Girardi, and told her the trial was being delayed, she told him that she was still willing to testify to "f____k Chris." Complaint at ¶ 95 (referring to inclusion of that statement in a report Henderson wrote).

## IV.  CONCLUSION

Plaintiff has articulated not just good faith, but compelling reason to believe that discovery will produce evidence relevant to the factual disputes the Girardi Defendants' anti-SLAPP motion, declarations and exhibits put in issue. Based upon the arguments and authorities cited in this Motion, therefore Plaintiff respectfully requests to be granted discovery on these issues.

DATED:    November 6, 2023          McLane, Bednarski & Litt, LLP

By: /s/ Marilyn E. Bednarski
     David S. McLane
     Barrett S. Litt
     Marilyn E. Bednarski

     Bruce Bealke (Pro Hac Vice)
     Stanley Greenberg

     Attorneys for Plaintiff
     CHRISTOPHER PSAILA

NOTICE OF MOTION AND MOTION FOR DISCOVERY RELEVANT TO ANTI-SLAPP MOTION
11

# L.R. 11-6.2 – CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiffs, certifies that this brief contains 3,335 words, which complies with the word limit of L.R. 11-6.1.

DATED: November 6, 2023      McLane, Bednarski & Litt, LLP

By: /s/ Marilyn E. Bednarski
   Marilyn E. Bednarski