BARRETT S. LITT, SBN 45527
Email:  blitt@mbllegal.com
DAVID S. McLANE, SBN 124952
Email: dmclane@mbllegal.com
MARILYN E. BEDNARSKI, SBN 105322
Email: mbednarski@mbllegal.com
McLANE, BEDNARSKI & LITT, LLP
975 East Green Street
Pasadena, California 91106
Tel: (626) 844-7660
Fax: (626) 844-7670

BRUCE BERNARD BEALKE
(pro hac vice)
(Illinois SBN 6200543)
77 West Wacker Drive, Ste. 45001
Chicago, IL 60601
Tel: (312) 216-7177
Fax: (312) 741-1010
Email: bealkelaw@protonmail.com

STANLEY I. GREENBERG, SBN 53649
11845 W. Olympic Blvd., Ste. 1000
Los Angeles, CA 90064
Tel: (424) 248-6600
Fax: (424) 248-6601
Email:  Stanmanlaw@aol.com

*Attorneys for Plaintiff* CHRISTOPHER PSAILA

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHRISTOPHER PSAILA,<br><br>Plaintiff,<br><br>v.<br><br>ERIKA GIRARDI aka ERIKA JAYNE, AMERICAN EXPRESS COMPANY, ROBERT SAVAGE, KENNETH HENDERSON, STEVE SCARINCE, PETER GRIMM, LAIA RIBATALLADA, MICHAEL MINDEN, and DOES 1 TO 10, Inclusive,<br><br>Defendants. | Case no.: 2:23-cv-07120-MWF (SKx)<br><br>**DECLARATION OF MARILYN BEDNARSKI IN SUPPORT OF PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR DISCOVERY RELEVANT TO ANTI-SLAPP MOTION; EXHIBIT**<br><br>**Requested Hrg. Date:**<br>**Time:10:00 a.m.**<br>**Crtrm:5A** |

## DECLARATION OF MARILYN E. BEDNARSKI

I, Marilyn E. Bednarski, hereby declare the following:

1.     I am an attorney licensed to practice in the State of California and a partner at the firm McLane, Bednarski & Litt, LLP, attorneys of record for Plaintiff in this action. This declaration is submitted in support of Plaintiff's Motion for Discovery Relevant to the anti-SLAPP Motion. The facts set forth herein are within my personal knowledge or knowledge gained from review of the pertinent documents. If called upon, I could and would testify competently thereto.

2.     On October 30, 2023, Marilyn Bednarski and Stanley Greenberg, counsel for Plaintiff Psaila and Evan Borges and Heejin Hwang, counsel for the Girardi Defendants, met and conferred as to the schedule for the briefing of this Discovery motion and the substance of the request herein and were unable to reach agreement on either. More specifically, the Girardi Defendants oppose the Motion for discovery for purposes of the determination of the anti-SLAPP Motion (Dkt. 25), they also oppose the court hearing either the motion for discovery prior to the due date for Plaintiff's Opposition to the anti-SLAPP motion and are of the opinion it should be heard on the same date as the currently set date for hearing on the anti-SLAPP motion (December 18).

3.     The Indictment, attached hereto as Exhibit 1, is a true and correct copy of the Indictment filed in the underlying criminal case against Plaintiff Psaila in *United States v. Psaila*, 2:17-CR-00257-FMO.

4.     I have reviewed a computer assisted rev.com transcript of the recording of the December 14, 2016 meeting Defendants refer to in their motion. In that transcript I can see that Psaila admits there may have been some billing or accounting mistakes but he also denies knowing of the errors before. I can see that he admits that he owes her some money, just over $100,000 (an amount far less than the $800,000 she says he

DECLARATION OF MARILYN BEDNARSKI ISO MOTION AND MOTION FOR RELEASE OF GRAND JURY TESTIMONY

1

took). I can see that she asks him if he was aware "this" was happening and he tells her no. When she tells him that it was a lot more than $100,000, that it was about $800,000, he tells her he does not even know how that would be possible. Not only does he not admit a crime, he denies a crime.

5.  The Girardi Defendants anti-SLAPP motion argument does not include the above omissions, explanations and denials. Cf. Mtn at p. 27: 1-2 ("his undisputed admission to having taken money , without authorization, that did not belong to him, . . ."); and , Mtn. at p.26: 24-28 (Psaila admitted to approximately $100,000 in overcharges (by definition unauthorized charges) . . . his admissions demonstrated full awareness of having taken a substantial sum of money, $100,000 to which he and Marco Marco were not authorized.")

I declare under penalty of perjury that the foregoing is true and correct and was executed November 6, 2023, at Pasadena, California.

                __/s/ by Marilyn E. Bednarski_____
                Marilyn E. Bednarski

# **EXHIBIT 1**

FILED

2017 APR 28 PM 2: 27

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

February 2017 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CHRISTOPHER PSAILA, <br><br> Defendant. | CR No. **17 CR 0 0257** <br><br> **I N D I C T M E N T** <br><br> [18 U.S.C. § 1029(a)(2): Use of an Unauthorized Access Device; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1029(a)(2)]

Beginning on or about December 1, 2015, and ending on or about November 30, 2016, in Los Angeles County, within the Central District of California, defendant CHRISTOPHER PSAILA ("PSAILA") knowingly and with intent to defraud, used an unauthorized access device (as defined in Title 18, United States Code, Section 1029(e)(1) and (3)), namely, an American Express credit card, and by such conduct obtained things of value aggregating at least $1,000 during that period, with said use affecting interstate and foreign commerce.

COUNTS TWO THROUGH EIGHT

[18 U.S.C. § 1343]

A. INTRODUCTORY ALLEGATIONS

1. At all times relevant to this Indictment:

a. Defendant PSAILA and others known and unknown to the grand jury, operated two companies, Marco Marco LLC and MarcoSquared, LLC (collectively, "Marco Marco"). The business of Marco Marco LLC was to design and sell custom-made costumes. The business of MarcoSquared, LLC was to design and sell underwear.

b. American Express ("AmEx") processed all credit card charges made in the western United States by wire through a server in Phoenix, Arizona.

B. THE SCHEME TO DEFRAUD

2. Beginning at an unknown date but no later than January 26, 2015, and continuing through on or about November 30, 2016, in Los Angeles County, within the Central District of California, defendant CHRISTOPER PSAILA ("PSAILA"), knowingly and with the intent to defraud, devised, participated in, and executed a scheme to defraud victim E.G. ("E.G."), as to material matters, and to obtain money and property from victim E.G. by means of material false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

3. The scheme to defraud victim E.G. operated, in substance, in the following manner:

a. Victim E.G. provided Marco Marco with the account number for her AmEx credit card ending in 63516 to facilitate her purchase of costumes.

Bednarski Decl. Ex. 1

  b. Defendant PSAILA, knowingly and with the intent to defraud, caused charges to be made on victim E.G.'s AmEx credit card ending in 63516 without victim E.G.'s authorization.

  c. As a result of defendant PSAILA's scheme, AmEx suffered losses in excess of $700,000.

C. USE OF THE WIRES

  4. On or about the following dates, in Los Angeles County, within the Central District of California, defendant PSAILA, for the purpose of executing the above-described scheme to defraud, caused the transmission by means of wire communication in interstate and foreign commerce, by charging victim E.G.'s AmEx card ending in 63516 without authorization:

| COUNT | DATE | AMOUNT CHARGED |
|---|---|---|
| 2 | October 21, 2015 | $7,500 |
| 3 | December 28, 2015 | $8,500 |
| 4 | March 29, 2016 | $7,600 |
| 5 | April 14, 2016 | $9,156 |
| 6 | May 23, 2016 | $9,256.37 |
| 7 | June 8, 2016 | $10,300.50 |
| 8 | August 10, 2016 | $10,355 |

Bednarski Decl. Ex. 1

COUNT NINE

[18 U.S.C. § 1028A(a)(1)]

Beginning on or about December 1, 2015, and ending on or about November 30, 2016, in Los Angeles County, within the Central District of California, defendant CHRISTOPHER PSAILA ("PSAILA") knowingly possessed and used, without lawful authority, a means of identification that defendant PSAILA knew belonged to another person, namely, the name and American Express account number of victim E.G., during and in relation to the offense of use of an unauthorized access device, a felony violation of Title 18, United States Code, Section 1029(a)(2), as charged in Count One of this Indictment.

A TRUE BILL

/s/
_____
Foreperson

SANDRA R. BROWN
Acting United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

LIZABETH A. RHODES
Assistant United States Attorney
Chief, General Crimes Section

ROBYN K. BACON
Assistant United States Attorney
Deputy Chief, General Crimes Section

GEORGE E. PENCE
Assistant United States Attorney
General Crimes Section

4

Bednarski Decl. Ex. 1