1  Susan E. Coleman (SBN 171832)
   E-mail:  scoleman@bwslaw.com
2  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
3  Los Angeles, California 90071-2953
   Tel:  213.236.0600 Fax:  213.236.2700
4
5  Attorneys for Defendants
   KENNETH HENDERSON and STEVE
   SCARINCE
6
7
8                    UNITED STATES DISTRICT COURT
9                    CENTRAL DISTRICT OF CALIFORNIA
10
11

| | |
|---|---|
| CHRISTOPHER PSAILA, | Case No. 2:23-cv-07120-MWF-SK |
| Plaintiff, | **DEFENDANTS KENNETH HENDERSON AND STEVE SCARINCE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES** |
| v. | |
| ERIKA GIRARDI aka ERIKA JAYNE, AMERICAN EXPRESS COMPANY, ROBERT SAVAGE, KENNETH HENDERSON, STEVE SCARINCE, PETER GRIMM, LAIA RIBATALLADA, MICHAEL MINDEN, and DOES 1 TO 10, Inclusive, | [Fed. R. Civ. P. 12(b)(6), 12(b)(1)] |
| | Date:     March 11, 2024 |
| | Time:     10:00 a.m. |
| | Ctrm:     5A |
| Defendants. | Judge:   Hon. Michael W. Fitzgerald |

22       TO PLAINTIFF CHRISTOPHER PSAILA, AND HIS ATTORNEYS:

23       PLEASE TAKE NOTICE that on March 11, 2024, at 10:00 a.m., or as soon

24  thereafter as the matter may be held before the Honorable Michael W. Fitzgerald,

25  350 West First Street, Courtroom 5A, Los Angeles, California 90012, Defendants

26  KENNETH HENDERSON and STEVE SCARINCE (collectively, "Defendants")

27  will move to dismiss Plaintiff's Complaint, and specifically the *Bivens* claim (Cause

28  of Action #1) asserted in the Complaint (Dkt. 1) pursuant to Federal Rule of Civil

1

Procedure 12(b)(1) and 12(b)(6), on the following grounds:

1.      Defendants Henderson and Scarince may not be sued in their official capacity due to sovereign immunity.

2.      Defendants Henderson and Scarince may not be sued under the Fourteenth Amendment, which applies only to state actors.

3.      Defendants Henderson and Scarince are entitled to qualified immunity because they were not on notice their actions were unlawful.

4.      The *Bivens* claim against Defendants Henderson and Scarince is not viable under the Fourth or Fifth Amendments.

5.      *Bivens* should not be expanded to the legal claims asserted here, in part because Plaintiff has alternative remedies available.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the pleadings on file in this action, and on such further argument that may be heard by this Court at the hearing.

The parties met and conferred about the grounds for this motion in advance, in compliance with Local Rule 7-3.

Dated:  February 1, 2024                BURKE, WILLIAMS & SORENSEN, LLP

By:       /s/ *Susan E. Coleman*
              Susan E. Coleman
              Attorneys for Defendants K.
              HENDERSON and S. SCARINCE

///
///

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

2

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

# **TABLE OF CONTENTS**

**Page**

I.    STATEMENT OF RELEVANT FACTS ........................................................... 1

II.   STANDARD ON MOTION TO DISMISS ...................................................... 2

    A.    Dismissal for Lack of Subject Matter Jurisdiction – Rule 12(b)(1) .................................................................................................. 2

    B.    Dismissal for Failure to State a Claim Under Rule 12(b)(6) ................. 3

III.  ARGUMENT ................................................................................................. 5

    A.    Sovereign Immunity Prevents Official Capacity Claims......................... 5

    B.    The Fourteenth Amendment Applies Only to State Action.................... 6

    C.    Defendants are Entitled to Qualified Immunity..................................... 6

    D.    The *Bivens* Claim is Not Viable............................................................. 9

    E.    *Bivens* should not be expanded to cover the Constitutional Claims ................................................................................................... 11

    F.    Availability of Alternative Measures Weigh Against the Expansion of *Bivens* Here ................................................................... 16

IV.   CONCLUSION ............................................................................................. 19

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

### Federal Cases

*Al-Ra'id. v. Ingle*,
  69 F.3d 28 (5th Cir. 1995) ....................................................................... 7

*Ashcroft v. al-Kidd*,
  563 U.S. 731 (2011) ............................................................................... 7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................ 3, 4, 9

*Barbera v. Smith*,
  *836 F.2d 96* (2d Cir. 1987) ..................................................................... 9

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................ 3, 4, 9

*Bivens v. Six Unknown Named Agents*,
  403 U.S. 388 (1971) ......................................................................... 12, 13

*Black Lives Matter D.C. v. Trump*,
  Civ. A. No. 20-1469 (DLF), 2021 WL 2530722 (D.D.C. June 21,
  2021) ....................................................................................................... 15

*Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*,
  461 U.S. 273 (1983) ................................................................................. 5

*Bolling v. Sharpe*,
  347 U.S. 497 (1954) ................................................................................. 6

*Brady v. Maryland*,
  373 U.S. 83 (1963) ............................................................................. 6, 11

*Brinegar v. United States*,
  338 U.S. 160 (1949) ............................................................................... 10

*Cantú v. Moody*,
  933 F.3d 414 (5th Cir. 2019) ................................................................. 14

*Carlson v. Green*,
  446 U.S. 14 (1980) ................................................................................. 12

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

ii

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

*Clark v. Library of Congress*,
  750 F.2d 89 (D.C. Cir. 1984)..................................................................................6

*Davis v. Passman*,
  442 U.S. 228 (1979) ...............................................................................12, 15

*Dickson v. United States*,
  831 F. Supp. 893 (D.D.C. 1993).........................................................................6

*Draper v. United States*,
  358 U.S. 307 (1959) .............................................................................................10

*United States v. Farley*,
  2 F.3d 645 (6th Cir. 1993) ....................................................................................11

*Gen. Motors Corp. v. EPA*,
  363 F.3d 442 (D.C. Cir. 2004)...............................................................................2

*Giordenello v. United States*,
  357 U.S. 480 (1958) .............................................................................................10

*Gonzalez v. Holder, et al.*,
  763 F. Supp. 2d 145 (D.D.C. 2010) ....................................................................5

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) .........................................................................................6, 7

*Hart v. Parks*,
  450 F.3d 10 (9th Cir. 2006) ...........................................................................8, 10

*Hernandez v. Mesa*,
  140 S. Ct. 735 (2020).................................................................................12, 13, 14

*Johnson v. Santiago*,
  -- F. Supp. 3d --, No. 20-cv-6345, 2022 WL 3643591 (E.D.N.Y.
  Aug. 24, 2022) .....................................................................................................19

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ..............................................................................................2

*Kyles v. Whitley*,
  514 U.S. 419 (1995) .............................................................................................11

*Leuthauser v. United States*,
  576 F. Supp. 3d 806 (D. Nev. 2021) ..................................................................18

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

iii

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

*Lock v. United States*,
  11 U.S. ................................................................................................ 10

*Loumiet v. United States*,
  948 F.3d 376 (D.C. Cir. 2020)................................................. 13, 14, 15

*Lovell v. Parker*,
  No. 18-CV-1867, 2022 WL 3045039 (E.D.N.Y. Aug. 3, 2022) ....................... 18

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ................................................................................. 3

*Malley v. Briggs*,
  475 U.S. 335 (1986) ................................................................................. 7

*Marshall v. Reno*,
  915 F. Supp. 426 (D.D.C. 1996)............................................................. 6

*McClendon v. City of Columbia*,
  305 F.3d 314 (5th Cir. 2002)................................................................. 7

*FDIC v. Meyer*,
  510 U.S. 471 (1994) ........................................................................... 5, 6

*Mitchell v. Forsyth*,
  472 U.S. 511 (1985) ........................................................................... 6, 7

*United States v. Mitchell*,
  463 U.S. 206 (1983) ................................................................................. 5

*Neitzke v. Williams*,
  490 U.S. 319 (1989) ................................................................................. 9

*United States v. Nordic Village, Inc.*,
  503 U.S. 30 (1992) ................................................................................. 5

*Oliva v. Nivar*,
  973 F.3d 438 (5th Cir. 2020) ............................................................... 18

*Outdoor Media Group, Inc. v. City of Beaumont*,
  506 F.3d 895 (9th Cir. 2007) ............................................................... 3

*Pearson v. Callahan*,
  129 S. Ct. 808 (2009).............................................................................. 8

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

iv

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

*Pearson v. Callahan*,
 555 U.S. 223 (2009) .................................................................................... 7

*Pinson v. Dep't of Just.*,
 Civ. A. No. 12-1872 (RC), 2021 WL 790380 (D.D.C. Jan. 8, 2021) ............... 12

*United States v. Ritchie*,
 342 F.3d 903 (9th Cir.2003) ........................................................................ 3

*Saucier v. Katz*,
 533 U.S. 194 (2001) .................................................................................... 8

*Shaw v. District of Columbia*,
 944 F. Supp. 2d 43 (D.D.C. 2013)................................................................ 7

*Shekoyan v. Sibley Int'l Corp.*,
 217 F. Supp. 2d 59 (D.D.C. 2002)................................................................ 3

*Siegert v. Gilley*,
 500 U.S. 226 (1991) .................................................................................... 7

*Steele v. United States*,
 267 U.S. 498 (1925) .................................................................................. 10

*Telesaurus VPC, LLC v. Power*,
 623 F.3d 998 (9th Cir. 2010) ...................................................................... 3

*Thompson v. Upshur County, TX*,
 245 F.3d 447 (5th Cir. 2001) ...................................................................... 7

*Tsao v. Desert Palace, Inc.*,
 698 F.3d 1128 (9th Cir. 2012) .................................................................... 8

*United States v. Ventresca*,
 380 U.S. 102 (1965) .................................................................................. 10

*Weatherford v. Bursey*,
 429 U.S. 545 (1997) .................................................................................. 11

*Wilkie v. Robbins*,
 551 U.S. 537 (2007) .................................................................................. 16

*Wilson v. Libby*,
 535 F.3d 697 (D.C. Cir. 2008)................................................................... 19

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

v

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

*Ziglar v. Abbasi*,
  137 S. Ct. 1843 (2017)..................................................................................*passim*

**Federal Statutes**

5 U.S.C. § 702............................................................................................18

5 U.S.C. § 706............................................................................................18

5 U.S.C. § App. 3, § 8I(c) ...........................................................................16

6 U.S.C. § 113(b) ........................................................................................16

6 U.S.C. § 113(d)(3) ...................................................................................17

6 U.S.C. § 381............................................................................................16

18 U.S.C. § 2511..........................................................................................2

18 U.S.C. § 3056(b) ....................................................................................14

28 U.S.C. § 1346.........................................................................................18

28 U.S.C. § 1346(b)(1) ..................................................................................6

28 U.S.C. § 2679.........................................................................................18

28 U.S.C. § 2679(b) ......................................................................................6

28 U.S.C. § 2680(h) ....................................................................................18

Federal Tort Claims Act (FTCA) ...................................................6, 18, 19

**State Statutes**

Administrative Procedure Act .....................................................................18

Cal. Pen. Code § 633 ...................................................................................1

**Other Authorities**

Eighth Amendment .....................................................................................12

Fifth Amendment.................................................................................*passim*

File a Civil Rights Complaint, Homeland Security, https://dhs.gov/file-
  a-civil-rights-complaint (last visited Jan. 24, 2024)...........................17

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

Fourteenth Amendment .................................................................5, 6, 11

Fourth Amendment ........................................................................ 13, 15

https://www.oig.dhs.gov/hotline (last visited Jan. 24, 2024) ................... 16

Report Employee Misconduct, U.S. Secret Service,
  https://secretservice.gov/reportmisconduct (last visited January 24,
  2024) ........................................................................................ 17

Fed. Civ. P., Rule 12(b)(1) ............................................................ 2, 5

Fed. Civ. P., Rule 12(b)(6) ......................................................... 3, 4, 5

Fed. Civ. P., Rule 8(a) .................................................................... 4

Wright, *Federal Practice and Procedure*, Criminal § 110 .................... 10

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

### MEMORANDUM OF POINTS AND AUTHORITIES

## I.    STATEMENT OF RELEVANT FACTS

Plaintiff Christopher Psaila contends that U.S. Secret Service Agents Henderson and Scarince investigated him for financial crimes because of Thomas Girardi's relationship to and/or bribery and influence of their supervisor, Robert Savage.  (*See generally*, Compl. [Dkt. 1].) The Complaint *assumes* Henderson and Scarince were aware of this relationship, which they deny, but fails to explain the basis for this assumption or provide any specific facts to support it. (*See id*.) Plaintiff contends "the Girardis solicited and bribed Secret Service Special Agent in Charge (SAIC) Robert Savage to cause his agents, Defendants Scarince and Henderson, to criminally investigate Chris Psaila for federal crimes." (*Id*., ¶ 4.)

Erika Girardi hired Marco and Marco LLC, founded by Plaintiff and his partner Marco Morante, to create costumes for her performances. Erika Girardi was an authorized user on her husband Tom Girardi's American Express ("AMEX") card, and she gave the card information to Marco and Marco to charge her for costumes and services.  After years of business dealings, Erika Girardi complained that Plaintiff had defrauded her by charging unauthorized amounts of $800,000-$900,000 in 2015 and 2016. (*Id*., ¶ 3.) While Plaintiff contends these charges were all legitimate, it is not clear how Defendants Henderson or Scarince would or should have known this.[1] (*See id*., ¶¶ 39-40.) AMEX accepted the claims of fraud and refunded the Girardis $787,117.88, and told the Secret Service that Erika Girardi was the victim of Plaintiff's fraud. (*Id*., ¶ 5.)

On December 14, 2016, Defendants Henderson and Scarince had Erika Girardi visit Plaintiff's business Marco Marco LLP, to discuss the AMEX charges, while recording the conversation.[2] (*Id*., ¶ 50.)  Plaintiff agreed on tape that he may

---

[1] Nor do Defendants concede that the charges were authorized.

[2] Plaintiff accuses defendants of "entrap[ment]" (*see* Compl., ¶ 53); However, law enforcement may record conversations for investigatory reasons. Cal. Pen. Code §

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

have overcharged Girardi and would take out a loan if needed to repay her. (*See id*.) Although Plaintiff characterizes the recording as "nothing more than an innocent merchant attempting to follow a well-known rule of retail business: 'the customer is always right'" (*id*., ¶ 53), that is his interpretation.

On January 9, 2017, Agent Henderson applied for and a Judge issued a Search Warrant to search Marco Marco LLP's business. (*Id*. ¶ 57.) Several months after seizure of records and computers, the case was presented in April 2017 to a grand jury. (*Id*. ¶ 60.) Plaintiff alleges the indictment was issued because the grand jury "would naturally infer that AMEX $787,117.88 refund would mean that Plaintiff did defraud Erika Defendant Girardi." (*Id*. ¶ 73.)

An indictment was returned on April 28, 2017. (*Id*. ¶ 75.) Plaintiff was arrested on April 28, 2017. (*Id*. ¶ 94.)

Plaintiff's defense attorney Mr. Greenberg asked for *Brady* and *Henthorn* material in correspondence dated July 21, 2021.  (*Id*. ¶ 107.) Plaintiff contends no information was turned over in response to this request.  (*Id*.)

On September 25, 2021, Plaintiff's defense attorney asked for a copy of the AMEX refund to Girardi. (*Id*., ¶ 108.)

On September 28, 2021, the U.S. moved to dismissed the indictment, and it was dismissed on September 29, 2021, by Judge Olguin. (*Id*., ¶ 110.)

## II.   STANDARD ON MOTION TO DISMISS

### A.   Dismissal for Lack of Subject Matter Jurisdiction – Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, see *Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004), and the law presumes that "a cause lies outside [the court's] limited jurisdiction" unless the plaintiff establishes otherwise, *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). In response to a motion to dismiss a complaint for lack of subject matter jurisdiction, a plaintiff

---

633. Federal law only requires one-party consent to record. 18 U.S.C. § 2511.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

2

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

1   must establish jurisdiction by a preponderance of the evidence. *See Lujan v.*
2   *Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp.*, 217
3   F. Supp. 2d 59, 63 (D.D.C. 2002).

4       In evaluating a motion to dismiss under Federal Rule of Civil Procedure
5   ("Rule") 12(b)(1), the Court generally considers only those allegations contained in
6   the pleadings, exhibits attached to the complaint, and matters properly subject to
7   judicial notice. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-
8   900 (9th Cir. 2007). A court may consider matters of judicial notice without
9   converting the motion to dismiss into a motion for summary judgment. *United*
10  *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).

11      The Court need not accept conclusory allegations. It should "begin 'by
12  identifying pleadings that, because they are no more than conclusions, are not
13  entitled to the assumption of truth.'" *Telesaurus VPC, LLC v. Power,* 623 F.3d 998,
14  1003 (9th Cir. 2010) (citations omitted). The Court should disregard "[t]hreadbare
15  recitals of the elements of a cause of action, supported by mere conclusory
16  statements…." *Id.* (citations omitted). After eliminating legal conclusions, the court
17  must identify "well-pleaded factual allegations," which it assumes to be true, "and
18  then determine whether they plausibly give rise to an entitlement to relief." *Id.*
19  (citations omitted). "To survive a motion to dismiss, a complaint must contain
20  sufficient factual matter, accepted as true, to state a claim for relief that is plausible
21  on its face." *Id.* (citations omitted).

22      **B.      Dismissal for Failure to State a Claim Under Rule 12(b)(6)**

23      Under Rule 12(b)(6), the court may dismiss all or part of a complaint which
24  fails to allege "sufficient factual matter, accepted as true, to state a claim to relief
25  that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal
26  quotation marks and citation omitted). Here, too, the court must accept as true the
27  well-pled factual allegations in the complaint and draw all reasonable inferences in
28  the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

3                                              Case No. 2:23-cv-07120-MWF-SK
                                               DEFENDANTS KENNETH HENDERSON AND
                                               STEVE SCARINCE'S MOTION TO DISMISS

1  court need not, however, credit [t]hreadbare recitals of the elements of a cause of

2  action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678 (citing

3  *Twombly*, 550 U.S. at 555). If, therefore, the complaint does not "permit the court to

4  infer more than the mere possibility of misconduct, the complaint has alleged—but

5  it has not 'show[n]'—'that the pleader is entitled to relief,'" and the court should

6  dismiss the complaint under Rule 12(b)(6). *Iqbal*, 556 U.S. at 679 (quoting Fed. R.

7  Civ. P. 8(a)(2)).

8        Under the Rule 8(a), a complaint must contain "a short and plain statement of

9  the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. (8)(a), "in

10  order to 'give the defendant fair notice of what the . . . claim is and the grounds

11  upon which it rests.'" *Twombly*, 550 U.S. at 555 (citation omitted). Rule 12(b)(6)

12  provides a vehicle for parties to challenge the sufficiency of a complaint on the

13  ground that it "fail[s] to state a claim upon which relief can be granted." Although

14  "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion

15  to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must

16  furnish "more than labels and conclusions" or "a formulaic recitation of the

17  elements of a cause of action." *Twombly*, 550 U.S. at 555. "Nor does a complaint

18  suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

19  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint

20  must contain sufficient factual allegations that, if accepted as true, "state a claim to

21  relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

22  plausibility when the plaintiff pleads factual content that allows the court to draw

23  the reasonable inference that the defendant is liable for the misconduct alleged."

24  *Iqbal*, 556 U.S. at 678. When a complaint's well-pleaded facts do not enable a court,

25  "draw[ing] on its judicial experience and common sense," "to infer more than the

26  mere possibility of misconduct," the complaint has not shown that the pleader is

27  entitled to relief. *Id.* at 679. The Complaint here fails to meet the above standards.

28  ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

## III.   ARGUMENT

Pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6), all claims asserted against Defendants Henderson and Scarince, whether sued in their official or individual capacities, should be dismissed because the doctrine of sovereign immunity bars claims against Defendants in their official capacities; the Fourteenth Amendment is only applicable to state action; Defendants are entitled to qualified immunity if sued in their individual capacities; the *Bivens* claim fails on the merits; and *Bivens* should not be expanded to cover the Fourth and/or Fifth Amendment claims made here.

### A.   Sovereign Immunity Prevents Official Capacity Claims

The Complaint does not specify if the Secret Service defendants are sued in their official or individual capacities. (*See* Complaint, ¶¶ 9, 22-23.) Plaintiff cannot sue defendants Henderson and Scarince in their official capacities directly under the Constitution because the doctrine of sovereign immunity proscribes lawsuits for money damages against the United States, its agencies, and its employees sued in their official capacity, absent a specific waiver by the federal government. *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff has not pleaded or established that the government has expressly consented to damages suits for constitutional violations against it in this context or against the two federal officers.

Thus, any constitutional claims against the Defendants in their official capacities should be dismissed for lack of subject matter jurisdiction. Claims against the individual defendants in their official capacities should be treated as if they were brought against the United States directly. *See Gonzalez v. Holder, et al.*, 763 F. Supp. 2d 145, 148 (D.D.C. 2010) *citing Kentucky v. Graham,* 473 U.S. 159, 165–66 (1985). "The United States may not be sued without its consent and . . . the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell,* 463 U.S. 206, 212 (1983). Such consent may not be implied but must be "unequivocally

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

5

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

1   expressed." *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33–34 (1992).

2       The Federal Tort Claims Act ("FTCA") waives the United States' immunity

3   as to certain common law torts, *see* 28 U.S.C. §§ 1346(b)(1), 2679(b), but Plaintiff

4   does not allege common law torts against Henderson and Scarince, and the FTCA

5   does not apply to constitutional tort claims such as those made by Plaintiff. *See*

6   *FDIC v. Meyer,* 510 U.S. 471, 478 (1994); *Clark v. Library of Congress,* 750 F.2d

7   89, 102-04 (D.C. Cir. 1984).

8       Similarly, under a *Bivens* cause of action, liability does not extend to

9   individual defendants in their official capacities. Plaintiff cannot sue Defendants

10  Henderson and Scarince in their official capacities under the Constitution. *See*

11  *Marshall v. Reno*, 915 F. Supp. 426, 434 (D.D.C. 1996); *Dickson v. United States*,

12  831 F. Supp. 893, 899 (D.D.C. 1993). Accordingly, any constitutional claims

13  brought against the individual Defendants Henderson and Scarince in their official

14  capacities should be dismissed.

15      **B.     The Fourteenth Amendment Applies Only to State Action**

16      Although the *Bivens* claim set forth in the Complaint states it is premised on

17  alleged violations of the Fourth and/or Fifth Amendment, it then cites to obligations

18  under *Brady v. Maryland*, 373 U.S. 83 (1963). Violations of the *Brady* obligation to

19  turn over exculpatory material are often brought under the Fourteenth Amendment,

20  which cannot be brought against federal officers or agents. *Bolling v. Sharpe*, 347

21  U.S. 497, 499 (1954) ([T]he Fourteenth Amendment applies only to the states.").

22  Defendants Henderson and Scarince cannot be sued under the Fourteenth

23  Amendment.

24      **C.     Defendants are Entitled to Qualified Immunity**

25      Even if the Complaint could be read to assert a *Bivens* claim against

26  Defendants Henderson and Scarince, they are protected by qualified immunity.

27  Qualified immunity is "immunity from suit rather than a mere defense to liability."

28  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Harlow v. Fitzgerald*, 457 U.S. 800,

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

6

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

807 (1982). This doctrine shields government officials who, in the performance of their discretionary functions, acted in an objectively reasonable manner in light of the clearly established law at the time of their actions. *Thompson v. Upshur County, TX*, 245 F.3d 447, 456 (5th Cir. 2001). As long as there is a "legitimate question" about the constitutionality of a particular conduct, "it cannot be said that. . . such conduct violates clearly established law." *Mitchell*, 472 U.S. at 528. Qualified immunity, in sum, protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). see also *Harlow*, 457 U.S. at 818 (qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"). Thus, the "protection of qualified immunity applies regardless of whether the government officials' error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). Ultimately a court must determine "(1) 'whether a constitutional right would have been violated on the facts alleged,' and (2) 'whether the right was clearly established' at the time of the violation." *Shaw v. District of Columbia*, 944 F. Supp. 2d 43, 54 (D.D.C. 2013) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).

Plaintiff bears the burden of pleading that defendants acted in violation of a clearly established constitutional right. *Harlow*, 457 U.S. at 818; *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Moreover, the plaintiff bears the burden of defeating a defendant's claim to qualified immunity. *Al-Ra'id. v. Ingle*, 69 F.3d 28, 33 (5th Cir. 1995). Thus, when a defendant invokes qualified immunity, as here, the burden rests with the plaintiff to demonstrate the inapplicability of the defense. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

7

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

///

The Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001), set out in very specific language a two-part qualified immunity analysis to be used when officers are alleged to have violated constitutional rights. Courts have the discretion to decide "which of the two prongs of the qualified immunity analysis [to address] first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). The first element is a determination of whether "the facts alleged show the officer's conduct violated a constitutional right." *Saucier*, 533 U.S. at 201. The second element is a determination of "whether the right was clearly established" or "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 201-02.

A review of the facts outlined in the Complaint fails to support Plaintiff's claims that his constitutional rights were violated by Defendants Henderson and Scarince. Plaintiff makes conclusory statements and offers no evidence or specific facts to support his claims against these Defendants. For example, though Plaintiff claims "the Girardis solicited and bribed Secret Service Special Agent in Charge (SAIC) Robert Savage to cause his agents, Defendants Scarince and Henderson, to criminally investigate Chris Psaila for federal crimes," (Compl., ¶ 4), there is no factual basis to show either of these agents <u>knew</u> of the alleged relationship and/or transactions between Tom Girardi and their supervisor.

Plaintiff also offers insufficient allegations, and certainly no evidence, that any actions or omissions of the Defendants were objectively unreasonable in reference to clearly established law. Plaintiff repeatedly asserts that the Defendants did not adequately investigate and recklessly ignored information that would have helped him. (*See generally*, Compl.) But once probable cause is established, officers **do not have a duty to investigate further** for exculpatory evidence. *Tsao v. Desert Palace, Inc*., 698 F.3d 1128, 1147 (9th Cir. 2012). The probable cause inquiry turns not on whether there was a violation in fact, but on whether a reasonable officer

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

8

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

would conclude that there was a fair probability of a violation. *Hart v. Parks,* 450 F.3d 10, 1066-1067 (9th Cir. 2006) (noting that for probable cause, the detectives did not need personal knowledge that the items "were actually stolen").

Here, no reasonable agent in the circumstances Henderson and Scarince confronted would understand that their conduct was unconstitutional. They had a complaining witness/victim alleging financial fraud and incriminating admissions of the suspect audiotaped, and a judge signed off on a search warrant based on these facts.  (*See* Complaint.) Subsequently, they presented evidence to a prosecuting U.S. attorney, who decided to present the matter to a grand jury, which issued an indictment.  No reasonable officer or agent in their position(s) would be on notice their conduct was unlawful. While Plaintiff attempts to cast doubt on the motivation underlying the investigation itself, without any evidence suggesting Defendants Henderson and Scarince actually knew of any improper connection between the Girardis and their supervisor Savage, Plaintiff has not met his burden of showing a violation of a clearly established constitutional right or that Defendants **knowingly** violated the law. Indeed, Defendants Henderson and Scarince were just doing their jobs and are thus are entitled to qualified immunity.

### D.     The *Bivens* Claim is Not Viable

Plaintiff's *Bivens* claim should be dismissed because he fails to state a claim for relief against Defendants Henderson and Scarince. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To maintain a cause of action against the Defendants, Plaintiff must specifically allege that these Defendants were directly and personally responsible for the alleged constitutional violations and describe what they did that amounted to a violation. *See Iqbal*, 556 U.S.at 676; *Barbera v. Smith, 836 F.2d 96,* 99 (2d Cir. 1987).

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

9

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

1       Here, Plaintiff's Complaint falls short with respect to Defendants Henderson

2   and Scarince and they should be dismissed. As noted above in section C, while the

3   Complaint alleges Defendants should have done more and investigated further, it

4   also sets forth allegations sufficient for probable cause to request a warrant and to

5   present the case to the grand jury. Plaintiff's Complaint alleges that Erika Girardi

6   complained her and/or her husband's American Express account was used without

7   authorization for hundreds of thousands of dollars of unauthorized charges; that

8   Plaintiff admitted to "errors" during a recorded interview; AMEX issued a refund of

9   nearly $800,0000 to the Girardis; a judge issued a search warrant for Marco and

10  Marco's business; and the grand jury issued an indictment. (*See* Complaint.) This

11  was sufficient for a reasonable officer to conclude that there was a fair probability of

12  a criminal violation. *Hart v. Parks,* 450 F.3d at 1066-1067; *Lock v. United States,* 11

13  U.S. (7 Cr.) 339, 348 (1813). *See Steele v. United States*, 267 U.S. 498, 504–05

14  (1925). Probable cause may rest upon evidence that is not legally competent in a

15  criminal trial, *Draper v. United States,* 358 U.S. 307, 311 (1959), and it need not be

16  sufficient to prove guilt in a criminal trial. *Brinegar v. United States*, 338 U.S. 160,

17  173 (1949). *See United States v. Ventresca,* 380 U.S. 102, 107–08 (1965).

18      Further, the search warrant for Marco & Marco was approved by a judge. The

19  issuing party must judge for himself the persuasiveness of the facts relied on by a

20  [complainant] to show probable cause. *Giordenello v. United States*, 357 U.S. 480,

21  486 (1958). Subsequently, the arrest followed an indictment issued by the federal

22  grand jury, which found probable cause to issue the indictment. The grand jury has

23  the option to indict or to return a "no bill."  *See* Wright, *Federal Practice and*

24  *Procedure*, Criminal Section 110. The decision to present the case to the grand jury

25  would have also been vetted by a prosecuting U.S. Attorney using his or her

26  independent judgment.

27      Notably, although the *Bivens* claim set forth in the Complaint is premised on

28  alleged violations of the Fourth and/or Fifth Amendment, it then cites to obligations

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

10

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

under *Brady v. Maryland*, 373 U.S. 83 (1963). Assuming the *Brady* theory is brought under the Fifth Amendment right to due process, as the Fourteenth Amendment cannot be used here, US DOJ regulations put those obligations directly on the prosecutor – not the investigating agents. According to the U.S. Department of Justice Manual, Section 9-5.001- B(2), it is the <u>obligation of federal prosecutors</u>, in preparing for trial, to seek all exculpatory and impeachment information from all the members of the prosecution team. Members of the prosecution team include federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). *Brady* requires <u>prosecutors</u> to disclose exculpatory and impeachment information material to guilt or innocence in sufficient time to permit the defendant to make effective use of that information at trial. *See*, *e.g. Weatherford v. Bursey*, 429 U.S. 545, 559 (1997); *United States v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993).

Further, many of these *Brady/Henthorn* and related obligations are triggered at the <u>time of trial</u>. No trial occurred here. Plaintiff alleges that his attorney made a request for *Brady* and *Henthorn* material in correspondence dated July 21, 2021, and that no material was turned over before the indictment was dismissed months later. (Compl., ¶ 107.) Despite citing the request made, there is no indication that Henderson and Scarince failed to turn over all of the exculpatory and impeachment information *they were aware of* to the federal prosecutor who handled the grand jury proceedings. It is not clear that Henderson and Scarince knew of any dealings or connections between Girardi and Savage (their supervisor), for example. Nor is this alleged - as opposed to implied or assumed. (*See generally*, Complaint.) Thus, the *Bivens* claim fails as to Henderson and Scarince.

**E.     *Bivens* should not be expanded to cover the Constitutional Claims**

Under *Bivens*, the Supreme Court adopted an "implied cause of action" for certain money damages claims against Government officials. *Ziglar v. Abbasi*, 137

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

11

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

S. Ct. 1843, 1851-52 (2017). Yet, this is a limited cause of action where the Supreme Court has recognized only a small set of constitutional violations that may be maintained against government officials in their personal capacities. In *Bivens*, the Supreme Court held that claims for money damages may be brought against federal officers who violated the prohibition against unreasonable search and seizure. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Since then, the Supreme Court has recognized only two additional implied causes of actions for constitutional violations. *See Abbasi*, 137 S. Ct. at 1854. In *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court held that "the Fifth Amendment Due Process Clause" permits "a damages remedy for gender discrimination." *Abbasi*, 137 S. Ct. at 1184-85 (discussing *Davis*). And in *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court "held that the Eighth Amendment Cruel and Unusual Punishments Clause" gave a prisoner "a damages remedy for failure to provide adequate medical treatment." *Abbasi*, 137 S. Ct. at 1855 (discussing *Carlson*). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Id.* Where a plaintiff asks the Court to expand *Bivens* into a "new context," the court must ask whether "special factors" counsel against such an expansion. *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020).

"[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675). "Courts should therefore exercise caution before extending *Bivens* remedies into any new context." *Pinson v. Dep't of Just.*, Civ. A. No. 12-1872 (RC), 2021 WL 790380, at *4 (D.D.C. Jan. 8, 2021) (quotation marks omitted). Where a claim "represents a new context for *Bivens* relief, a court proceed[s] to … ask whether there are any special factors that counsel hesitation about granting the extension." *Id.* (quoting *Hernandez*, 140 S. Ct. at 743). In particular, a court asks "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

12

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1857-58. Relatedly, if there is an "'alternative, existing process for protecting the [injured party's] interest,'" that process "itself may 'amoun[t] to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages.'" *Id.* at 1858 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).

Here, Plaintiff alleges a *Bivens* claim arising out of purported constitutional violations of the Fourth and Fifth Amendment. As to the Fourth Amendment, Plaintiff contends there was insufficient probable cause to seek a search warrant or an indictment. Plaintiff's Fourth Amendment claim falls within the designation of a "new context" as well, as the previous Supreme Court finding of a Fourth Amendment *Bivens* implied damages remedy involved a warrantless search and arrest in an apartment. *See Bivens*, 403 U.S. at 389 *et seq.*  To allow *Bivens* claims to apply to circumstances where a judge signed a search warrant, or a grand jury issued an indictment, would create new causes of action that would inundate the court system and be in direct contradiction of the modern trend to restrict the application of *Bivens* as set forth in *Abbasi*.

Indeed, in two recent *Bivens* decisions, the Supreme Court declined to extend an implied damages remedy to claims against line-level officers alleged to have committed Fourth Amendment violations. See *Egbert,* 142 S. Ct. at 1804; *Hernández*, 140 S. Ct. at 743. Here too, "once we look beyond the constitutional provision[] invoked … it is glaringly obvious" that Plaintiff's Fourth Amendment claims arise in a new context, "one that is meaningfully different" from *Bivens*. *Id.* To begin, Henderson and Scarince—as part of the Secret Service—represent a "new category of defendants." *Egbert*, 142 S. Ct. at 1803 (quoting *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)); accord *Hernández*, 140 S. Ct. at 743; *Loumiet,* 948 F.3d at 382.

And unlike the narcotics agents in *Bivens*, who were charged with enforcing federal drug laws, Henderson and Scarince operate under a distinct statutory

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

13

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

mandate altogether, as part of the Treasury Department, to investigate financial crimes. *See* 18 U.S.C. § 3056(b); see also *Abbasi*, 137 S. Ct. at 1860 (recognizing "the statutory or other legal mandate under which the officer was operating" among list of meaningful differences giving rise to "new context"); accord *Loumiet,* 948 F.3d at 382. In other words, as compared to *Bivens*, Plaintiff's claims "involve[] different conduct by different officers from a different agency" operating under a distinct statutory mandate. *Cantú v. Moody*, 933 F.3d 414, 423 (5th Cir. 2019). These differences are enough to meet the "modest" bar required to make the context new. *Abbasi,* 137 S. Ct. at 1864; see *Loumiet*, 948 F.3d at 382 (finding new class of defendant and statutory mandate were "each" independent reasons that claim presented new context).

Courts are very cautious to expand the *Bivens* remedy into a new context due to the potential separation-of-powers conflicts that may emerge, as courts must consider whether they can properly "weigh the costs and benefits" without any authority by Congress for the expansion, and consider "the risk of interfering with the authority of the other branches." *See Abbasi*, 137 S. Ct. at 1857. Therefore, when a plaintiff requests a court to expand *Bivens* into a new context, the court must ask whether "any special factors" would go against the expansion. *See Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020). To determine whether a case arises in a "new context" courts determine whether the case differs "in a meaningful way" from prior Supreme Court *Bivens* cases, with expansion now being viewed as "a disfavored judicial activity." *See Abbasi*, 147 S. Ct. at 1857-59. Even if a constitutional damages remedy was found in a previous case, that does not preclude a similar claim from arising in a new context. *See Hernandez*, 140 S. Ct. at 743.

Plaintiff's Complaint also appears to ask the Court to expand *Bivens* and apply it to the Fifth Amendment Right to Due Process. *See* Complaint, First Cause of Action. But the **only time** the Supreme Court has permitted a Fifth Amendment claim under *Bivens* has been in the context of gender employment discrimination, a

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

14

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

markedly different context than the alleged violation of due process here. *See Davis v. Passman*, 442 U.S. 228, 230 (1979). Applying *Bivens* to this situation, where an indictment has issued but Plaintiff claims *Brady* evidence was not turned over, would be an unwarranted expansion.

In *Black Lives Matter D.C. v. Trump*, Civ. A. No. 20-1469 (DLF), 2021 WL 2530722 (D.D.C. June 21, 2021), the Court analyzed whether *Bivens* claims could be maintained by protesters cleared from Lafayette Square by Secret Service and other federal agents. There, the Court found that the plaintiff's Fourth Amendment and Fifth Amendment constitutional claims arose in a new context that was "meaningfully different" from *Bivens*, as it involved a protest in Lafayette Square outside the White House and not execution of a warrant at the wrong apartment. *See Black Lives Matter*, 2021 WL 2530722, at *12. Therefore, the Court agreed that the *Bivens* claims must be dismissed because an extension of the Bivens remedy to this "new context" is unwarranted, citing *Abbassi*. *Id.* at *4.

Similar to the plaintiffs' argument in *Black Lives Matter*, Plaintiff in this case alleges that he has a right to a damage claim arising out of a purported Fifth Amendment due process claim and a Fourth Amendment claim based on a search pursuant to a warrant. As the Court in *Black Lives Matter* held, such protections must be rejected because, "as the Supreme Court has instructed, what matters is whether the claims in this case arise in a similar context to *Bivens* or *Davis*." *Id*. at 5.

Plaintiff's Complaint provides no reason why this Court should make an incredible departure from former precedent and grant a *Bivens* remedy here; this would not be in accord with the modern trend against providing such new remedies. See *Abbasi,* 137 S. Ct. at 1857. The new context test "may consider only Supreme Court decisions approving *Bivens* actions," and, as discussed above, the context of Plaintiff's case here is "meaningfully different" from the three major Supreme Court decisions that came before. See *Loumiet v. United States*, 948 F.3d 376, 383 (D.C. Cir. 2020).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

15                Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

F.    **Availability of Alternative Measures Weigh Against the Expansion of *Bivens* Here**

So long as Plaintiff has other alternative "means to be heard" on his position, the existence of alternative remedies counsels against expansion of the *Bivens* claim in this case. *See Wilkie v. Robbins*, 551 U.S. 537, 552 (2007). The Supreme Court recently made clear that an Executive Branch agency's internal grievance procedures and regulatory obligations to investigate complaints of officer misconduct are alone sufficient to preclude a *Bivens* remedy. *Egbert*, 142 S. Ct. at 1806-07. The same is true regardless of whether the procedures give the plaintiff "rights to participation or appeal," and "even if a court independently concludes" that the processes "are not as effective as an individual damages remedy." *Id*. What matters is only that "the Government has put in place safeguards to prevent constitutional violations from recurring" in the context alleged. *Id*. at 1806 (quotations omitted). Such safeguards plainly exist here.

The U.S. Department of Homeland Security's Office of Inspector General is charged by Congress with the broad authority to "initiate, conduct, and supervise . . . investigations" of agency personnel. 5 U.S.C. § App. 3 § 8I(c); 6 U.S.C. § 113(b). Secret Service officers, as part of the Department of Homeland Security, are subject to such investigations. *See* 6 U.S.C. § 381 (transferring functions, personnel, assets, and obligations of Secret Service to be maintained as agency within the Department of Homeland Security). Any person may report alleged misconduct by Secret Service personnel to the Office of Inspector General via the Department of Homeland Security website.[3]

In addition, the Secret Service Office of Professional Responsibility, Inspection Division, serves as a separate investigative body and that office, too, has a website whereby anyone—including Plaintiff here— may report alleged

---

[3] See https://www.oig.dhs.gov/hotline (last visited Jan. 24, 2024).

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

16                    Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

wrongdoing, including claimed civil rights abuses, by Secret Service officers.[4] Upon receiving such allegations, the Inspection Division opens an investigation and, if appropriate, may refer the allegations to the Office of Integrity, which decides any remedial or disciplinary steps taken.

More still, Congress created the Department of Homeland Security Office for Civil Rights and Civil Liberties, 6 U.S.C. § 113(d)(3), with the specific responsibility of safeguarding against potential "abuses of civil rights" and overseeing compliance "relating to the civil rights and civil liberties of individuals affected by" Department of Homeland Security activities, id. §§ 345(a)(1), (4). The Office has the authority to "investigate complaints and information indicating possible abuses of civil rights or civil liberties." Id. § 345(a)(6). And, like the Department of Homeland Security Office of Inspector General and Secret Service's Inspector Division, the Office for Civil Rights and Civil Liberties has a website by which aggrieved parties can report such misconduct.[5]

These safeguards give reason to pause before extending *Bivens* to claims of alleged civil rights violations by Secret Service agents. Through these three distinct processes—the Office of Inspector General, the Office for Civil Rights and Civil Liberties, and the Secret Service Office of Professional Responsibility, Inspection Division—Congress and the Executive Branch have put in place mechanisms for reporting and investigating misconduct (including constitutional violations) by Secret Service personnel. These schemes show "that absent a *Bivens* remedy," there are means of "deterrence to prevent" Secret Service "officers from violating the Constitution." *Abbasi,* 137 S. Ct. at 1863. And where, as here, Congress and the Executive Branch have created processes sufficient to "prevent constitutional

---

[4] See Report Employee Misconduct, U.S. Secret Service, https://secretservice.gov/reportmisconduct (last visited January 24, 2024).

[5] See File a Civil Rights Complaint, Homeland Security, https://dhs.gov/file-a-civil-rights-complaint (last visited Jan. 24, 2024).

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

17

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

violations from recurring" in the context at issue, "courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Egbert,* 142 S. Ct. at 1806-07 (quotations omitted); see *Lovell v. Parker*, No. 18-CV-1867, 2022 WL 3045039, at *9 (E.D.N.Y. Aug. 3, 2022) (recognizing DHS OIG investigations as alternative remedial scheme counseling against *Bivens* remedy*); Leuthauser v. United States*, 576 F. Supp. 3d 806, 813-14 (D. Nev. 2021) (finding "mere presence" of Office for Civil Rights and Civil Liberties complaint process "militates against an extension of *Bivens*").

A separate reason to refrain from extending Bivens is that "alternative forms of judicial relief" are also available. *Abbasi,* 137 S. Ct. at 1863 (quotations omitted). Individuals who believe Secret Service personnel are acting pursuant to an arbitrary, capricious, or unconstitutional policy may bring a cause of action under the Administrative Procedure Act. See 5 U.S.C. §§ 702, 706.  What matters is only that "alternative methods of relief are available." *Abbasi*, 137 S. Ct. at 1863. If they are—and "regardless" of whether the alternatives are "adequate to provide all of the relief [a plaintiff] seeks," or "cover the full breadth of harm that a would-be *Bivens* plaintiff alleges"— there is no room for tacking on a new implied damages remedy. *Liff*, 881 F.3d at 920-21.

The Federal Tort Claims Act offers another alternative remedial scheme available to individuals in Plaintiff's position. Through the Federal Tort Claims Act, a person claiming tortious conduct by Secret Service officers acting within the scope of their employment have a potential statutory damages remedy against the United States. See 28 U.S.C. §§ 2679, 1346; *see also* 28 U.S.C. § 2680(h) (waiving sovereign immunity for certain intentional torts, including assault, battery, and false arrest, where committed by "investigative or law enforcement officers of the United States"). The presence of this "alternative, existing process" created by Congress, *Abbasi,* 137 S. Ct. at 1858 (quotations omitted), should foreclose a *Bivens* remedy here. See *Oliva v. Nivar,* 973 F.3d 438, 444 (5th Cir. 2020) (holding that FTCA

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

18

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS

constituted a special factor precluding a *Bivens* claim); see also *Johnson v. Santiago,* -- F. Supp. 3d --, No. 20-cv-6345, 2022 WL 3643591, at *4 (E.D.N.Y. Aug. 24, 2022) ("[T]he court agrees with the 'many cases' that have concluded – following the Supreme Court's decision in *Abbasi* –that the remedies provided by the Federal Tort Claims Act ('FTCA') constitute 'a special factor counseling hesitation in extending *Bivens*.'" (collecting cases)).

Plaintiff states in this case that he has submitted a Federal Tort Claim. (*See* Compl., n. 5.) But whether Plaintiff has any likelihood of success on such a claim is beside the point. After all, the "relevant question" is not "whether the court should provide for a wrong that would otherwise go underdressed." *Egbert,* 142 S. Ct. at 1804 (quotation omitted). "Nor does it matter" whether this statutory scheme would "provide complete relief." *Id.* (quotation omitted); see also *Wilson v. Libby*, 535 F.3d 697, 709 (D.C. Cir. 2008) (explaining that where Congress has provided a scheme of protections for the interests allegedly at stake, it is immaterial whether that scheme provides plaintiff "no remedy whatsoever"). The important fact is that a remedy exists for Plaintiff to pursue in another forum.

## IV.   CONCLUSION

For the reasons set forth above, Defendants Henderson and Scarince should be dismissed. There are insufficient facts alleged against them to state a claim under Bivens. Further, Bivens should not be expanded to the Fourth and Fifth Amendment claims alleged here. Finally, Defendants are entitled to qualified immunity.

Dated:  February 1, 2024                    BURKE, WILLIAMS & SORENSEN, LLP

By:  ____/s/ *Susan E. Coleman*____
Susan E. Coleman
Attorneys for Defendants K.
HENDERSON and S. SCARINCE

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

19                    Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS KENNETH HENDERSON AND
STEVE SCARINCE'S MOTION TO DISMISS