UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 23-07120-MWF (SKx)                    Date:  February 27, 2024
Title: Christopher Psaila v. Erika Girardi et al

Present:  The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

    Deputy Clerk:                              Court Reporter:
    Rita Sanchez                               Not Reported

    Attorneys Present for Plaintiff:           Attorneys Present for Defendants:
    None Present                               None Present

**Proceedings (In Chambers):**          ORDER RE: DEFENDANT'S ANTI-SLAPP MOTION [25]

Before the Court is a Motion to Strike the Complaint Pursuant to California Anti-SLAPP Statute (the "Motion") filed by Defendants Erika Girardi, Michael Minden, Laia Ribatallada (collectively, the "EG Defendants") on October 20, 2023. (Docket No. 25).  Plaintiff Christopher Psaila filed an Opposition on November 20, 2023.  (Docket No. 47).  EG Defendants filed a Reply on December 5, 2023.  (Docket No. 51).

The Court has read and considered the Motion and held a hearing on **December 18, 2023**.

The Motion is **DENIED**.  Plaintiff has met his burden of establishing the "probability" of prevailing on the malicious prosecution claim, in the technical sense in which that term is used in anti-SLAPP litigation.

Additionally, because EG Defendants request judicial notice of matters of public record and documents not subject to reasonable dispute, EG Defendants' Request for Judicial Notice is **GRANTED**. (Docket No. 25-21).  Plaintiff's Request for Judicial Notice is also **GRANTED** for the same reasons. (Docket No. 48).

I.    BACKGROUND

Plaintiff's Complaint alleges as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-07120-MWF (SKx)          **Date:** February 27, 2024
**Title:** Christopher Psaila v. Erika Girardi et al

     Plaintiff was the managing partner of Marco Marco, a Hollywood, California-based celebrity costume design brand catering to the entertainment industries, including music, television, theater, and motion pictures. (Complaint, (Docket No. 1) ¶ 28). Girardi, having heard of the business success of Marco Marco, commissioned Marco Marco to design various outfits for her singing career and for her appearances on the television show, The Real Housewives of Beverly Hills. (*Id.* ¶ 29).

     From 2014 to 2016, Girardi purchased numerous costumes and clothing items from Marco Marco for herself and for members of her performing entourage. (*Id.* ¶ 30). Girardi also had Marco Marco make alterations on department store purchased clothing and conduct repairs and maintenance on performance costumes and materials kits for her tours. (*Id.* ¶ 33). Between 2015 and 2016, and over the course of 132 transactions, Girardi purchased approximately $934,000 worth of goods and services which were all charged to an AMEX card for which she was the authorized user. (*Id.* ¶¶ 35, 102).

     In or around November or December of 2016, Girardi reported to the Secret Service that charges and transactions made to the AMEX card by Plaintiff and Marco Marco amounting to approximately $800,000 were fraudulent and not authorized. (*Id.* ¶¶ 39, 51, 57). American Express eventually reimbursed $787,117.88 to Girardi. (*Id.* ¶ 44).

     On January 9, 2017, the government requested and received a search warrant to search Marco Marco's business premises, computers, and electronic devices, and seize all business records, computers, mobile devices and phones. (*Id.* ¶ 57).

     On April 28, 2017, the government sought a grand jury indictment against Plaintiff. (*Id.* ¶ 75). Specifically, there were seven AMEX Marco Marco charges that were presented to the grand jury as fraudulent. (*Id.* ¶ 80). On September 28, 2021, the government moved to dismiss the indictment and the following day the indictment was dismissed. (*Id.* ¶ 110).

     Plaintiff in his Complaint alleges that he was unjustifiably prosecuted on federal criminal charges (the "Underlying Action"). (*See generally* Complaint). He has sued

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  CV 23-07120-MWF (SKx)                         Date:  February 27, 2024
Title: Christopher Psaila v. Erika Girardi et al

the EG Defendants for malicious prosecution and civil conspiracy.  (*Id.* ¶¶ 128–36, 157–69).

The EG Defendants now seek an order striking the second claim for relief for malicious prosecution and the fourth claim for relief for conspiracy to commit malicious prosecution pursuant to California's anti-SLAPP statute, Cal. Code Civ. Proc. § 425.16, on the ground that they are premised on the EG Defendants' protected activity — their communications with law enforcement and participation in a criminal investigation of Plaintiff.  (Motion at 23).

## II.     EVIDENTIARY OBJECTIONS

Along with the Reply, the EG Defendants filed a number of evidentiary objections.  (Docket No. 51-1).  The evidentiary objections are to Plaintiff's, Morante's, Bednarski's, and Greenberg's declarations.  (Docket Nos. 47-1–47-6).  The objections are unconvincing as they are largely boilerplate objections based on lack of foundation, lack of personal knowledge, best evidence rule, hearsay, and relevance that "are duplicative of the summary judgment standard itself."  *Sandoval v. County of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021).  Plaintiff filed a Response to EG Defendants objections.  (Docket No. 53).

Furthermore, the Ninth Circuit has recognized that "a party does not necessarily have to produce evidence in a form that would be admissible at trial, as long as the party satisfies the requirements of Federal Rules of Civil Procedure 56."  *Block v. City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment.").

Ultimately, the Court declines to rule individually on each evidentiary objection, as it concludes below that it is largely able to evaluate the merits of the Motion without relying upon the challenged portions of the documents provided.  To the extent the Court relies upon evidence to which the EG Defendants object, the objections

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-07120-MWF (SKx) | Date: February 27, 2024 |
| Title: Christopher Psaila v. Erika Girardi et al | |

are **OVERRULED**. To the extent the Court does not, the objections are **DENIED** *as moot*.

### III. LEGAL STANDARD

California's anti-SLAPP statute provides:

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. Proc. § 425.16(b)(1). The statute is based on the California legislature's finding that "it is in the public interest to encourage continued participation in matters of public significance, and that this participation should not be chilled through abuse of the judicial process." *Id.* § 425.16(a).

Therefore, "the anti-SLAPP statute requires a two-part analysis: (1) the defendant must make a *prima facie* showing that the suit arises 'from an act in furtherance of the defendant's rights of petition or free speech'; and (2) once the defendant makes this showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.'" *Roberts v. McAfee, Inc.*, 660 F.3d 1156, 1163 (9th Cir. 2011) (quoting *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010)).

The plaintiff's burden to demonstrate a probability of prevailing on the challenged claims is a low bar. *Id*. To survive an anti-SLAPP motion to strike in California, a plaintiff must:

> demonstrate that the complaint is both legally sufficient and supported by a sufficient *prima facie* showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited. In

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-07120-MWF (SKx) | Date: February 27, 2024 |//
| Title: Christopher Psaila v. Erika Girardi et al | |

deciding the question of potential merit, the trial court considers the pleadings and evidentiary submissions of both the plaintiff and the defendant; though the court does not weigh the credibility or comparative probative strength of competing evidence, it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.

*Manufactured Home Communities, Inc. v. Cnty. of San Diego*, 655 F.3d 1171, 1176–77 (9th Cir.2011) (internal alterations and quotation marks omitted). "The plaintiff's burden resembles the burden they would have in fending off a motion for summary judgment." *Roberts*, 660 F.3d at 1163.

## IV. DISCUSSION

### A. Whether the Claims Arise from Protected Activity

The parties dispute whether the EG Defendants have made a prima facie showing on the first prong. Plaintiff argues that Defendant Girardi's petitioning activity was illegal as a matter of law and therefore the activity is not protected by the anti-SLAPP statute. (Opp. at 12).

The California Supreme Court has held that "a defendant whose assertedly protected speech or petitioning activity was illegal as a matter of law, and therefore unprotected by constitutional guarantees of free speech and petition, cannot use the anti-SLAPP statute to strike the plaintiff's complaint." *Flatley v. Mauro*, 39 Cal. 4th 299, 305, 46 Cal. Rptr. 3d 606 (2006). Specifically, the court in *Flatley* concluded that a defendant is precluded from bringing an anti-SLAPP motion when "either the defendant concedes, or the evidence conclusively establishes, that the assertedly protected speech or petition activity was illegal as a matter of law." *Id.* at 320.

Here, the Court cannot determine whether the alleged petitioning activity was illegal as a matter of law. The EG Defendants have not conceded that they engaged in illegal conduct, and there is no uncontroverted and conclusive evidence of illegality.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No. CV 23-07120-MWF (SKx)          Date: February 27, 2024

Title: Christopher Psaila v. Erika Girardi et al

Because the Court cannot determine that the EG Defendants acted illegally as a matter of law, the Court will apply anti-SLAPP law.

### B. Whether Plaintiff Has Stated a Valid Malicious Prosecution Claim

To succeed on a malicious prosecution claim under California law, a plaintiff must prove that the prior action: "(1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor; (2) was brought without probable cause; and (3) was initiated with malice." *Paiva v. Nichols*, 168 Cal. App. 4th 1007, 1018, 85 Cal. Rptr. 3d (2008) (quoting *Bertero v. Nat'l Gen. Corp.*, 13 Cal. 3d 43, 50, 118 Cal. Rptr. 184 (1974)).

The EG Defendants argue that Plaintiff cannot met his burden to show a favorable termination on the merits, an absence of probable cause, and that the EG Defendants acted with malice. (Motion at 24–28).

#### 1. Termination in Plaintiff's Favor

"Favorable termination is an essential element of the tort of malicious prosecution, and it is strictly enforced." *Staffpro, Inc. v. Elite Show Servs., Inc.*, 136 Cal. App. 4th 1392, 1400, 39 Cal. Rptr. 3d 682 (2006). Whether the Underlying Action was terminated in Plaintiff's favor under California law "is for the court to decide." *Sierra Club Found. v. Graham*, 72 Cal. App. 4th 1135, 1149, 85 Cal. Rptr. 2d 726 (1999) (citing *Pattiz v. Minye*, 61 Cal. App. 4th 822, 826–27, 71 Cal. Rptr. 2d 802 (1998)). "The element of 'favorable termination' requires a termination reflecting the merits of the action and plaintiff's innocence of the misconduct." *Pattiz*, 61 Cal. App. 4th at 827.

"Where a proceeding is terminated other than on the merits, the reasons underlying the termination must be examined to see if the termination reflects the opinion of either the court or the prosecuting party that the action would not succeed." *Pender v. Radin*, 23 Cal. App. 4th 1807, 1814, 29 Cal. Rptr. 2d 36 (1994). Such a circumstance may occur when the prosecutor "seeks dismissal of the prosecution of a criminal action for lack of evidence." *Minasian v. Sapse*, 80 Cal. App. 3d 823, 827,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No. CV 23-07120-MWF (SKx)			Date:  February 27, 2024
Title: Christopher Psaila v. Erika Girardi et al

145 Cal. Rptr. 829 (1978) (citing *Jackson v. Beckham*, 217 Cal. App. 2d 264, 269–70, 31 Cal. Rptr. 739 (1963)).

This Court agrees with Plaintiff that "the AUSA's voluntary dismissal supports the inference that the AUSA could not prove the case against Plaintiff" and the fact that the "U.S. Attorney's Office told a reporter for the Los Angeles Times that the Indictment was dismissed due to 'law enforcement evidence preservation issues'" demonstrates a "reasonable inference" that the "prosecutor could not successfully prove the case." (Opp. at 14–15).

Plaintiff has therefore met his burden of establishing the probability of prevailing on the favorable termination element.

### 2.     Probable Cause

"When . . . the claim of malicious prosecution is based upon the initiation of a criminal prosecution, the question of probable cause is whether it was objectively reasonable for the defendant . . . to suspect the plaintiff . . . had committed a crime." *Ecker v. Raging Waters Groups, Inc.*, 87 Cal. App. 4th 1320, 1331, 105 Cal. Rptr. 2d 320 (2001).  "[U]nder California law, the indictment itself created a prima facie presumption that probable cause existed for the underlying prosecution.  Although the presumption may be rebutted if the indictment was based on false evidence." *Roberts*, 660 F.3d at 1166 (internal citations and quotation marks omitted).  There would be no probable cause "because, in such a case, the defendant would know of *no* facts that could provide reason to suspect the plaintiff of wrongdoing." *Id.* at 1164 (emphasis in original).

"When the evidence bearing on the question of probable cause is in conflict, it is the province of the jury to determine whether facts exist which will warrant or reject an inference of probable cause." *Greene v. Bank of Am.*, 216 Cal. App. 4th 454, 465, 156 Cal. Rptr. 3d 901(2013) (quoting *Centers v. Dollar Markets*, 99 Cal. App. 2d 534, 541(1950)).  There is a conflict of evidence as to the facts known to Defendant Girardi when she contacted the Secret Service to report that charges and transactions made to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-07120-MWF (SKx)  **Date:** February 27, 2024
Title: Christopher Psaila v. Erika Girardi et al

her AMEX card by Plaintiff and Marco Marco were fraudulent and not authorized. If she fabricated the entire predicate for her claim, she did not have probable cause.

Plaintiff argues that his evidence suggests that the EG Defendants fabricated the claim that Plaintiff defrauded Defendant Girardi by initiating unauthorized charges to her AMEX card. (Opp. at 17). Plaintiff provides a combination of invoices, order forms, text messages, emails, proof of delivery receipts, social media posts, and photographic evidence of both the seven transactions named in the indictment filed against him and 132 transactions between Defendant Girardi and Marco Marco. (Psaila Declaration (Docket No. 47-1) ¶ 57; Exhibit 1A (Docket No. 47-2); Exhibit 1B (Docket No. 47-3)).

Based on the evidence, a jury could decide that Defendant Girardi had access to text messages, email, and social media posts that would coincide with at a minimum the seven charges used in the indictment against Plaintiff. Therefore, a jury could find that the evidence establishes that Defendant Girardi relied upon facts which she "ha[d] no reasonable cause to believe to be true." *Sangster v. Paetkau*, 68 Cal. App. 4th 151, 164, 80 Cal. Rptr. 2d 66 (1998).

Plaintiff has therefore met his burden of establishing the probability of prevailing on the probable cause element.

### 3. Malice

"Cases dealing with actions for malicious prosecution against private persons require that the defendant has at least sought out the police or prosecutorial authorities and falsely reported facts to them indicating that plaintiff has committed a crime." *Holland v. City of San Francisco*, No. 19-CV-02545-SI, 2020 WL 1322925, at *2 (N.D. Cal. Mar. 21, 2020) (quoting *Sullivan v. County of Los Angeles*, 12 Cal. 3d 710, 720, 117 Cal. Rptr. 241 (1974)). "[I]f the defendant had no substantial ground for believing in the plaintiff's guilt, but, nevertheless, instigated proceedings against the plaintiff, it is logical to infer that the defendant's motive was improper." *Greene*, 216 Cal. App. 4th at 464–65 (quoting 5 Witkin, Summary of Cal. Law (10th ed. 2005) Torts, § 485, p. 710). Plaintiff presented evidence which would allow a jury to find

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**Case No.** CV 23-07120-MWF (SKx)          **Date:** February 27, 2024

Title: Christopher Psaila v. Erika Girardi et al

---

that Defendant Girardi knew her allegations against Plaintiff were false, making her claims against Plaintiff improper. (*See* Exhibit 1A; Exhibit 1B).

    Plaintiff has therefore met his burden of establishing the probability of prevailing on the malice element.

    Accordingly, the Motion is **DENIED**.

    The EG Defendants shall file an answer by **March 19, 2024**.

    IT IS SO ORDERED.