1   HARVINDER S. ANAND (SBN 243913)
    ANAND LAW GROUP, P.C.
2   301 N. Lake Avenue, Suite 600
    Pasadena, California 91101
3   Phone: (626) 239-7250
    Fax: (626) 239-7150
4   Email: harv@anandlawgroup.com

5   Attorneys for Defendant
    LORENZO ROBERT SAVAGE III
6

7

8                  **UNITED STATES DISTRICT COURT**

9          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

10

11   CHRISTOPHER PSAILA,              Case No. 2:23-cv-07120 MWF (SKx)

12                                    Honorable Michael W. Fitzgerald
                Plaintiff,
13                                    **DEFENDANT ROBERT SAVAGE'S
         v.                           REPLY IN SUPPORT OF MOTION
14                                    TO DISMISS COMPLAINT**

15   ERIKA GIRARDI aka ERIKA          Complaint served: 9/12/2023
     JAYNE, AMERICAN EXPRESS
16   COMPANY, ROBERT SAVAGE,          Hearing:
     KENNETH HENDERSON, STEVE         Date: April 8, 2024
17   SCARINCE, PETER GRIMM, LAIA      Time: 10:00 a.m.
     RIBATALLADA, MICHAEL             Courtroom: 5A
18   MINDEN, and DOES 1 TO 10,
     Inclusive,
19

20
                Defendants.
21

22

23

24

25

26

27

28

-1-

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

1        Defendant Lorenzo Robert Savage III, sued herein as Robert Savage, hereby

2  respectfully submits the attached reply memorandum of points and authorities in

3  support his motion to dismiss Plaintiff Christopher Psaila's Complaint.

4  Dated: March 22, 2024           Respectfully submitted,

5                                     ANAND LAW GROUP, P.C.

6                                     By: _/s/ Harvinder S. Anand_____

7                                     HARVINDER S. ANAND

8                                     Attorneys for Defendant

9                                     Lorenzo Robert Savage III

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES..........................................1

I.    Introduction ...................................................................1

II.   Through His Silence, Plaintiff Concedes the Complaint Is Filled with
      Conclusions To Compensate for the Absence of Facts..................1

III.  Plaintiff's *Bivens* Claim Is Implausible Because Plaintiff Had No
      Constitutional Right To Avoid Investigation, SAIC Savage Only
      Asked Other Agents To Investigate, and SAIC Savage Played No Role
      in Plaintiff's Investigation or Prosecution.........................3

      A.    Plaintiff Had No Right To Avoid Criminal Investigation ...................4

      B.    The Complaint Does Not Allege "Direct" Conduct by SAIC
            Savage ...........................................................5

      C.    Plaintiff Concedes His Bribery Allegation Is Baseless Because
            He Ignored Numerous Legal Points in the Motion..................5

      D.    Plaintiff Repeatedly Asks the Court To Draw Unwarranted
            Inferences .......................................................6

      E.    Plaintiff Invokes the Summary Judgment Standard Because He
            Cannot Meet Even the Minimum Pleading Standard .........7

      F.    Plaintiff's Attorney's Admission that Plaintiff Overcharged the
            Girardis by More than $100,000 Is an Evidentiary Admission
            the Court Can Consider in Deciding a Motion to Dismiss ................8

      G.    Plaintiff Does Not State a Fifth Amendment Violation Because
            there Was No *Brady* Evidence and there Can Be No *Brady*
            Violation without a Trial.........................................9

      H.    Plaintiff Does Not State a Fourth Amendment Violation Because
            SAIC Savage Was Not Involved in Obtaining the Search
            Warrant..........................................................11

      I.    Plaintiff Does Not State a *Bivens* Malicious Prosecution Claim........14

IV.   SAIC Savage Is Entitled To Qualified Immunity ........................16

---

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

1

## <u>TABLE OF CONTENTS</u>
### <u>(continued)</u>

<u>**Page**</u>

V.    A *Bivens* Claim Does Not Exist .................................................................. 16

VI.   The Court Should Consider Dismissing the Complaint without
      Leave To Amend ............................................................................................ 18

VII.  Conclusion ...................................................................................................... 19

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

1

## **TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases:**

4   *Am. Title Ins. Co. v. Lacelaw Corp.,*

5      861 F.2d 224 (9th Cir. 1988) ...................................................................... 8

6   *Aponte v. Calderon,*

7      284 F.3d 184 (1st Cir. 2002) ................................................................ 4

8   *Arpaio v. Obama,*

9      797 F.3d 11 (D.C. Cir. 2015) ........................................................... 6, 11

10  *Ashcroft v. Iqbal,*

11      556 U.S. 662 (2009) ......................................................................... 5

12  *Barts v. Joyner,*

13      865 F.2d 1187 (11th Cir. 1989) ...................................................... 15

14  *Bell Atl. Corp. v. Twombly,*

15      550 U.S. 544 (2007) ......................................................................... 3

16  *Best Fresh LLC v. Vantaggio Farming Corp.,* No. 321CV00131BENWVG,

17      2021 WL 5444755 (S.D. Cal. Sept. 20, 2021) .................................... 8

18  *Clegg v. Cult Awareness Network,*

19      18 F.3d 752 (9th Cir. 1994) .................................................................. 6

20  *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.,*

21      911 F.2d 242 (9th Cir. 1990) ........................................................... 18

22  *Dilorenzo v. Costco Wholesale Corp.,* No. C06-0727C,

23      2006 WL 2290729, at *1 (W.D. Wash. Aug. 9, 2006) ....................... 6

24  *Egbert v. Boule,*

25      596 U.S. 482 (2022) ................................................................... 16, 17

26  *Farah v. Weyker,*

27      926 F.3d 492 (8th Cir. 2019) ........................................................ 17, 18

28

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

**Cases (continued):**

*Flores v. Satz,*
    137 F.3d 1275 (11th Cir. 1998) ........................................................... 10

*Franks v. Delaware,*
    438 U.S. 154 (1978) ........................................................................... 13

*Ganek v. Leibowitz,*
    874 F.3d 73 (2d Cir. 2017) .................................................................. 12

*Harrington v. Cty. of Suffolk,*
    607 F.3d 31 (2d Cir. 2010) .................................................................... 4

*Hartman v. Moore,*
    547 U.S. 250 (2006) ......................................................... 10, 14, 15, 16

*Hernandez v. Mesa,*
    140 S. Ct. 735 (2020) .......................................................................... 17

*In re Gilead Scis. Sec. Litig.,*
    536 F.3d 1049 (9th Cir. 2008) ...................................................... *passim*

*Littell v. United States,*
    191 F. Supp. 2d 1338 (M.D. Fla. 2002) ............................................... 4

*Livers v. Schenck,*
    700 F.3d 340 (8th Cir. 2012) .............................................................. 10

*Mitchell v. Forsyth,*
    472 U.S. 511 (1985) ........................................................................... 16

*Morgan v. Gertz,*
    166 F.3d 1307 (10th Cir. 1999) .......................................................... 10

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**Cases (continued):**

*Papasan v. Dometic Corp.*, No. 16-CV-02117-HSG,
    2017 WL 4865602 (N.D. Cal. Oct. 27, 2017)............................................*passim*

*Pettibone v. Russell*,
    59 F.4th 449 (9th Cir. 2023)..................................................16, 17, 18

*Shwarz v. United States*,
    234 F.3d 428 (9th Cir. 2000).........................................................13, 14

*Smiddy v. Varney*,
    665 F.2d 261 (9th Cir. 1981), *overruled in part on other grounds as*
    *recognized by Gonzalez v. Cty. of Los Angeles*, No. 22-55386,
    2023 WL 5951015 (9th Cir. Sept. 13, 2023) (unpublished) ...........10, 11, 15, 16

*Spreadbury v. Bitterroot Pub. Libr.*,
    862 F.Supp.2d 1054 (D. Mont. 2012) ....................................................4

*Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*,
    802 F.Supp.2d 1125 (C.D. Cal. 2011).....................................................2

*Strickler v. Greene*,
    527 U.S. 263 (1999) .............................................................10

*Totten v. Merkle*,
    137 F.3d 1172 (9th Cir. 1998)...................................................8

*United States v. Brooklier*,
    685 F.2d 1208 (9th Cir. 1982)..................................................13

*United States v. Buffington*,
    815 F.2d 1292 (9th Cir. 1987)..................................................11

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**Cases (continued):**

*United States v. Perkins*,
    850 F.3d 1109 (9th Cir. 2017) ................................................................. 13

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .................................................................. 8

*United States v. Trayer*,
    898 F.2d 805 (D.C. Cir. 1990) ................................................................ 4

*United States v. Williams*,
    504 U.S. 36 (1992) ............................................................................. 11

*Vasquez v. Los Angeles Cty.*,
    487 F.3d 1246 (9th Cir. 2007) ................................................................ 7

*Women's Recovery Ctr., LLC v. Anthem Blue Cross Life & Health Ins. Co.*,
    No. 820CV00102JWHADS,
    2023 WL 3143433, (C.D. Cal. Mar. 13, 2023) ................................................. 12

*Ziglar v. Abbasi*,
    137 S. Ct. 1843 (2017) ......................................................... 14 n.6, 17

**Statutes and Rules:**

18 U.S.C. § 201 ................................................................................ 6

Federal Rule of Evidence 801(d)(2) ............................................................ 8

-vi-

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     Introduction.

Plaintiff continues pressing his *Bivens* claim even after being confronted with a flaccid factual record and overwhelming legal authorities showing the claim is frivolous.  The motion to dismiss debunked Plaintiff's bribery claim, showed that Mr. Savage played no role in Plaintiff's criminal investigation, and established that Plaintiff's claim is nowhere close to plausible.  Unable to overcome those points, Plaintiff continues citing hyperbolic conclusions in his complaint that must be ignored, proposing that the Court draw unwarranted "inferences" to fill the factual void in his pleading, and ignoring numerous legal authorities when he has no response, which concedes that all those legal points are correct.[1]

Plaintiff not only has no basis to sue Mr. Savage, but he has gone to great lengths to manufacture a baseless claim, including by shockingly relying on outright falsehoods.  Given Plaintiff's accusations in this matter, his approach against Mr. Savage is beyond ironic.  The complaint should be dismissed.

### II.    Through His Silence, Plaintiff Concedes the Complaint Is Filled with Conclusions To Compensate for the Absence of Facts.

Section II of the Motion establishes that virtually all the complaint allegations against Mr. Savage are legal conclusions to mask the complete absence of facts showing that Mr. Savage played any role in his criminal case.  (Mot., at 6:5-12:26.)  Section IV thus asks the Court to start its analysis by stripping and disregarding Plaintiff's naked assertions and conclusions.  (*Id.*, at 13:15-16:19.)

Plaintiff does not dispute that Section II accurately summarizes his complaint allegations or that his pleading is filled with numerous conclusions the Court should ignore.  (*See* Opposition ("Opp.").)  Plaintiff concedes those issues because he has no response.  *E.g., Papasan v. Dometic Corp.*, No. 16-CV-02117-

---

[1]     All terms herein have the same meaning as in the Motion to Dismiss ("Motion" or "Mot.").

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

1  HSG, 2017 WL 4865602, at *18 (N.D. Cal. Oct. 27, 2017) (collecting cases

2  explaining that a party who fails to respond to an argument raised in a motion to

3  dismiss concedes the argument); *see also Stichting Pensioenfonds ABP v.*

4  *Countrywide Fin. Corp.*, 802 F.Supp.2d 1125, 1132 (C.D. Cal. 2011) (same).

5         Instead of responding to Sections II and IV of the Motion, Plaintiff lists 49

6  complaint paragraphs in a footnote that he contends contain "allegations against"

7  Mr. Savage.  (Opp., at 3 n.2.)  But all those paragraphs together allege a total of

8  two facts about what SAIC Savage himself did after Ms. Girardi reported credit

9  card fraud to him: (1) SAIC Savage told Agents Henderson and Scarince to

10  investigate her complaint (Compl., at 18:13-16, 20:20-21), which is actually true;

11  and (2) SAIC Savage "emailed Defendant Grimm of AMEX requesting a call to

12  discuss the case" (*id.*, at 24:1-3), which is untrue.  Regardless, immediately

13  following the second allegation, Plaintiff states that "Defendant Grimm emailed

14  Defendant Henderson," not SAIC Savage (*id.*, at 24:4-6), which shows that even

15  Plaintiff does not allege SAIC Savage had any other involvement with AMEX.

16  The rest of the 49 paragraphs are filled with conclusory, hyperbolic allegations to

17  compensate for Plaintiff's inability to plead facts against Mr. Savage.

18         The Motion explains that "Plaintiff would have alleged additional facts

19  against Mr. Savage if he had them because Plaintiff received more than 3,500

20  pages of discovery from the government in his criminal case." (Mot., at 3:15-18.)

21  Plaintiff claims he "is not in possession of the over 3500 pages . . . previously

22  produced to criminal defense counsel" "except for a small number of documents."[2]

23  (Opp., at 10:18-19.)  Plaintiff misses the point.  One of Plaintiff's current

24  attorneys, Mr. Stanley Greenberg, is his former criminal defense counsel.  Plaintiff

25  still has direct access to all information known by his former criminal attorney.

26

27  [2]       The Court may ignore counsel's declaration filed in support of Plaintiff's
28  opposition to Agents Henderson's and Scarince's motion to dismiss (Dkt. No. 78-
   1) because those assertions are outside the complaint.

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

Moreover, Plaintiff received the discovery in June 2018 (Mot., at 7:18-19) and he had the documents for years before filing the complaint.  Plaintiff surely would have pleaded facts against Mr. Savage if any he had.  Having none, Plaintiff resorts to larding his complaint with innuendo, legal conclusions, and even outright falsehoods.

For example, Plaintiff simply made up out of whole cloth the bribery claim, a legal conclusion contradicted by his own factual allegations.  (Mot., at 14:1-15:28; *see also infra*, Section III.C.)  As another example, Plaintiff contends that "false reports were intentionally ratified by" SAIC Savage (Compl., at 40:1-2) without alleging that SAIC Savage reviewed or approved a single Secret Service report in this matter (*see* Compl.).  Most egregiously, Plaintiff remarkably again contends—without a *single* supporting fact—that SAIC Savage "fabricated evidence that was used to prosecute Plaintiff."  (Opp., at 15:4-5.)  Plaintiff himself is the one who is maliciously fabricating allegations in a desperate attempt to make out a non-existent claim.

Plaintiff is required to allege facts that "possess enough heft to show that the pleader is entitled to relief."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotations and alteration omitted).  Plaintiff does not come within a country mile of meeting that standard.

**III.**   **Plaintiff's *Bivens* Claim Is Implausible Because Plaintiff Had No Constitutional Right To Avoid Investigation, SAIC Savage Only Asked Other Agents To Investigate, and SAIC Savage Played No Role in Plaintiff's Investigation or Prosecution.**

Plaintiff claims that Mr. Savage "was responsible for the Secret Service investigation, and that without his actions, Plaintiff never would have been investigated without probable cause," which Plaintiff refers to as the "essential facts."  (Opp. at 3:4-7.)  Plaintiff's contention is as factually baseless as it is legally wrong.  Plaintiff has not pleaded either a Fourth or Fifth Amendment violation

against Mr. Savage.  Nor has he pleaded any fact or legal basis to show Mr. Savage maliciously prosecuted him.  Plaintiff simply cannot make that showing because it is patently untrue.

   A. <u>Plaintiff Had No Right To Avoid Criminal Investigation</u>.

  Plaintiff incorrectly claims that SAIC Savage did something wrong by "directing Defendants Henderson and Scarince to immediately investigate" Ms. Girardi's credit card fraud complaint, which Plaintiff goes far as to call an "extraordinary step."  (Opp., at 4:25-26.)  Plaintiff misunderstands the law.

  "[O]f course, there is no constitutional right to be free of investigation." *United States v. Trayer*, 898 F.2d 805, 808 (D.C. Cir. 1990); *see also Aponte v. Calderon*, 284 F.3d 184, 193 (1st Cir. 2002) ("[I]nvestigations, alone, do not trigger due process rights."); *Spreadbury v. Bitterroot Pub. Libr.*, 862 F.Supp.2d 1054, 1057 (D. Mont. 2012) ("There is no constitutional right not to be investigated by law enforcement for suspected violations of the law.") (citing cases).  Rather, "the duty to investigate criminal acts (or possible criminal acts) almost always involves a significant level of law enforcement discretion." *Harrington v. Cty. of Suffolk*, 607 F.3d 31, 35 (2d Cir. 2010); *Littell v. United States*, 191 F.Supp.2d 1338, 1345 (M.D. Fla. 2002) ("The overwhelming consensus of federal case law establishes that criminal law enforcement decisions—investigative and prosecutorial alike—are discretionary in nature.") (internal quotations omitted).

  Like any other investigation, the purpose of investigating Plaintiff was to ascertain the facts.  Plaintiff undermines his own theory of a conspiracy to maliciously prosecute Plaintiff—which he calls the "predicate" for his entire claim (Opp., at 16:16-19)—by alleging that "Erika Girardi made and caused her assistants . . . to make" "false accusations" to the Secret Service against Plaintiff (Compl., at 4:22-24).  There would have been no reason for Ms. Girardi to lie if there was some grand conspiracy as Plaintiff contends.  And Plaintiff does not and

cannot allege a single fact showing SAIC Savage knew Ms. Girardi was lying, if in fact that is true.

B.   The Complaint Does Not Allege "Direct" Conduct by SAIC Savage.

Plaintiff's contention that his complaint "alleges **direct** conduct by Defendant Savage that caused violations of Plaintiff's constitutional rights" (Opp., at 4:10-11 (emphasis in original)) is plainly wrong.  Plaintiff's two alleged facts about actions SAIC Savage took after Ms. Girardi reported credit card fraud to him (*see supra*, Section II; *see also* Mot., at 6:5-11:19; 16:1-18:25 & n.3) are clearly insufficient to establish a *Bivens* claim.  Plaintiff's attempts to lump Mr. Savage with other defendants fail.[3]  Plaintiff continues ignoring controlling law holding that "a plaintiff must plead that each Government-official defendant, through the official's own individual *actions*, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (emphasis added).  Plaintiff also does not come within a country mile of meeting that standard.

C.   Plaintiff Concedes His Bribery Allegation Is Baseless Because He Ignored Numerous Legal Points in the Motion.

The Motion established *inter alia* that Plaintiff's bribery allegation is an unsupported legal conclusion and that it is contradicted by his own factual allegations.  (Mot. at 14:1-15:28.)  Plaintiff did not respond to any of those legal points (*see* Opp., at 4:16-22, 11:13-12:14), thereby conceding them, *e.g., Papasan*, 2017 WL 4865602, at *18.

Instead, Plaintiff keeps claiming there was a "quid pro quo agreement" (Opp. at 4:17, 11:15-19) while ignoring and contradicting his own factual allegations that Mr. Girardi provided Mr. Savage legal services while "represent[ing] [him] in a lawsuit against Volkswagen where Savage was a plaintiff" (Compl., at 5:26-27), that Mr. Savage received a $7,500 settlement offer

---

[3]   Nothing herein or in the Motion implies Agent Henderson or Agent Scarince did anything wrong.

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

through prior counsel before he engaged Mr. Girardi (*id.* at 20:12-16), and that Mr. Girardi paid Mr. Savage that exact same sum of money "to compensate Mr. Savage for his damages in the Volkswagen suit" (*id.* at 6:3-4; *see also id.*, at 52:22-26). Accordingly, Plaintiff himself proves the payment was not for performance of an official duty.  (Opp., at 12:8-11 (citing 18 U.S.C. § 201).)

Bribery is not a "fair and plausible inference" (Opp. at 11:20) because a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged," *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Nor is the Court "required to draw [a bribery] inference" (Opp. at 11:21-22). S*ee, e.g., Iqbal*, 556 U.S. at 682 (concluding "purposeful, invidious discrimination" was not a "plausible conclusion" given "obvious alternative explanation" for arrests); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) ("Nor is the court required to accept as true allegations that are . . . unwarranted deductions of fact or unreasonable inferences.").  Plaintiff has no response for that point, among others.  *Papasan*, 2017 WL 4865602, at *18.

D.    Plaintiff Repeatedly Asks the Court To Draw Unwarranted Inferences.

Plaintiff repeatedly asks the Court to draw "fair inferences."  But Plaintiff's "fair inferences" are really yet more unsupported and unreasonable conclusions to fill the factual void in his complaint.

For example, Plaintiff has it exactly upside down in claiming that "it is reasonable to infer that . . . [SAIC] Savage actively participated in key investigatory decisions."  (Opp. at 5:13-14.)  Plaintiff's two alleged facts against Mr. Savage (*see supra*, Section II) prove that he played no role in Plaintiff's investigation.  Courts do not "accept inferences that are unsupported by the facts set out in the complaint."  *Arpaio v. Obama*, 797 F.3d 11, 19 (D.C. Cir. 2015); *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055; *Dilorenzo v. Costco Wholesale Corp.*,

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

No. C06-0727C, 2006 WL 2290729, at *1 (W.D. Wash. Aug. 9, 2006) ("[A] court's obligation to construe allegations in the light most favorable to the nonmoving party does not mean that those allegations must be construed in a light favorable to the nonmoving party, if such a construction cannot reasonably be made."). The Ninth Circuit has "consistently emphasized . . . that conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss." *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotations omitted). If Plaintiff had facts to plead from the more than 3,500 pages of discovery he had for years, he would have alleged them. He has none because they simply do not exist.

Equally unavailing are Plaintiff's claims that SAIC Savage "recklessly disregarded" records seized under the search warrant. (Opp. 7:14-18.) Plaintiff does not allege, nor could he, that SAIC Savage reviewed a single page seized under the warrant. (Compl.) Here again, Plaintiff continues ignoring that he "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

E.    Plaintiff Invokes the Summary Judgment Standard Because He
       Cannot Meet Even the Minimum Pleading Standard.

Plaintiff wrongly claims that the Motion invokes the summary judgment standard. (Opp. at 10:6-8.) The Motion states that Plaintiff "makes no factual assertion" to support his many conclusions. (Mot., at 24:14; *see also id.* at 1:22-23 ("complaint's few factual allegations"), at 15:18 ("devoid of factual support"), at 18:6 ("does not make any factual allegation"), at 19:7 ("insufficient to state a claim").)

///

///

///

///

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

F.      Plaintiff's Attorney's Admission that Plaintiff Overcharged the
        Girardis by More than $100,000 Is an Evidentiary Admission the
        Court Can Consider in Deciding a Motion to Dismiss.

Plaintiff incorrectly complains that the Motion should not have quoted
Plaintiff as "admit[ting] [in a recorded conversation] that he owe[d] [Ms. Girardi]
. . . just over $100,000." (Mot., at 3:2-4 (citing Dkt. No. 32-1, at 1:22-26 [Decl. of
M. Bednarski]).) (*See* Opp., at 14:8-9.) The Court can consider that statement as
an undisputed evidentiary admission by Plaintiff.

Courts are permitted to consider undisputed facts contained in judicially
noticeable documents without converting a motion to dismiss into a summary
judgment motion. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003);
*see also Best Fresh LLC v. Vantaggio Farming Corp.*, No.
321CV00131BENWVG, 2021 WL 5444755, at *1 n.1 (S.D. Cal. Sept. 20, 2021)
(same). Even "statements of fact contained in a brief may be considered
admissions of the party in the discretion of the district court." *Am. Title Ins. Co. v.
Lacelaw Corp.*, 861 F.2d 224, 227 (9th Cir. 1988). Moreover, courts "need not . . .
accept as true allegations that contradict matters properly subject to judicial notice
or by exhibit." *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055. A statement made
by a party's attorney qualifies as a party-admission under Federal Rule of Evidence
801(d)(2). *Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998).

Plaintiff should not complain about the Motion quoting his own words,
which are in a declaration filed by his attorney in this matter. (Dkt. No. 32-1, at
1:22-26.) Plaintiff's December 14, 2016, admission that he owed Ms. Girardi "just
over $100,000" was highly relevant to the Secret Service's investigation and it
likely was a big reason Agent Henderson was able to obtain a search warrant 26
days later (Mot., at 4:17-28), and also likely one of the reasons he was indicted.
Plaintiff's omission of that highly inculpatory statement from his complaint was
likely strategic and indeed his complaint is false because he claims the Secret

-8-

1    Service Agents, including SAIC Savage, "bullied" and "cowed" Plaintiff "into
2    agreeing he overcharged Erika Girardi."  (*Id.*, at 4:2-16.)

3        SAIC Savage had nothing to do with Plaintiff's investigation and he
4    certainly did not "bully" or "cow" Plaintiff into saying anything.  Plaintiff has no
5    right to make false claims about Mr. Savage or present a false narrative to the
6    Court.  He especially should not ask the Court to ignore undisputed facts that
7    contradict his false allegations.[4]  *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055.
8    Mr. Savage respectfully requests that the Court consider Plaintiff's undisputed
9    admission in deciding the Motion.

10       G.    Plaintiff Does Not State a Fifth Amendment Violation Because there
11            Was No *Brady* Evidence and there Can Be No *Brady* Violation
12            without a Trial.

13       Plaintiff does not state a Fifth Amendment violation.  The Motion
14   established that "the professional relationship between Messrs. Savage and Girardi
15   [was] irrelevant because Mr. Savage was not a percipient witness, he played no
16   role in Plaintiff's investigation and prosecution, he would not have been a witness
17   at trial, and Plaintiff did not even have a trial."  (Mot., at 19:9-12.)  "Accordingly,
18   there was no *Brady* evidence and there was no *Brady* violation."  (*Id.*, at 19:12-18
19   (citing cases).)  "The government is not required to present *Brady* evidence to a
20   grand jury."  (*Id.*, at 19:18-20 (citing cases).)

21       Plaintiff ignored all of the foregoing points, conceding them.  *Papasan*, 2017
22   WL 4865602, at *18.  Instead, Plaintiff cites the general proposition "that *Brady*
23   obligations extend beyond the prosecutor and obligated law enforcement officers

24   _____

25   [4]    Plaintiff claims without a single supporting fact that SAIC Savage sent Ms.
     Girardi to record a conversation with Plaintiff.  (Opp. at 5:6-8.)  Even assuming
26   *arguendo* SAIC Savage played some role in recording Plaintiff, that was a valid,
     commonly used investigative technique.  Given that Plaintiff did not know he was
27   being recorded, the Secret Service could not have "bullied" or "cowed" Plaintiff.
     Plaintiff's real complaint about his inculpatory recording is that it completely
28   undermines his case.  Plaintiff's complaint thus seeks to hide the truth.

-9-

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

to turn over exculpatory evidence as well." (Opp., at 14:27-15:1.)  But aside from the fact there was no *Brady* evidence here (a point Plaintiff does not address), it is settled that *Brady* is only violated when "there is a reasonable probability that the suppressed evidence would have produced a different *verdict*." *Strickler v. Greene*, 527 U.S. 263, 281 (1999) (emphasis added); *see also*, *e.g., Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999) (explaining that where "all criminal charges were dismissed prior to trial[,] . . . courts have held universally that the right to a fair trial is not implicated and, therefore, no cause of action exists under § 1983"); *Livers v. Schenck*, 700 F.3d 340, 359 (8th Cir. 2012) (rejecting applicability of *Brady* to pretrial proceedings); *Flores v. Satz*, 137 F.3d 1275, 1278 (11th Cir. 1998) (refusing to find a *Brady* violation where the defendant "was never convicted and, therefore, did not suffer the effects of an unfair trial").  There can be no *Brady* violation here.

Plaintiff repeatedly claims without any legal authority or factual basis that "without [SAIC Savage's] actions, Plaintiff never would have been investigated or indicted without probable cause." (*E.g.,* Opp., at 3:6-7.)  Plaintiff had no right to avoid criminal investigation.  (*See supra*, Section III.A.)  His own inculpatory admission of overcharging Ms. Girardi by "over $100,000" likely was a significant reason why he was indicted, another point Plaintiff does not address.

The "[f]iling of a criminal [indictment] immunizes investigating officers . . . from damages suffered thereafter because it is presumed that the prosecutor filing the complaint exercised independent judgment in determining that probable cause for an accused's arrest exists at that time." *Smiddy v. Varney*, 665 F.2d 261, 266 (9th Cir. 1981), *overruled in part on other grounds as recognized by Gonzalez v. Cty. of Los Angeles*, No. 22-55386, 2023 WL 5951015, at *2 (9th Cir. Sept. 13, 2023) (unpublished) (citing *Hartman v. Moore*, 547 U.S. 250 (2006)); (*see also infra*, Section III.I).

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

Moreover, "an indictment regular on its face and returned by a legally constituted and unbiased grand jury is presumed to be valid; the party challenging this presumption faces a heavy burden." *United States v. Buffington*, 815 F.2d 1292, 1304 (9th Cir. 1987). "[A] challenge to the reliability or competence of the evidence presented to the grand jury will not be heard." *United States v. Williams*, 504 U.S. 36, 54 (1992) (internal quotations omitted). Accordingly, Plaintiff's claims that SAIC Savage knew "four key aspects of the Indictment were false" are not only factually untrue, but legally irrelevant.[5] The government independently prepared the indictment and decided what charges to file. *Smiddy*, 665 F.2d at 266. SAIC Savage had nothing to do with Plaintiff's indictment or prosecution.

The Motion also established that there was no *Henthorn* violation because SAIC Savage was not a testifying witness and Plaintiff's case was dismissed one month before the government's *Henthorn* disclosures were due. (Mot., at 19:20-20:3.) Plaintiff also conceded those points with his non-response. *Papasan*, 2017 WL 4865602, at *18.

H.   <u>Plaintiff Does Not State a Fourth Amendment Violation Because SAIC Savage Was Not Involved in Obtaining the Search Warrant</u>.

Plaintiff incorrectly claims that "it is a fair inference that Savage was personally involved with obtaining a search warrant for Plaintiff's business." (Opp. at 6:12-13.) This is yet another one of Plaintiff's unsupported and unwarranted "inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055; *Arpaio*, 797 F.3d at 19. "Other than a single bald assertion on 'information and belief' that SAIC Savage 'endorsed and approved' the search warrant application, Plaintiff

---

[5]   Plaintiff "incorporates by reference" arguments set forth in his opposition to Agents Henderson's and Scarince's motion to dismiss. (Opp., at 14:17-20.) Plaintiff made the "four key aspects" argument in that opposition. (Dkt. No. 78, at 12-9-20.)

Plaintiff's incorporation by reference adds 1,334 words to his brief, making it in excess of 7,000 words. (*See also infra*, note 7.)

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

1   does not contend that SAIC Savage played any role in drafting, reviewing, or

2   approving the search warrant affidavit."  (Mot. at 8:8-11 (citing Compl., at 24:25-

3   26).)  Plaintiff did not respond to that point because he cannot dispute it.

4        Plaintiff also ignores that he has "to plead facts showing each supervisor

5   defendant's personal involvement in the submission of an intentionally or

6   recklessly false statement to the magistrate judge" in a search warrant application.

7   *Ganek v. Leibowitz*, 874 F.3d 73, 92 (2d Cir. 2017) (cited in Mot., at 18:19-25).

8   Even an allegation—which Plaintiff does not and cannot make here—that "the

9   search had been carefully considered at the highest levels" of the Secret Service

10  would "not [be] enough to admit an inference that supervisors knew or should have

11  known that a statement in the warrant affidavit, attributed to [to the witness], was

12  false."  *Id.*  Plaintiff has no response, also conceding those points.  *Women's*

13  *Recovery Ctr., LLC v. Anthem Blue Cross Life & Health Ins. Co.*, No.

14  820CV00102JWHADS, 2023 WL 3143433, at *4 (C.D. Cal. Mar. 13, 2023)

15  ("Plaintiffs fail to respond to that argument, so the Court deems Plaintiffs to have

16  conceded the point.").

17       Plaintiff claims in a footnote that there is a factual dispute about SAIC

18  Savage's involvement with the search warrant (Opp., at 7 n. 5), but that is not true.

19  Plaintiff alleges facts as to the other agents' involvement with the search warrant

20  but none as to SAIC Savage because there is nothing to allege.  (Mot., at 8:8-11

21  (citing Compl., at 24:25-26); *see also supra*, Section II.)

22       Plaintiff flagrantly makes up out of whole cloth that SAIC Savage

23  "fabricated evidence that was used to prosecute Plaintiff."  (Opp., at 15:4-5.)

24  Plaintiff claims that the "complaint [includes such an] allegation" (Opp., at 15:4),

25  but he notably does not include any citation to the complaint (*id.*, at 15:4-6).  The

26  complaint does allege the existence of "fabricated evidence" (Compl., at 9:3-6) and

27  similar allegations (*see id.*, at 51:26-52:3, 56:26-57:1).  But, tellingly, none of

28  those complaint paragraphs includes a single factual averment, nor could they, to

-12-

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

1  support Plaintiff's bogus allegations.  These outright multiple false claims by

2  Plaintiff about SAIC Savage purportedly fabricating evidence in this case are as

3  disturbing as they are untrue.

4      Finally, solely assuming for argument that SAIC Savage had some

5  involvement with the search warrant, Plaintiff has not pleaded the facts necessary

6  to show that the warrant was issued without probable cause, making his *Bivens*

7  claim legally deficient for this reason as well.  "There is, of course, a presumption

8  of validity with respect to the affidavit supporting the search warrant."  *Franks v.*

9  *Delaware*, 438 U.S. 154, 171 (1978).  To overcome the presumption, a criminal

10 defendant must show "that the affiant officer intentionally or recklessly made false

11 or misleading statements or omissions in support of the warrant and that the false

12 or misleading statement or omission was material, *i.e.*, necessary to finding

13 probable cause."  *United States v. Perkins*, 850 F.3d 1109, 1116 (9th Cir. 2017)

14 (cleaned up).

15     Plaintiff has the same burden to plead a *Franks* violation; without making

16 that showing, there can be no Fourth Amendment violation on which to premise

17 *Bivens* liability.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000)

18 ("Because the issuing court's reliance on the falsehoods in the [agent's supporting]

19 declarations does not undermine its findings of probable cause, the Orders for

20 Entry were valid. Thus, the search and seizure were constitutional, and Appellants'

21 *Bivens* claim was rightly dismissed.").

22     Plaintiff does not meet his pleading burden.  Plaintiff repeatedly claims that

23 the search warrant was issued without probable cause (Compl., ¶ 24:26-25:1), but

24 he does not attach the affidavit or plead how any alleged misrepresentation or

25 omission would have caused the warrant to not issue, "*i.e.*, [that the

26 misrepresentation or omission was] necessary to finding probable cause."  *Perkins*,

27 850 F.3d at 1116; *cf. United States v. Brookler*, 685 F.2d 1208, 1221-22 (9th Cir.

28 1982) ("The defendant must show that the omission was deliberate or made in bad

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

1  faith. . . . Mere negligence in preparing the affidavit . . . is not sufficient to
2  suppress the evidence obtained.").  Plaintiff's strategic decision to omit his
3  inculpatory admission of overcharging Ms. Girardi by "over $100,000" strongly
4  suggests that he cannot plead facts showing that the warrant was issued without
5  probable cause, making his claim legally insufficient.  *Shwarz*, 234 F.3d at 435.
6  That is, plaintiff's admission likely was a substantial basis for establishing
7  probable cause, which is why he omitted it from the complaint.  Plaintiff does not
8  state a Fourth Amendment violation.

9       I.      Plaintiff Does Not State a *Bivens* Malicious Prosecution Claim.
10      The qualified immunity section of Plaintiff's brief (Opp., at 14:16-23)
11  contends that SAIC Savage "maliciously prosecuted Plaintiff in deliberate
12  indifference to his innocence," which he claims is actionable under *Hartman v.*
13  *Moore*, 547 U.S. 250 (2006).  (Opp., at 15:14-21.)  Assuming *arguendo* a *Bivens*
14  claim for malicious prosecution exists,[6] *Hartman* has nothing to do with this case
15  and Plaintiff also does not comply with either that case's or other authorities'
16  pleading requirements.

17      In *Hartman*, the Postal Service inspectors "induc[ed]" criminal prosecution
18  of defendants "in retaliation for [their] speech."  *Id.* at 252.  The trial court
19  acquitted the defendants because "there was a 'complete lack of direct evidence'"
20  against them.  *Id.* at 254.  The issue before the Supreme Court was "whether a
21  plaintiff in a [*Bivens*] retaliatory-prosecution action [under the First Amendment]
22  must plead and show the absence of probable cause for pressing the underlying
23  criminal charges."  *Id.* at 256-57.  The Court held that a *Bivens* plaintiff must

24  _____

25  [6]     Plaintiff admits that "government agents cannot be charged in a state cause
    of action for malicious prosecution."  (Compl., at 66 n.12.)  Plaintiff cites no case
26  permitting a *Bivens* malicious prosecution claim premised on an alleged Fourth or
    Fifth Amendment violation.  The Supreme Court "has consistently refused to
27  extend *Bivens* to any new context or new category of defendants," and "[i]ndeed,
    the Court has refused to do so for the past [now almost 37 years]."  *Ziglar v.*
28  *Abbasi*, 137 S. Ct. 1843, 1857 (2017).

-14-

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

"plead and prove" the absence of probable cause "both to bridge the gap between the nonprosecuting government agent's motive and the prosecutor's action, and to address the presumption of prosecutorial regularity." *Id.* at 263, 265.  Those pleading and proof requirements are necessary because of "the complexity of [proving] causation in a claim that prosecution was induced by an official bent on retaliation." *Id.* at 265.

Plaintiff does not plead, nor could he, that SAIC Savage ever even spoke to the government about this criminal investigation.  (*See* Compl.)  SAIC Savage therefore played no role in Plaintiff's investigation and SAIC Savage certainly did not cause Plaintiff to be charged criminally.  *E.g., Smiddy*, 665 F.2d at 266 (explaining "a showing that the [prosecuting] attorney was pressured or caused by the investigating officers to act contrary to his independent judgment will rebut the presumption" that "the prosecutor filing the [indictment] exercised independent judgment in determining that probable cause [existed for the charge]" and "remove the [officer's] immunity"); *Barts v. Joyner*, 865 F.2d 1187, 1195 (11th Cir. 1989) ("The intervening acts of the prosecutor [and] grand jury . . . —assuming that these court officials acted without malice that caused them to abuse their powers—each break the chain of causation unless plaintiff can show that these intervening acts were the result of deception or undue pressure by the defendant policemen."); *see also Hartman*, 547 U.S. at 252 (stating agents "induc[ed]" criminal prosecution of defendants).

Plaintiff's inculpatory admission that he overcharged Ms. Girardi by "over $100,000" (*see supra*, Section III.F) likely was a significant reason why he was indicted.  Plaintiff claims he is innocent but he omitted his recorded admission from the complaint because, here again, it significantly undermines his entire claim.  The Court should consider Plaintiff's undisputed admission, which negates his innocence claim.  *In re Gilead Scis. Sec. Litig.*, 536 F.3d at 1055 (explaining courts "need not . . . accept as true allegations that contradict matters properly

subject to judicial notice or by exhibit"). In other words, Plaintiff's inculpatory admission provides support for the indictment; Plaintiff thus has not pleaded there was an absence of probable cause for his indictment. *Hartman*, 547 U.S. 265; *see also, e.g., Smiddy*, 665 F.2d at 266. Plaintiff's *Hartman* "claim" fails for this additional reason.

## IV.   SAIC Savage Is Entitled To Qualified Immunity.

Mr. Savage's Motion and Reply have focused on showing that Plaintiff's complaint is factually and legally baseless. Mr. Savage felt it was important to show that Plaintiff has no basis for suing him. Plaintiff does not plead either a Fourth or Fifth Amendment violation by Mr. Savage, or a malicious prosecution claim under *Hartman*, assuming one can even be pleaded. Accordingly, Plaintiff also fails to plead the violation of any clearly established right.

Even if there is a "legitimate question" about the constitutionality of any of SAIC Savage's conduct—respectfully, there is none—"it cannot be said that [such conduct] violates clearly established law." *Mitchell v. Forsyth*, 472 U.S. 511, 535 n.12 (1985). SAIC Savage enjoys qualified immunity to the extent it is necessary.

## V.   A *Bivens* Claim Does Not Exist.

Plaintiff unpersuasively argues that this case does not arise in a new context and that special factors do not counsel against a *Bivens* remedy. (Opp., at 15:24-22:3.)[7]

In assessing whether a context is "new," a court may consider only "the three cases in which the [Supreme] Court has implied a damages action." *Pettibone v. Russell*, 59 F.4th 449, 455 (9th Cir. 2023) (quoting *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022)). The Supreme Court's "understanding of a new

---

[7]   Plaintiff also "incorporates" nine pages of his opposition to Agents Henderson's and Scarince's motion to dismiss (Dkt. No. 78). (Opp., at 16:3-5.) This incorporation adds another 3,044 words to Plaintiff's brief. Combined with his other incorporation (*see supra*, note 5), Plaintiff's brief totals 11,191 words.

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

context is broad." *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020) (internal citations omitted). "A claim may arise in a new context even if it is based on the same constitutional provision as a claim in a case in which a damages remedy was previously recognized." *Id.* The "new-context inquiry is easily satisfied" and "even a modest extension is still an extension." *Abbasi*, 137 S. Ct. at 1864, 1865. "If there is even a single 'reason to pause before applying *Bivens* in a new context,' a court may not recognize a *Bivens* remedy." *Pettibone*, 59 F.4th at 456 (quoting *Egbert*, 142 S. Ct. at 1803). The Supreme Court "has consistently refused to extend *Bivens* to any new context or new category of defendants, and "[i]ndeed, the Court has refused to do so for the past [now almost 37] years." *Abbasi*, 137 S. Ct. at 1857.

These authorities and the authorities cited in the Motion (Mot., at 20:4-25:17) foreclose Plaintiff's arguments. Plaintiff seeks to extend *Bivens* against the former Special Agent in Charge of the Secret Service's Los Angeles field office[8] even though SAIC Savage played no role in his investigation or prosecution, the agents who conducted the investigation obtained a search warrant, and the government independently decided to indict Plaintiff. These factors alone easily make this case a new context. *Abbasi*, 137 S. Ct. at 1864, 1865.

The Ninth Circuit has squarely held that "there are alternative remedial structures in place" because Plaintiff "can report any alleged misconduct to the Inspector General of the Department of Homeland Security, who must either investigate or refer the matter to the Officer for Civil Rights and Civil Liberties." *Pettibone*, 59 F.4th at 456-57; *see also, e.g., Farah v. Weyker*, 926 F.3d 492, 499 (8th Cir. 2019) ("Probing the causal chain in cases like these would involve delving into the evidence before numerous decisionmakers, including federal

---

[8]    Plaintiff's claim that SAIC Savage was in charge of a "branch" office (Opp., at 19:8) is wrong. SAIC Savage was in charge of the Los Angeles Field Office. *See* https://www.secretservice.gov/contact/field-offices (accessed Mar. 22, 2024).

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

investigators, prosecutors, and the grand jury."); *id.* at 500 (finding "the risk of burdening and interfering with the executive branch's investigative and prosecutorial functions . . . would invite a wide-ranging inquiry into the evidence available to investigators, prosecutors, and the grand jury").  Plaintiff does not address *Pettibone's* controlling rule that there are alternative remedial structures in place here or the analysis in *Farah*, conceding those issues.  *E.g., Papasan*, 2017 WL 4865602, at *18.

## VI.     The Court Should Consider Dismissing the Complaint without Leave To Amend.

"[I]n dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. N. California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

Mr. Savage respectfully submits that the complete absence of facts in the complaint, Mr. Savage's total non-involvement in Plaintiff's investigation, and the multitude of legal issues with Plaintiff's theory of the case, together establish that Plaintiff will not be able to plead a plausible claim against Mr. Savage.  Unless Plaintiff presents at the hearing a compelling basis for amending his complaint, the Court should consider dismissing it without leave to amend.

///
///
///
///
///
///
///
///

-18-

**DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT**

**VII.    Conclusion.**

Mr. Savage respectfully requests that the Court dismiss the complaint.[9]

Dated: March 22, 2024                          Respectfully submitted,

ANAND LAW GROUP, P.C.

By:  /s/ Harvinder S. Anand
HARVINDER S. ANAND

Attorneys for Defendant
Lorenzo Robert Savage III

### Certificate of Compliance with Local Civil Rule 11-6.1

I, Harvinder S. Anand, counsel of record for Defendant Lorenzo Robert Savage III, sued herein as Robert Savage, certify that this brief contains 5,751 words, which complies with the word limit of L.R. 11-6.1.

Dated: March 22, 2024                          Respectfully submitted,

ANAND LAW GROUP, P.C.

By:  /s/ Harvinder S. Anand
HARVINDER S. ANAND

Attorneys for Defendant
Lorenzo Robert Savage III

---

[9]    The Motion inadvertently contained 8,147 words, not 8,811 words as Plaintiff claims.  (Opp., at 1 n.1.)  Undersigned counsel sincerely apologizes to the Court for the error.

DEFENDANT ROBERT SAVAGE'S REPLY ISO MOTION TO DISMISS COMPLAINT