EVAN C. BORGES, State Bar No. 128706
 *EBorges@GGTrialLaw.com*
HEEJIN H. HWANG, State Bar No. 349455
 *HHwang@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Defendants Erika Girardi,
Laia Ribatallada, and Michael Minden

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PSAILA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ERIKA GIRARDI aka ERIKA JAYNE, AMERICAN EXPRESS COMPANY, ROBERT SAVAGE,  KENNETH HENDERSON, STEVE  SCARINCE, PETER GRIMM, LAIA RIBATALLADA, MICHAEL MINDEN, and DOES 1 TO 10, Inclusive,<br><br>                    Defendants. | Case No. 2:23-cv-07120-MWF (SKx)<br><br>**ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Judge:  Hon. Michael W. Fitzgerald<br><br>Action Filed:  August 29, 2023<br>Trial Date:  Not Assigned |

Case No. 2:23-cv-07120-MWF (SKx)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, defendants Erika Girardi ("Ms. Girardi"), Laia Ribatallada ("Ms. Ribatallada", and Michael Minden ("Mr. Minden") (collectively the "EG Defendants") hereby respond to the Complaint for Damages ("Complaint") filed by plaintiff Christopher Psaila ("Plaintiff") as follows:

## **RESERVATION OF RIGHTS RE JURISDICTION PENDING APPEAL**

In response to Plaintiff's Complaint, on October 20, 2023, the EG Defendants filed their *Notice of Motion and Special Motion to Strike Pursuant to California anti-SLAPP Statute* ("Special Motion to Strike") (Dkt. 25), which included supporting Declarations of each of the EG Defendants.  By the Special Motion to Strike, the EG Defendants requested that the Court strike and dismiss the only two causes of action in the Complaint against them:  the second cause of action for malicious prosecution; and the fourth cause of action for conspiracy to commit malicious prosecution.  After full briefing by the parties, the Court held a hearing on the Special Motion to Strike on December 18, 2023.

On February 27, 2024, this Court entered its order denying the EG Defendants' Special Motion to Strike (Dkt. 77) (the "Order re Anti-SLAPP Motion").  The Order re Anti-SLAPP Motion constituted an immediately appealable collateral order under Ninth Circuit authority.[1]

On March 8, 2024, the EG Defendants filed their Notice of Appeal from the

---

[1] *See Batzel v. Smith,* 333 F.3d 1018, 1025–26 (9th Cir. 2003) (denial of anti-SLAPP motion met "all three factors" of the collateral order doctrine and was "an appealable final decision within the meaning of 28 U.S.C. § 1291"); *Roberts v. McAfee, Inc.,* 660 F.3d 1156, 1163 (9th Cir. 2011) ("The collateral order doctrine gives us jurisdiction to review the district court's denial of the anti-SLAPP motion to strike [Plaintiff's] malicious prosecution claims[.]"; Ninth Circuit reverses district court denial of anti-SLAPP motion directed at malicious prosecution claims); *Langer v. Kiser,* 57 F.4th 1085, 1104 (9th Cir. 2023) ("The denial of an anti-SLAPP motion is an immediately appealable final decision pursuant to the collateral order doctrine.").

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

Order re Anti-SLAPP Motion (Dkt. 79).  On March 11, 2024, the Ninth Circuit docketed the Notice of Appeal and set the matter for briefing.

Because the EG Defendants have filed a valid notice of appeal, the District Court is divested "of jurisdiction over the particular issues involved in that appeal" while the appeal is pending.  *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885–86 (9th Cir. 2001) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982)); *Exeltis USA Inc. v. First Databank, Inc.*, 2018 WL 1989522, at *2 (N.D. Cal. Mar. 5, 2018) ("The parties do not dispute, and the Court agrees, that First Databank's appeal of the denial of the motion to strike divested the Court of jurisdiction to proceed as to the state law claims that were the subject of that motion.").[2]

Based on the foregoing authority and the pending appeal from the Order Re Anti-SLAPP Motion, this Court has been divested of jurisdiction over the claims in the Complaint against the EG Defendants.  Nonetheless, out of an abundance of caution, reserving all jurisdictional objections, and to avoid any alleged claim of waiver or default against the EG Defendants for failure to file a responsive pleading, the EG Defendants are filing this Answer and Demand for Jury Trial.

The EG Defendants contend that they should prevail on appeal, that the Order re Anti-SLAPP Motion should be reversed, and that the Special Motion to Strike

---

[2] For example, in *Hilton v. Hallmark Cards*, Case No. CV-07-5818-PA-AJWx, the district court denied the defendant's anti-SLAPP motion on December 17, 2007 and ordered the defendant to file an answer by January 14, 2008.  *Hilton v. Hallmark Cards*, 2007 WL 9733756, at *5 (C.D. Cal. Dec. 17, 2007).  Three days before the deadline to answer, the defendant filed a notice of appeal of the denial of its anti-SLAPP motion to the United States Court of Appeals for the Ninth Circuit.  *See* Defendant Hallmark Cards' Notice of Appeal, *Hilton v. Hallmark Cards*, Case No. CV-07-5818-PA-AJWx, ECF No. 47 (Jan. 11, 2008).  The defendant did not answer until after the resolution of his Ninth Circuit appeal.  *See Hilton v. Hallmark Cards*, 599 F.3d 894 (9th Cir. 2010) (resolving appeal on March 23, 2010); Defendant Hallmark Cards' Answer to Amended Complaint, *Hilton v. Hallmark Cards*, Case No. CV-07-5818-PA-AJWx, ECF No. 66 (Apr. 23, 2010).

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1  should be granted.  See *Roberts v. McAfee, Inc.,* 660 F.3d 1156, 1163 (9th Cir.

2  2011) (reversing district court denial of anti-SLAPP motion directed at malicious

3  prosecution claims, based on facts analogous to those present in the instant case).  In

4  the event, however, that the Order re Anti-SLAPP Motion is affirmed on appeal, the

5  EG Defendants reserve all rights upon remand to amend this Answer and/or to file

6  other additional responsive pleadings (including without limitation a counterclaim,

7  cross-complaint, or third party complaint, as appropriate).

8  ## THE EG DEFENDANTS' FACTUAL ASSERTIONS IN THEIR DECLARATIONS AND EXHIBITS IN SUPPORT OF, AND THE LEGAL

9  ## DEFENSES RAISED IN, THE SPECIAL MOTION TO STRIKE

10       The EG Defendants hereby incorporate by reference, as though set forth in

11  full herein, the factual assertions in their Declarations and Exhibits in support of,

12  and the legal defenses raised in, the Special Motion to Strike.  (Dkt. Nos. 25, 25-1,

13  25-6, 25-19).  This incorporation by reference is necessary for the EG Defendants to

14  be able to respond fully and accurately to the allegations of the Complaint, as

15  required by Rule 8 of the Federal Rules of Civil Procedure ("Federal Rule 8").

16       Federal Rule 8 requires that each allegation of a complaint "must be simple,

17  concise, and direct."  FED. R. CIV. P. 8(d).  In the present case, however, the 70-page

18  Complaint runs afoul of this rule, and is "written more as a press release, prolix in

19  evidentiary detail, yet without simplicity, conciseness and clarity as to whom

20  plaintiff[] [is] suing for what wrongs."  *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th

21  Cir. 1996).  To respond to each repetitive and argumentative allegation in the

22  Complaint imposes an unfair burden on the EG Defendants.  *See Connell v.*

23  *Signoracci*, 153 F.3d 74, 82 (2d Cir. 1998) (affirming dismissal of an 89-page

24  pleading that was "an *omnium gatherum*, obsessively repetitive, overwrought in

25  tone, and organized like a front hall closet").  Thus, the EG Defendants incorporate

26  by reference into this Answer the factual assertions contained in and supported by

27  the EG Defendants' Declarations and Exhibits in the Special Motion to Strike.  In

28  addition, the EG Defendants incorporate by reference into this Answer the legal

defenses raised in the Special Motion to Strike.

## ANSWER TO ALLEGATIONS OF COMPLAINT

"***I. INTRODUCTION***"[3]

1.      Responding to Paragraph 1 of the Complaint, the EG Defendants admit that Plaintiff in the Complaint has purported to allege supposed causes of action against the individual defendants and one entity defendant as described in Paragraph 1.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 1.

2.      Responding to Paragraph 2 of the Complaint, the EG Defendants admit and aver that Ms. Girardi has made a living as a television personality and entertainer; that Ms. Girardi in her entertainment work has used the name Erika Jayne; that Ms. Girardi has appeared on the Bravo network program The Real Housewives of Beverly Hills; that Ms. Girardi had a residency at the House of Blues in Las Vegas, Nevada between approximately August and December 2023; that Ms. Ribatallada has worked in, among other capacities, as personal assistant to Ms. Girardi since late 2015; that Mr. Minden has worked with Ms. Girardi in various capacities including as choreographer; that Ms. Girardi married Thomas Girardi ("TG") in 2000; that Ms. Girardi never worked at and had no role in the business of TG's law firm Girardi Keese ("GK"), including in GK's interactions with its legal clients; that in November 2000, Ms. Girardi filed for divorce and separated from TG, moving into a rental; and that TG is currently facing criminal charges related to

---

[3] To assist in review of this Answer, the EG Defendants hereinafter have copied and quoted verbatim, in italicized bolded text, the headings used by Plaintiff in the Complaint.  Certain of the headings in the Complaint contain alleged factual assertions or argument.  The EG Defendants believe that no response is required in an answer to allegations or argument contained in headings of a complaint.  Nonetheless, for the avoidance of doubt, the EG Defendants hereby deny the factual assertions and argument set forth in the headings of the Complaint as quoted in the balance of this Answer.

his actions as an attorney at GK.  Except as expressly admitted, the EG Defendants do not have knowledge or information sufficient to form a belief about the truth of the multiple conclusory, overbroad, and argumentative allegations about the EG Defendants, other individuals, and American Express Company ("Amex") in Paragraph 2, which pursuant to Federal Rule 8 are therefore deemed denied. Further, the allegations in Paragraph 2, as with many allegations of the Complaint, appear to be designed to garner media coverage and allege purported facts that (1) Plaintiff likely will not even try to prove and/or will not be able to prove with actual evidence at trial, and (2) are not legally relevant to the transactions at issue in the Complaint.  For the avoidance of doubt, except as expressly admitted, the EG Defendants deny the allegations of Paragraph 2.

3.      Responding to Paragraph 3 of the Complaint, the EG Defendants admit that Ms. Girardi provided to Plaintiff and his business, which went by the name Marco Marco LLC ("Marco Marco"), with the information for her Amex credit card to charge for transactions relating to costumes and services that were, in fact, authorized by or on behalf of Ms. Girardi.  The EG Defendants further admit that the actual account holder for the Amex credit card issued to Ms. Girardi was either TG or GK.  The EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3, which pursuant to Federal Rule 8 are therefore deemed denied.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 3.

4.      Responding to Paragraph 4 of the Complaint, the EG Defendants admit that defendant Robert Savage was an acquaintance of TG.  Except as expressly admitted, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 4, which pursuant to Federal Rule 8 are therefore deemed denied.  Further, to the extent the allegations of Paragraph 4 pertain to or are directed at the EG Defendants, the EG Defendants deny the allegations of Paragraph 4.

5.      Responding to Paragraph 5 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

6.      Responding to Paragraph 6 of the Complaint, the EG Defendants admit on information and belief that in 2016, Mr. Savage held a management position at the Los Angeles Field Office of the U.S. Secret Service ("Secret Service") and that Mr. Savage was a social acquaintance of TG.  Except as expressly admitted, the EG Defendants do not have knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 6, which pursuant to Federal Rule 8 are therefore deemed denied.  Further, the allegations in Paragraph 6 appear to be designed to garner media coverage, and allege purported facts that (1) Plaintiff likely will not even try to prove and/or will not be able to prove with actual evidence at trial, and (2) are not legally relevant to the transactions at issue in the Complaint.

7.      Responding to Paragraph 7 of the Complaint, the allegations of Paragraph 7 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the multiple conclusory allegations in Paragraph 7, which pursuant to Federal Rule 8 are therefore deemed denied.  The EG Defendants deny the allegations of Paragraph 7 regarding the knowledge and conduct of the EG Defendants.  Further, the allegations in Paragraph 7 appear to be designed to garner media coverage, and allege purported facts that (1) Plaintiff likely will not even try to prove and/or will not be able to prove with actual evidence at trial, and (2) are not legally relevant to the transactions at issue in the Complaint.

8.      Responding to Paragraph 8 of the Complaint, the allegations of Paragraph 8 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, the EG Defendants do not have knowledge or information sufficient to form a belief as to

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

the truth of the multiple conclusory allegations of Paragraph 8, which pursuant to Federal Rule 8 are therefore deemed denied.

9. Responding to Paragraph 9 of the Complaint, the allegations of Paragraph 9 consist of conclusory statements, argument, and/or legal conclusions to which no response is required. To the extent a response is required, the EG Defendants admit that Plaintiff has purported to bring what Plaintiff describes as a Bivens claim against defendants who are former or current Secret Service agents. Except as expressly admitted, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, which pursuant to Federal Rule 8 are therefore deemed denied.

10. Responding to Paragraph 10 of the Complaint, the allegations of Paragraph 10 consist of conclusory statements, argument, and/or legal conclusions to which no response is required. To the extent a response is required, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, which pursuant to Federal Rule 8 are therefore deemed denied.

11. Responding to Paragraph 11 of the Complaint, the allegations of Paragraph 11 consist of conclusory statements, argument, and/or legal conclusions to which no response is required. To the extent a response is required, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the multiple conclusory allegations of Paragraph 11, which pursuant to Federal Rule 8 are therefore deemed denied.

12. Responding to Paragraph 12 of the Complaint, the EG Defendants deny the allegations as to any knowledge or conduct attributed to Ms. Girardi. The remaining allegations of Paragraph 12 consist of conclusory statements, argument, and/or legal conclusions to which no response is required. To the extent a response is required, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the multiple conclusory allegations of Paragraph 12,

which pursuant to Federal Rule 8 are therefore deemed denied.

13.    Responding to Paragraph 13 of the Complaint, the allegations of Paragraph 13 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, which pursuant to Federal Rule 8 are therefore deemed denied.

"*II*.  ***JURISDICTION AND VENUE***"

14.    Responding to Paragraph 14 of the Complaint, the EG Defendants admit that this Court appears to have jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

15.    Responding to Paragraph 15 of the Complaint, the EG Defendants admit that this Court has limited jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  The EG Defendants, however, reserve and assert all jurisdictional defenses.

16.    Responding to Paragraph 16 of the Complaint, the EG Defendants admit the allegations therein.

"*III*.  ***PARTIES***"

17.    Responding to Paragraph 17 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, which pursuant to Federal Rule 8 are therefore deemed denied.

18.    Responding to Paragraph 18 of the Complaint, the EG Defendants admit on information and belief that Plaintiff had an ownership or management position with Marco Marco and was in business with Marco Morante during the time period at issue in the Complaint.  The remaining allegations of Paragraph 18 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, the EG Defendants do not

have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 18, which pursuant to Federal Rule 8 are therefore deemed denied.  For the avoidance of doubt, except as expressly admitted, the EG Defendants deny the allegations of Paragraph 18.

19.     Responding to Paragraph 19 of the Complaint, the EG Defendants admit the allegations therein.

20.     Responding to Paragraph 20 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20, which pursuant to Federal Rule 8 are therefore deemed denied.

21.     Responding to Paragraph 21 of the Complaint, the EG Defendants admit on information and belief that Mr. Savage held a management position at the Los Angeles Field Office of the Secret Service during at least some of the time period at issue in the Complaint.  The EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 21, which pursuant to Federal Rule 8 are therefore deemed denied.

22.     Responding to Paragraph 22 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22, which pursuant to Federal Rule 8 are therefore deemed denied.

23.     Responding to Paragraph 23 of the Complaint, the EG Defendants admit that Mr. Henderson was their principal and often sole point of contact at the Secret Service during the time period at issue in the Complaint.  Except as expressly admitted, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 23, which pursuant to Federal Rule 8 are therefore deemed denied.

24.     Responding to Paragraph 24 of the Complaint, the EG Defendants admit on information and belief that Amex conducted an investigation in response to

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

a report by Ms. Girardi of suspicious and/or unauthorized charges by Plaintiff and Marco Marco on her Amex credit card account. Except as expressly admitted, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24, which pursuant to Federal Rule 8 are therefore deemed denied.

25.     Responding to Paragraph 25 of the Complaint, the EG Defendants admit that Ms. Ribatallada began working with and assisting Ms. Girardi in more or less 2013 or 2014; that Ms. Ribatallada was eventually employed as Ms. Girardi's assistant in or around late 2015; that Ms. Ribatallada resided and currently resides in Los Angeles County; and that Ms. Ribatallada was one of the individuals who coordinated the provision of costumes and services by Marco Marco for Ms. Girardi during the time period at issue in the Complaint. Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 25.

26.     Responding to Paragraph 26 of the Complaint, the EG Defendants admit that Ms. Girardi hired Mr. Minden as her choreographer and that Mr. Minden eventually became the Creative Director for Ms. Girardi; that Mr. Minden resided and currently resides in Los Angeles County; and that Mr. Minden was one of the individuals who coordinated the provision of costumes and services by Marco Marco for Ms. Girardi during the time period at issue in the Complaint. Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 26.

27.     Responding to Paragraph 27 of the Complaint, the allegations of Paragraph 27 consist of conclusory statements, argument, and/or legal conclusions to which no response is required. To the extent a response is required, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27, which pursuant to Federal Rule 8 are therefore deemed denied.

/ / /

/ / /

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

"*IV.*  *STATEMENT OF FACTS*"

"*A.  Plaintiff's Credit Card Charges to Defendant Erika Girardi's AMEX Credit Card Were All Authorized and Legitimate.*"[4]

28.     Responding to Paragraph 28 of the Complaint, the EG Defendants admit that Plaintiff and Mr. Morante have stated that they co-own Marco Marco and that they have provided costumes to other "celebrities."  Except as expressly admitted, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28, which pursuant to Federal Rule 8 are therefore deemed denied.

29.     Responding to Paragraph 29 of the Complaint, the EG Defendants admit that Ms. Girardi first began working with Marco Marco in approximately 2014.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 29.

30.     Responding to Paragraph 30 of the Complaint, the EG Defendants admit that from 2014 to 2016, Ms. Girardi requested costumes for herself and sometimes for her backup dancers from Marco Marco to wear during certain performances and other occasions.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 30.

31.     Responding to Paragraph 31 of the Complaint, the EG Defendants admit that Ms. Girardi had an Amex credit card bearing her name for which she was an authorized user; that either TG or GK was the account holder for the Amex credit card account; and that Plaintiff or Marco Marco charged Ms. Girardi's Amex credit card.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 31.

32.     Responding to Paragraph 32 of the Complaint, the EG Defendants admit that in or around 2014, the EG Defendants provided Plaintiff with information

---

[4] See footnote 3, *supra*.

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

for Ms. Girardi's Amex credit card so that Plaintiff could charge the credit card for authorized costumes and services.  The EG Defendants do not have knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 32 as to the particular interaction between Plaintiff and Ms. Girardi regarding a physical invoice, which pursuant to Federal Rule 8 are therefore deemed denied. Except as expressly admitted, the EG Defendants deny the remaining allegations of Paragraph 32.

33.     Responding to Paragraph 33 of the Complaint, the EG Defendants admit that, at times, they requested custom costumes or alterations by Marco Marco for Ms. Girardi or her backup dancers; that Marco Marco designed and provided such costumes; and that Marco Marco sometimes held fittings at its studio in Hollywood.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 33.

34.     Responding to Paragraph 34 of the Complaint, the EG Defendants admit that they communicated requests for and approval of costume or service orders to Plaintiff or Mr. Morante through various methods; and that Plaintiff or Marco Marco was provided with Ms. Girardi's credit card information on subsequent occasions either because the card had expired or because Plaintiff had requested the information.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 34.

35.     Responding to Paragraph 35 of the Complaint, the EG Defendants admit that between 2015 and 2016, Plaintiff or Marco Marco charged approximately $934,000 in more or less 132 separate purported transactions on Ms. Girardi's Amex credit card.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 35.

36.     Responding to Paragraph 36 of the Complaint, the allegations of Paragraph 36 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  To the extent a response is required, the EG

1   Defendants deny the allegations of Paragraph 36.

2         37.     Responding to Paragraph 37 of the Complaint, the EG Defendants deny

3   the multiple conclusory allegations of Paragraph 37.

4         38.     Responding to Paragraph 38 of the Complaint, the EG Defendants

5   admit that either TG or GK was the account holder for the Amex credit card account

6   under which Ms. Girardi was issued her credit card and that Ms. Girard was an

7   authorized user on that account.  The remaining allegations of Paragraph 38 consist

8   of conclusory statements, argument, and/or legal conclusions to which no response

9   is required.  To the extent a response is required, the EG Defendants do not have

10   knowledge or information sufficient to form a belief as to the truth of the allegations

11   regarding the terms of services and contract between Amex on the one hand, and TG

12   or GK on the other hand, which pursuant to Federal Rule 8 are therefore deemed

13   denied.  Except as expressly admitted, the EG Defendants deny the remaining

14   allegations of Paragraph 38.

15         "***B***.  ***The Inception of Defendants Erika Girardi, Ribatallada and Minden's***

16   ***Uncharged Co-Conspirator Tom Girardi's Malicious Prosecution Scheme Was***

17   ***Enabled by the Girardis' Personal and Financial Relationship with Defendant***

18   ***Secret Service Agent Savage.***"[5]

19         39.     Responding to Paragraph 39 of the Complaint, the EG Defendants

20   admit that in December 2016, Ms. Girardi reported to the Secret Service suspicious

21   and/or unauthorized charges and transactions made by Plaintiff or Marco Marco to

22   her Amex credit card.  Except as expressly admitted, the EG Defendants deny the

23   multiple conclusory allegations of Paragraph 39.

24         40.     Responding to Paragraph 40 of the Complaint, the allegations of

25   Paragraph 40 consist of conclusory statements, argument, and/or legal conclusions

26   to which no response is required.  To the extent a response is required, the EG

27

28         [5] See footnote 3, *supra*.

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1  Defendants deny the allegations of Paragraph 40.

2      41.    Responding to Paragraph 41 of the Complaint, the EG Defendants

3  admit on information and belief that during the time period at issue in the

4  Complaint, Mr. Savage held a management position at the Los Angeles office of the

5  Secret Service, that Mr. Scarince was also a Secret Service agent at the Los Angeles

6  office, and that Mr. Henderson was the principal and often exclusive contact at the

7  Secret Service regarding Ms. Girardi's report of suspicious and/or authorized

8  transactions by Plaintiff or Marco Marco on her Amex credit card.  Except as

9  expressly admitted, the EG Defendants do not have knowledge or information

10 sufficient to form a belief as to the truth of the allegations in Paragraph 41, which

11 pursuant to Federal Rule 8 are therefore deemed denied.

12     42.    Responding to Paragraph 42 of the Complaint, the EG Defendants do

13 not have knowledge or information sufficient to form a belief as to the truth of the

14 allegations in Paragraph 42, which pursuant to Federal Rule 8 are therefore deemed

15 denied.  Further, the allegations in Paragraph 42 appear to be designed to garner

16 media coverage, and allege purported facts that (1) Plaintiff likely will not even try

17 to prove and/or will not be able to prove with actual evidence at trial, and (2) are not

18 legally relevant to the transactions at issue in the Complaint.

19     43.    Responding to Paragraph 43 of the Complaint, Ms. Girardi was aware

20 that TG and Mr. Savage were acquaintances.  The EG Defendants do not have

21 knowledge or information sufficient to form a belief as to the truth of the remaining

22 allegations of Paragraph 43, which pursuant to Federal Rule 8 are therefore deemed

23 denied.  Further, the allegations in Paragraph 43 appear to be designed to garner

24 media coverage, and allege purported facts that (1) Plaintiff likely will not even try

25 to prove and/or will not be able to prove with actual evidence at trial, and (2) are not

26 legally relevant to the transactions at issue in the Complaint.

27     44.    Responding to Paragraph 44 of the Complaint, the EG Defendants do

28 not have knowledge or information sufficient to form a belief as to the truth of the

-15-

allegation regarding the amount or manner of receipt by TG or GK of any actual refund or credits from Amex, which pursuant to Federal Rule 8 are therefore deemed denied.  The EG Defendants deny the remaining allegations of Paragraph 44.

45.     Responding to Paragraph 45 of the Complaint, Ms. Girardi admits and avers that in approximately the summer of 2016, TG raised with Ms. Girardi concerns regarding excessive charges to her Amex credit card.  The EG Defendants further admit and aver that Ms. Girardi, in December 2016, after (1) obtaining access to information on prior charges to her Amex credit card, (2) conducting an investigation with assistance from Ms. Ribatallada, (3) asking questions and receiving answers from Plaintiff about unauthorized charges that included several written admissions by Plaintiff of unauthorized charges, and (4) demanding documentation from Plaintiff to support charges but receiving woefully incomplete documentation, Ms. Girardi contacted the Secret Service to report her suspicions and concerns about unauthorized charges by Plaintiff and/or Marco Marco to her Amex credit card.  Except as expressly admitted, the EG Defendants deny the remaining allegations of Paragraph 45.

46.     Responding to Paragraph 46 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 46, which pursuant to Federal Rule 8 are therefore deemed denied.

47.     Responding to Paragraph 47 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 47, which pursuant to Federal Rule 8 are therefore deemed denied.

48.     Responding to Paragraph 48 of the Complaint, while the EG Defendants' search is ongoing, the EG Defendants thus far have been unable to locate the quoted communication.  The EG Defendants do not have knowledge or

1  information sufficient to form a belief as to the truth of the remaining allegations of

2  Paragraph 48, which pursuant to Federal Rule 8 are therefore deemed denied.

3      49.    Responding to Paragraph 49 of the Complaint, the EG Defendants do

4  not have knowledge or information sufficient to form a belief as to the truth of the

5  allegations in Paragraph 49, which according to Federal Rule 8 are therefore deemed

6  denied.

7      50.    Responding to Paragraph 50 of the Complaint, the EG Defendants

8  admit that they met with Plaintiff on December 14, 2016 to discuss the Marco

9  Marco transactions on Ms. Girardi's Amex credit card; that at the request of the

10  Secret Service, Ms. Girardi wore a wire during the meeting; that Ms. Girardi stated

11  during the meeting that Plaintiff had made unauthorized charges to her Amex card

12  in 2015 and 2016; that Plaintiff expressly admitted to unauthorized charges of

13  approximately $100,000; and that Plaintiff offered to pay the money back.  The EG

14  Defendants admit that the wire recording of the meeting, which the EG Defendants

15  do not have in their possession, will speak for itself.  Except as expressly admitted,

16  the EG Defendants deny the allegations of Paragraph 50.

17      51.    Responding to Paragraph 51 of the Complaint, the EG Defendants

18  admit that the wire recording of the meeting, which the EG Defendants do not have

19  in their possession, will speak for itself.  Except as expressly admitted, the EG

20  Defendants deny the allegations of Paragraph 51.

21      52.    Responding to Paragraph 52 of the Complaint, the EG Defendants deny

22  the multiple argumentative allegations therein.

23      53.    Responding to Paragraph 53 of the Complaint, except as otherwise

24  expressly admitted in this Answer, the EG Defendants deny the allegations therein.

25      54.    Responding to Paragraph 54 of the Complaint, the EG Defendants deny

26  the allegations of Paragraph 54.

27  / / /

28  / / /

"**C.   *Defendants AMEX and Grimm Aided, Abetted and Conspired with Defendants Erika Girardi, Ribatallada, Minden, and Secret Service Defendants Savage, Scarince and Henderson to Maliciously Prosecute Plaintiff without Probable Cause and in Reckless Disregard of the Evidence in Their Possession Establishing No Fraud Occurred and that Plaintiff Was Innocent.*"**[6]

55.     Responding to Paragraph 55 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55, which pursuant to Federal Rule 8 are therefore deemed denied.

56.     Responding to Paragraph 56 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, which pursuant to Federal Rule 8 are therefore deemed denied.

57.     Responding to Paragraph 57 of the Complaint, the EG Defendants admit on information and belief that the Secret Service obtained a search warrant to search Plaintiff's business and records.  Except as expressly admitted, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, which pursuant to Federal Rule of Civil Procedure 8 are therefore deemed denied.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 57 to the extent those are directed at the EG Defendants.

58.     Responding to Paragraph 58 of the Complaint, the allegations of Paragraph 58 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  The EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58 that are directed at the Secret Service defendants, which pursuant to Federal Rule

---

[6] See footnote 3, *supra*.

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

8 are therefore deemed denied.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 58 to the extent those are directed at the EG Defendants.

59.     Responding to Paragraph 59 of the Complaint, the allegations of Paragraph 59 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  The EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59 that relate to the business of Plaintiff or Plaintiff's records, which pursuant to Federal Rule 8 are therefore deemed denied.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 59 to the extent those are directed at the EG Defendants.

60.     Responding to Paragraph 60 of the Complaint, the allegations of Paragraph 60 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  The EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 that relate to the conduct or knowledge of other parties or the records that Plaintiff says are in his possession – none of which were provided by Plaintiff to the EG Defendants at any time, despite multiple requests by the EG Defendants for documentary support for charges to Ms. Girardi's Amex, and in a context of multiple admissions by Plaintiff, including in writing, to repeated unauthorized charges.  Accordingly, the allegations of Paragraph 60 are denied and deemed denied under Federal Rule 8.

61.     Responding to Paragraph 61 of the Complaint, the allegations of Paragraph 61 assert Plaintiff's positions and legal conclusions to which no response is required.  To the extent that a response is required, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 61 regarding the conduct or knowledge of other parties.  Thus, the allegations of Paragraph 61 are deemed denied pursuant to Federal Rule 8.

For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 61 to the extent those are directed at the EG Defendants.

62.     Responding to Paragraph 62 of the Complaint, the allegations of Paragraph 62 assert Plaintiff's positions and legal conclusions to which no response is required.  To the extent that a response is required, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 regarding the conduct, knowledge, or alleged evidence purportedly available to other parties.  Thus, the allegations of Paragraph 62 are deemed denied pursuant to Federal Rule 8.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 62 to the extent those are directed at the EG Defendants.

63.     Responding to Paragraph 63 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63, which pursuant to Federal Rule 8 are therefore deemed denied.

64.     Responding to Paragraph 64 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64, which pursuant to Federal Rule 8 are therefore deemed denied.

65.     Responding to Paragraph 65 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 65, which pursuant to Federal Rule 8 are therefore deemed denied.

66.     Responding to Paragraph 66 of the Complaint, the allegations of Paragraph 66 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  In addition, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations

of Paragraph 66, which are principally if not exclusively directed at the Secret Service defendants.  Accordingly, the allegations of Paragraph 66 are deemed denied pursuant to Federal Rule 8.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 66 to the extent those are directed at the EG Defendants.

67.     Responding to Paragraph 67 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67, which pursuant to Federal Rule 8 are therefore deemed denied.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 67 to the extent those are directed at the EG Defendants.

68.     Responding to Paragraph 68 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68, which pursuant to Federal Rule 8 are therefore deemed denied.

69.     Responding to Paragraph 69 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69, which pursuant to Federal Rule 8 are therefore deemed denied.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 69 to the extent those are directed at the EG Defendants.

70.     Responding to Paragraph 70 of the Complaint, the allegations of Paragraph 70 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  In addition, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 70 to the extent those are directed at other defendants.  Accordingly, the allegations of Paragraph 70 are deemed denied pursuant to Federal Rule 8.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and

-21-

expressly deny the allegations of Paragraph 70 directed at the EG Defendants.

71.     Responding to Paragraph 71 of the Complaint, the EG Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71 regarding the alleged conduct by Amex, which pursuant to Federal Rule of Civil Procedure 8 are therefore deemed denied.  The EG Defendants deny the remaining allegations of Paragraph 71.

72.     Responding to Paragraph 72 of the Complaint, the EG Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 regarding the alleged conduct by Amex, which pursuant to Federal Rule of Civil Procedure 8 are therefore deemed denied.  The EG Defendants deny the remaining allegations of Paragraph 72.

73.     Responding to Paragraph 73 of the Complaint, the allegations of Paragraph 73 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  In addition, the EG Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 relating to the conduct or alleged state of mind of other parties or the grand jury, which pursuant to Federal Rule of Civil Procedure 8 are therefore deemed denied.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 73 to the extent those are directed at the EG Defendants.

74.     Responding to Paragraph 74 of the Complaint, the allegations of Paragraph 74 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  In addition, the EG Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74 relating to the conduct or alleged state of mind of other parties or the grand jury, which pursuant to Federal Rule of Civil Procedure 8 are therefore deemed denied.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 74

directed at the EG Defendants.

"**D**. ***The Defendants Obtained the Indictment Without Probable Cause and in Reckless Disregard to Plaintiff's Innocence.***"[7]

75.     Responding to Paragraph 75 of the Complaint, the allegations of Paragraph 75 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  In addition, the EG Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 75 relating to the conduct or motivations of other parties, which pursuant to Federal Rule 8 are therefore deemed denied.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 75 directed at the EG Defendants.

76.     Responding to Paragraph 76 of the Complaint, the allegations of Paragraph 76 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  In addition, the EG Defendants deny the allegations of Paragraph 76.

77.     Responding to Paragraph 77 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77 regarding the Secret Service defendants, which pursuant to Federal Rule 8 are therefore deemed denied.

78.     Responding to Paragraph 78 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 regarding the Secret Service defendants, which pursuant to Federal Rule 8 are therefore deemed denied.  The EG Defendants deny the remaining allegations of Paragraph 78.

79.     Responding to Paragraph 79 of the Complaint, the EG Defendants admit on information and belief that either TG or GK was named as the account

---

[7] See footnote 3, *supra*.

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

holder for the Amex credit card account, under which a credit card was issued in Ms. Girardi's name; and that Ms. Girardi was an authorized user for the Amex credit card account.  The EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79 regarding how the Secret Service or Amex characterized Ms. Girardi in their respective investigations or in the subsequent criminal prosecution of Plaintiff, which pursuant to Federal Rule 8 are therefore deemed denied.  Except as expressly admitted, the EG Defendants deny the remaining allegations of Paragraph 79.

80.     Responding to Paragraph 80 of the Complaint, the EG Defendants specifically addressed these allegations in the Declarations of Ms. Girardi and Ms. Ribatallada in support of the Special Motion to Strike, which are incorporated herein by reference.  The EG Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80 regarding Mr. Pence's intent or motivations, which pursuant to Federal Rule 8 are therefore deemed denied.  Except as expressly admitted, the EG Defendants deny the remaining allegations of Paragraph 80.

81.     Responding to Paragraph 81 of the Complaint, the EG Defendants admit the allegations therein.

82.     Responding to Paragraph 82 of the Complaint, the EG Defendants admit the allegations therein.

83.     Responding to Paragraph 83 of the Complaint, the allegations of Paragraph 83 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  In addition, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83 relating to the conduct, motivations, or evidence available to other parties, which pursuant to Federal Rule 8 are therefore deemed denied.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 83 to the extent directed at the EG

Defendants.

84.     Responding to Paragraph 84 of the Complaint, the EG Defendants admit that a video exists of Ms. Girardi displaying a costume made by Marco Marco as part of a promotional segment for Bravotv.com.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 84.

85.     Responding to Paragraph 85 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85 regarding the conduct of the Secret Service defendants, which pursuant to Federal Rule 8 are therefore deemed denied.  The EG Defendants deny the remaining allegations of Paragraph 85.

86.     Responding to Paragraph 86 of the Complaint, the allegations of Paragraph 86 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  To the extent that a response is required, the EG Defendants admit that an indictment against Plaintiff was filed on or about April 28, 2017.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 86.

87.     Responding to Paragraph 87 of the Complaint, the allegations of Paragraph 87 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  To the extent that a response is required, the EG Defendants admit that the indictment against Plaintiff included the counts alleged in Paragraph 87.  Except as expressly admitted, the EG Defendants deny the remaining allegations therein.

88.     Responding to Paragraph 88 of the Complaint, the allegations of Paragraph 88 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  To the extent that a response is required, the EG Defendants admit that the indictment against Plaintiff included the counts alleged in Paragraph 88.  Except as expressly admitted, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

of Paragraph 88, which pursuant to Federal Rule 8 are therefore deemed denied.

89.     Responding to Paragraph 89 of the Complaint, the allegations of Paragraph 89 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  To the extent that a response is required, the EG Defendants admit that the indictment against Plaintiff included certain of the allegations described in Paragraph 89; that the EG Defendants had access to some social media posts, texts, sketch drawings of costume designs, and emails related to requests for costumes or services from Marco Marco; that on April 26, 2017 and on April 27, 2017, Ms. Girardi and Ms. Ribatallada were asked about Counts Two through Eight in the indictment against Plaintiff; and that a video exists of Ms. Girardi displaying a costume made by Marco Marco as part of a promotional segment for Bravotv.com.  The EG Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89 regarding any information that the Secret Service or Amex possessed or the conduct of the Secret Service or Amex, which pursuant to Federal Rule 8 are therefore deemed denied.  Except as expressly admitted, the EG Defendants deny the remaining allegations of Paragraph 89.

90.     Responding to Paragraph 90 of the Complaint, the EG Defendants deny the allegations therein.

91.     Responding to Paragraph 91 of the Complaint, the EG Defendants deny the allegations therein.

92.     Responding to Paragraph 92 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92 relating to the acts or omissions of defendants Amex or Mr. Grimm, which pursuant to Federal Rule 8 are therefore deemed denied.

93.     Responding to Paragraph 93 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93, which pursuant to Federal Rule 8 are therefore deemed

1    denied.

2        "**E.   *Post-Indictment the Defendants Continued to Conspire to Maliciously***

3    ***Prosecute Plaintiff Without Probable Cause Resulting in Substantial Damages to***

4    ***Plaintiff.***"[8]

5        94.    Responding to Paragraph 94 of the Complaint, the allegations of

6    Paragraph 94 consist of conclusory statements, argument, and/or legal conclusions

7    to which no response is required.  To the extent that a response is required, the EG

8    Defendants do not have knowledge or information sufficient to form a belief as to

9    the truth of the allegations of Paragraph 94, which pursuant to Federal Rule 8 are

10   therefore deemed denied.  The EG Defendants expressly deny the allegations of

11   Paragraph 94 to the extent they are directed at the EG Defendants.

12       95.    Responding to Paragraph 95 of the Complaint, while Ms. Girardi has

13   no specific recollection of the alleged conversation, she admits that she

14   intermittently spoke with Mr. Henderson.  Regardless, the quoted use of a profanity

15   mischaracterizes the nature of the statement other than an acknowledgement that

16   Ms. Girardi's testimony would be adverse to Plaintiff.  Except as expressly

17   admitted, Ms. Girardi and the EG Defendants deny the allegations of Paragraph 95.

18       96.    Responding to Paragraph 96 of the Complaint, the EG Defendants do

19   not have knowledge or information sufficient to form a belief as to the truth of the

20   allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

21       97.    Responding to Paragraph 97 of the Complaint, the EG Defendants do

22   not have knowledge or information sufficient to form a belief as to the truth of the

23   allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

24       98.    Responding to Paragraph 98 of the Complaint, the EG Defendants do

25   not have knowledge or information sufficient to form a belief as to the truth of the

26   allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

27

28       [8] See footnote 3, *supra*.

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

99.     Responding to Paragraph 99 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

100.   Responding to Paragraph 100 of the Complaint, the EG Defendants do not have no knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

101.   Responding to Paragraph 101 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

102.   Responding to Paragraph 102 of the Complaint, the EG Defendants admit that TG or GK was the account holder for the Amex credit card account, under which Ms. Girardi was issued a credit card in her name; and that Ms. Girardi was an authorized user for that credit card account.  Except as expressly admitted, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102, which pursuant to Federal Rule 8 are therefore deemed denied.

103.   Responding to Paragraph 103 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

104.   Responding to Paragraph 104 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

105.   Responding to Paragraph 105 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

106.   Responding to Paragraph 106 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the

allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

107.   Responding to Paragraph 107 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

108.   Responding to Paragraph 108 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

109.   Responding to Paragraph 109 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

110.   Responding to Paragraph 110 of the Complaint, the EG Defendants admit the allegations therein.

111.   Responding to Paragraph 111 of the Complaint, the EG Defendants deny the allegations therein.

### "*V.  CLAIMS FOR RELIEF*

*FIRST CLAIM FOR RELIEF: BIVENS CAUSE OF ACTION AGAINST DEFENDANTS ROBERT SAVAGE, STEVE SCARINCE AND KENNETH HENDERSON*"

112.   Responding to Paragraph 112 of the Complaint, the EG Defendants incorporate by reference, as though set forth in full herein, their responses to Paragraphs 1 through 111.

113.   Responding to Paragraph 113 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

114.   Responding to Paragraph 114 of the Complaint, the EG Defendants admit that Plaintiff has the identified constitutional rights.

115.   Responding to Paragraph 115 of the Complaint, the allegations of Paragraph 115 consist of conclusory statements, argument, and/or legal conclusions

to which no response is required.  To the extent that a response is required, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115 directed at the Secret Service defendants, which pursuant to Federal Rule 8 are therefore deemed denied.  The EG Defendants expressly deny the allegations of Paragraph 115 that are directed at Ms. Girardi.

116.   Responding to Paragraph 116 of the Complaint, the allegations of Paragraph 116 consist of conclusory statements, argument, and/or legal conclusions to which no response is required.  To the extent that a response is required, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116 directed at the Secret Service defendants, which pursuant to Federal Rule 8 are therefore deemed denied.  The EG Defendants expressly deny the allegations of Paragraph 116 that are directed at the EG Defendants.

117.   Responding to Paragraph 117 of the Complaint, the EG Defendants have no knowledge or information sufficient to form a belief as to the truth of the allegations therein directed at the Secret Service defendants, which pursuant to Federal Rule of Civil Procedure 8 are therefore deemed denied.

118.   Responding to Paragraph 118 of the Complaint, the EG Defendants incorporate by reference, as though set forth in full herein, their responses to Paragraphs 28 through 111 above.  The allegations of Paragraph 118 consist of conclusory argument and legal conclusions to which no response is required.  To the extent that a response is required, and except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding how the Secret Service agents should have conducted their investigation or what a different investigation allegedly would have established, which pursuant to Federal Rule 8 are therefore deemed denied.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and

1    expressly deny the allegations of Paragraph 118 to the extent directed at the EG

2    Defendants.

3          119.   Responding to Paragraph 119 of the Complaint, the EG Defendants

4    incorporate by reference, as though set forth in full herein, their responses to

5    Paragraphs 28 through 111 above.  The allegations of Paragraph 119 consist of

6    conclusory argument and legal conclusions to which no response is required.  To the

7    extent that a response is required, and except as expressly admitted, the EG

8    Defendants do not have knowledge or information sufficient to form a belief as to

9    the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore

10   deemed denied.

11         120.   Responding to Paragraph 120 of the Complaint, the allegations of

12   Paragraph 120 consist of multiple conclusory assertions and legal argument, to

13   which no response is required.  To the extent that a response is required, the EG

14   Defendants admit that Mr. Savage was an acquaintance of TG.  Except as expressly

15   admitted, the EG Defendants do not have knowledge or information sufficient to

16   form a belief as to the truth of the allegations of Paragraph 120, which pursuant to

17   Federal Rule 8 are therefore deemed denied.  For the avoidance of doubt, the EG

18   Defendants deny any wrongdoing on their part and expressly deny the allegations of

19   Paragraph 120 to the extent directed at the EG Defendants.

20         121.   Responding to Paragraph 121 of the Complaint, the EG Defendants

21   incorporate by reference, as though set forth in full herein, their responses to

22   Paragraphs 28 through 111 above.  The allegations of Paragraph 121 consist of

23   conclusory argument and legal conclusions to which no response is required.  To the

24   extent that a response is required, and except as expressly admitted, the EG

25   Defendants do not have knowledge or information sufficient to form a belief as to

26   the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore

27   deemed denied.  For the avoidance of doubt, the EG Defendants deny any

28   wrongdoing on their part and expressly deny the allegations of Paragraph 121 to the

extent directed at the EG Defendants.

122.   Responding to Paragraph 122 of the Complaint, the EG Defendants admit that the United States Attorney's Office moved to dismiss the indictment against Plaintiff *without prejudice*; that on September 29, 2021, the District Court presiding over Plaintiff's criminal prosecution dismissed the indictment *without prejudice.* As noted in the Special Motion to Strike, the United States Attorney's Office issued a press release stating that the dismissal without prejudice of the indictment against Plaintiff resulted from "law enforcement evidence preservation issues." As a result, the dismissal without prejudice was by no means an exoneration of Plaintiff. Except as expressly admitted, the EG Defendants deny the remaining allegations of Paragraph 122. The EG Defendants further specifically deny that the dismissal without prejudice resulted in a favorable termination on the merits to meet the required element of a state law claim for malicious prosecution.

123.   Responding to Paragraph 123 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

124.   Responding to Paragraph 124 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

125.   Responding to Paragraph 125 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

126.   Responding to Paragraph 126 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

127.   Responding to Paragraph 127 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

1  "***SECOND CAUSE OF ACTION – MALICIOUS PROSECUTION AGAINST***

2  ***DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA AND MICHAEL***

3  ***MINDEN***"

4  128.   Responding to Paragraph 128 of the Complaint, the EG Defendants

5  incorporate by reference, as though set forth in full herein, their responses to

6  Paragraphs 1 through 127 above.

7  129.   Responding to Paragraph 129 of the Complaint, the EG Defendants

8  deny the allegations therein.

9  130.   Responding to Paragraph 130 of the Complaint, the EG Defendants

10  deny the allegations therein.

11  131.   Responding to Paragraph 131 of the Complaint, the EG Defendants

12  deny the allegations therein.

13  132.   Responding to Paragraph 132 of the Complaint, the EG Defendants

14  deny the allegations therein.

15  133.   Responding to Paragraph 133 of the Complaint, the EG Defendants

16  deny the allegations therein.

17  134.   Responding to Paragraph 134 of the Complaint, the EG Defendants

18  deny the allegations therein.

19  135.   Responding to Paragraph 135 of the Complaint, the EG Defendants

20  deny the allegations therein.

21  136.   Responding to Paragraph 136 of the Complaint, the EG Defendants

22  deny the allegations therein.

23  "***THIRD CAUSE OF ACTION – AIDING AND ABETTING MALICIOUS***

24  ***PROSECUTION AGAINST DEFENDANTS AMEX AND PETER GRIMM***"

25  137.   Responding to Paragraph 137 of the Complaint, the EG Defendants

26  incorporate by reference, as though set forth in full herein, their responses to

27  Paragraphs 1 through 136 above.

28  138.   Responding to Paragraph 138 of the Complaint, the EG Defendants do

Case No. 2:23-cv-07120-MWF (SKx)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

not have knowledge or information sufficient to form a belief as to the truth of the allegations regarding the purported conduct or state of mind of Amex or Mr. Grimm or the foreseeable consequences of such purported conduct, which pursuant to Federal Rule 8 are therefore deemed denied.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 138 directed at the EG Defendants.  The EG Defendants further expressly deny that any malicious prosecution occurred as to Plaintiff.

139.   Responding to Paragraph 139 of the Complaint, the EG Defendants do not have knowledge or information as to the amount or method of the refund, credits, or combination of refund and credits given by Amex to TG or GK as the account holder for the Amex card of which Ms. Girardi was a permitted user.  The EG Defendants also do not have knowledge or information as to the specific dealings or communications between Amex and Plaintiff.  Accordingly, these allegations are deemed denied pursuant to Federal Rule 8.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 139 directed at the EG Defendants.  The EG Defendants further expressly deny that any malicious prosecution occurred as to Plaintiff.

140.   Responding to Paragraph 140 of the Complaint, the EG Defendants incorporate by reference, as though set forth in full herein, their above response to Paragraph 139 of the Complaint.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and expressly deny the allegations of Paragraph 140 directed at the EG Defendants.

141.   Responding to Paragraph 141 of the Complaint, the EG Defendants deny the allegations therein.

142.   Responding to Paragraph 142 of the Complaint, the EG Defendants deny the allegations therein.

143.   Responding to Paragraph 143 of the Complaint, the EG Defendants deny the allegations therein.

144.   Responding to Paragraph 144 of the Complaint, the EG Defendants deny the allegations therein.

145.   Responding to Paragraph 145 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145 regarding communications or dealings between Amex and Plaintiff, which pursuant to Federal Rule 8 are therefore deemed denied.  The EG Defendants deny the remaining allegations of Paragraph 145.

146.   Responding to Paragraph 146 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146 regarding communications or dealings between Amex and Plaintiff, which pursuant to Federal Rule 8 are therefore deemed denied.  The EG Defendants deny the remaining allegations of Paragraph 146.

147.   Responding to Paragraph 147 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147 regarding communications or dealings between Amex and Plaintiff, which pursuant to Federal Rule 8 are therefore deemed denied.  The EG Defendants deny the remaining allegations of Paragraph 147.

148.   Responding to Paragraph 148 of the Complaint, the EG Defendants do not have knowledge or information sufficient to form a belief as to the truth of the allegations therein, which pursuant to Federal Rule 8 are therefore deemed denied.

149.   Responding to Paragraph 149 of the Complaint, the EG Defendants deny the allegations therein.

150.   Responding to Paragraph 150 of the Complaint, the allegations of Paragraph 150 assert legal conclusions to which no response is required.  To the extent that a response is required, the EG Defendants expressly deny that they engaged in any tortious activity or wrongdoing of any nature related to or directed at Plaintiff.

151.   Responding to Paragraph 151 of the Complaint, Paragraph 151 asserts a

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

legal conclusion to which no response is required.  The EG Defendants deny the allegations of Paragraph 151, and specifically deny that the EG Defendants engaged in any scheme or other conduct amounting to malicious prosecution of Plaintiff.

152.   Responding to Paragraph 152 of the Complaint, the EG Defendants deny the allegations therein.

153.   Responding to Paragraph 153 of the Complaint, the EG Defendants deny the allegations therein.

154.   Responding to Paragraph 154 of the Complaint, the EG Defendants deny the allegations therein.

155.   Responding to Paragraph 155 of the Complaint, the EG Defendants deny the allegations therein.

156.   Responding to Paragraph 156 of the Complaint, the EG Defendants deny the allegations therein.

"***FOURTH CAUSE OF ACTION – CONSPIRACY TO COMMIT MALICIOUS PROSECUTION AGAINST DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, MICHAEL MINDEN, AMEX, AND PETER GRIMM***"

157.   Responding to Paragraph 157 of the Complaint, the EG Defendants incorporate by reference, as though set forth in full herein, their responses to Paragraphs 1 through 156 above.

158.   Responding to Paragraph 158 of the Complaint, the EG Defendants deny the allegations therein.

159.   Responding to Paragraph 159 of the Complaint, the EG Defendants deny the allegations therein.

160.   Responding to Paragraph 160 of the Complaint, the EG Defendants deny the allegations therein.

161.   Responding to Paragraph 161 of the Complaint, the EG Defendants deny the allegations therein.

162.   Responding to Paragraph 162 of the Complaint, the EG Defendants

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1  deny the allegations therein.

2      163.   Responding to Paragraph 163 of the Complaint, the EG Defendants
3  deny the allegations therein.

4      164.   Responding to Paragraph 164 of the Complaint, the EG Defendants
5  deny the allegations therein.

6      165.   Responding to Paragraph 165 of the Complaint, the EG Defendants
7  deny the allegations therein.

8      166.   Responding to Paragraph 166 of the Complaint, the EG Defendants
9  deny the allegations therein.

10     167.   Responding to Paragraph 167 of the Complaint, the EG Defendants
11 deny the allegations therein.

12     168.   Responding to Paragraph 168 of the Complaint, the EG Defendants
13 deny the allegations therein.

14     169.   Responding to Paragraph 169 of the Complaint, the EG Defendants
15 deny the allegations therein.

## **RESPONSE TO PRAYER FOR RELIEF**

The EG Defendants deny that Plaintiff is entitled to the relief requested in the
Complaint, or to relief of any kind, from the EG Defendants.

## **AFFIRMATIVE DEFENSES**

Without waiving or excusing Plaintiff's burden of proof with respect to his
claims, without admitting that the EG Defendants have any burden of proof with
respect to such claims, and while expressly denying any wrongdoing, the EG
Defendants assert the following affirmative defenses:

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

1.     The Complaint fails to state a claim against the EG Defendants, in
whole or part, upon which relief can be granted.

1

## SECOND AFFIRMATIVE DEFENSE

2

### (Failure to Establish Essential Elements of Malicious Prosecution)

3    2.    The Complaint is barred, in whole or in part, on the ground that

4  Plaintiff is unable to meet his burden of proof on one or more of the required

5  elements of malicious prosecution.

6

## THIRD AFFIRMATIVE DEFENSE

7

### (Protected Petitioning Activity Under California's Anti-SLAPP Statute, Cal.

8

### Code Civ. Proc., § 425.16)

9    3.    The Complaint is barred, in whole or in part, on the ground that the

10  basis of Plaintiff's claims against the EG Defendants arise from the EG Defendants'

11  reports to law enforcement, which is a protected petitioning activity under

12  California's anti-SLAPP statute, Cal. Code Civ. Proc., § 425.16.

13

## FOURTH AFFIRMATIVE DEFENSE

14

### (Lack of Causation)

15    4.    The Complaint is barred, in whole or in part, on the ground that the EG

16  Defendants were not the legal cause of any purported damages to Plaintiff.

17

## FIFTH AFFIRMATIVE DEFENSE

18

### (Good Faith)

19    5.    The Complaint is barred, in whole or in part, on the ground that the EG

20  Defendants' alleged conduct was undertaken in good faith.

21

## SIXTH AFFIRMATIVE DEFENSE

22

### (Setoff or Recoupment)

23    6.    The Complaint is barred, in whole or in part, on the grounds of setoff or

24  recoupment.

25

## SEVENTH AFFIRMATIVE DEFENSE

26

### (Waiver and Estoppel)

27    7.    The Complaint is barred, in whole or in part, based upon the doctrines

28  of waiver and/or estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Vague and Uncertain)

8.     The Complaint is barred, in whole or in part, on the ground that it fails to allege claims with sufficient particularity so as to allow the EG Defendants to respond and to ascertain what other defenses may exist.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.     The Complaint is barred, in whole or in part, on the ground that Plaintiff failed to take reasonable steps to mitigate any alleged damages.

## TENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

10.     The Complaint is barred, in whole or in part, based upon the doctrine of unclean hands.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

The EG Defendants give notice that they intend to rely upon such other further defenses as may become evident and/or available during pretrial proceedings in this action and hereby reserve all rights to amend this Answer and to assert all such defenses.

## THE EG DEFENDANTS' PRAYER FOR RELIEF

1.     That judgment on each cause of action against the EG Defendants be entered in favor of the EG Defendants;

2.     That Plaintiff take nothing by way of his claims against the EG Defendants and that the action against the EG Defendants is dismissed in its entirety with prejudice;

3.     That the EG Defendants be awarded their fees and costs incurred in defending this action to the extent permitted by law;

4.     That the EG Defendants be granted such other and further relief as the Court may deem just and proper.

1    DATED:  March 22, 2024              GREENBERG GROSS LLP

2

3

4                                        By:  _____

5                                             Evan C. Borges
                                              Heejin H. Hwang
6                                             Attorneys for Defendants Erika Girardi,
                                              Laia Ribatallada, and Michael Minden
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 38-1 of the Local Rules of the Central District of California, defendants Erika Girardi, Laia Ribatallada, and Michael Minden hereby demand a jury trial on all issues triable to a jury.

DATED:  March 22, 2024            GREENBERG GROSS LLP

By: _____
      Evan C. Borges
      Heejin H. Hwang
      Attorneys for Defendants Erika Girardi,
      Laia Ribatallada, and Michael Minden

-41-

# PROOF OF SERVICE

**Christopher Psaila v. Erika Girardi, et al.**
**Case No. 2:23-cv-07120-MWF (SKx)**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On March 22, 2024, I served true copies of the following document(s) described as **ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO  PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** on the interested  parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 22, 2024, at Costa Mesa, California.

_____
Cheryl Winsten

-42-                      Case No. 2:23-cv-07120-MWF (SKx)
ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

**SERVICE LIST**
**Christopher Psaila v. Erika Girardi, et al.**
**Case No. 2:23-cv-07120-MWF (SKx)**

| | |
|---|---|
| Barrett S. Litt<br>David S. McLane<br>Marilyn E. Bednarski<br>McLANE, BEDNARSKI & LITT, LLP<br>975 East Green Street<br>Pasadena, California 91106<br>Tel:   (626) 844-7660<br>Fax:   (626) 844-7670<br>Email:        blitt@mbllegal.com<br>Email:        dmclane@mbllegal.com<br>Email:        mbednarski@mbllegal.com | Attorneys for Plaintiff<br>Christopher Psaila |

Stanley I. Greenberg
11845 W. Olympic Blvd., Ste. 1000
Los Angeles, CA 90064
Tel:   (424) 248-6600
Fax:   (424) 248-6601
Email:        stanmanlaw@aol.com

Bruce Bernard Bealke
77 West Wacker Drive, Ste. 45001
Chicago, IL 60601
Tel:   (312) 216-7177
Fax:   (312) 741-1010
Email:        bealkelaw@protonmail.com

| | |
|---|---|
| Amy M. Ross<br>ORRICK, HERRINGTON & SUTCLIFFE LLP<br>The Orrick Building<br>405 Howard Street<br>San Francisco, CA  94105<br>Tel:   (415) 773-5700<br>Fax:   (415) 773-5759<br>Email:        aross@orrick.com | Attorneys for Defendants<br>American Express Company and<br>Peter Grimm |

Ben Au
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2C
Santa Monica, CA 90401
Tel:   (310) 633-2800
Fax:   (310) 633-3849
Email: ben.au@orrick.com

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL

1
Brian M. Boynton
Principal Deputy Assistant Attorney General
2
U.S. Department of Justice, Civil Division
C. Salvatore D'Alessio, Jr.
3
Director, Torts Branch, Civil Division
Richard Montague
4
Senior Trial Counsel, Torts Branch
Connor J. Hackert
5
Trial Attorney
P.O. Box 7146, Ben Franklin Station
6
Washington, DC 20044
Tel:  (202) 616-4332
7
Fax:  (202) 616-4314
E-mail: Connor.Hackert@usdoj.gov

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Attorneys for United States of
America (Defendants Robert
Savage, Kenneth Henderson, and
Steven Scarince)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL