AMY M. ROSS (STATE BAR NO. 215692)
aross@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA  94105
Telephone:  +1 415 773 5700
Facsimile:   +1 415 773 5759

BENJAMIN AU (STATE BAR NO. 237854)
ben.au@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd.
Suite 2C
Santa Monica, CA  90401
Telephone:  +1 310 633 2800
Facsimile:   +1 310 633 3849

Attorneys for Defendants
AMERICAN EXPRESS COMPANY and
PETER GRIMM

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PSAILA,<br><br>        Plaintiff,<br><br>    v.<br><br>ERIKA GIRARDI aka ERIKA JAYNE, AMERICAN EXPRESS COMPANY, ROBERT SAVAGE, KENNETH HENDERSON, STEVE SCARINCE, PETER GRIMM, LAIA RIBATALLADA, MICHAEL MINDEN, and DOES 1 through 10, Inclusive,<br><br>        Defendants. | Case No. 2:23-cv-07120-MWF (SKx)<br><br>**DEFENDANTS AMERICAN EXPRESS COMPANY AND PETER GRIMM'S NOTICE OF APPEAL TO THE NINTH CIRCUIT OF ORDER ON MOTION TO COMPEL ARBITRATION**<br><br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: 5A<br><br>Complaint Filed: August 29, 2023 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice is hereby given that Defendants American Express Company and Peter Grimm ("Appellants" or "American Express Defendants"), hereby appeal to the United States Court of Appeals for the Ninth Circuit from the District Court's order denying American Express Defendants' Motion to Compel Arbitration and Stay Proceedings, dated March 19, 2024 (Dkt. 86) (the "Motion to Compel Arbitration Order"). A copy of the Motion to Compel Arbitration Order is attached hereto.

DATED:   April 17, 2024      ORRICK, HERRINGTON & SUTCLIFFE LLP


By:   _____ */s/ Benjamin Au*_____
      Benjamin Au

      Attorneys for American Express Company
      and Peter Grimm

1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-07120-MWF (SKx)                    **Date:  March 19, 2024**
Title: Christopher Psaila v. Erika Girardi et al.

Present:   The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

>             Deputy Clerk:                              Court Reporter:
>             Rita Sanchez                               Not Reported
>
>             Attorneys Present for Plaintiff:           Attorneys Present for Defendants:
>             None Present                               None Present

**Proceedings (In Chambers):**   ORDER RE: DEFENDANTS' MOTION TO
                                 COMPEL ARBITRATION [36]

Before the Court a Motion to Compel Arbitration (the "Motion"), filed by Defendants American Express Company ("American Express") and Peter Grimm (collectively, the "American Express Defendants") on November 7, 2023.  (Docket No. 36).  Plaintiff Christopher Psaila filed an Opposition on December 29, 2023.  (Docket No. 59).  Defendants filed a Reply on January 12, 2024.  (Docket No. 62).

The Court has read and considered the Motion and held a hearing on **February 26, 2024**.

The Motion is **DENIED**.  Agency theory does not support compelling arbitration.

I.   **BACKGROUND**

Plaintiff's Complaint alleges as follows:

Plaintiff was the managing partner of Marco Marco, a Hollywood, California-based celebrity costume design brand catering to the entertainment industries.  (Complaint, (Docket No. 1) ¶ 28).  Defendant Girardi commissioned Marco Marco to design various outfits.  (*Id.* ¶ 29).

From 2014 to 2016, Defendant Girardi purchased numerous costumes and clothing items from Marco Marco for herself and for members of her performing

---

**CIVIL MINUTES—GENERAL**                                                 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-07120-MWF (SKx)**                    **Date:  March 19, 2024**
Title: Christopher Psaila v. Erika Girardi et al.

entourage.  (*Id.* ¶ 30).  Defendant Girardi also had Marco Marco make alterations on
department store purchased clothing and conduct repairs and maintenance on
performance costumes and materials kits for her tours.  (*Id.* ¶ 33).  Between 2015 and
2016, and over the course of 132 transactions, Defendant Girardi purchased
approximately $934,000 worth of goods and services which were all charged to an
AMEX card where she was the authorized user.  (*Id.* ¶¶ 35, 102).

    In or around November or December of 2016, Defendant Girardi reported to the
Secret Service that charges and transactions made to the AMEX card by Plaintiff and
Marco Marco amounting to approximately $800,000 were fraudulent and not
authorized.  (*Id.* ¶¶ 39, 51, 57).  American Express eventually reimbursed $787,117.88
to Girardi.  (*Id.* ¶ 44).

    On April 28, 2017, the government sought a grand jury indictment against
Plaintiff.  (*Id.* ¶ 75).  Specifically, there were seven AMEX Marco Marco charges that
were presented to the grand jury as fraudulent.  (*Id.* ¶ 80).  On September 28, 2021, the
government moved to dismiss the indictment and the following day the indictment was
dismissed.  (*Id.* ¶ 110).

    Plaintiff in his Complaint alleges that he was unjustifiably prosecuted on federal
criminal charges.  (*See generally* Complaint).  He has sued the American Express
Defendants for aiding and abetting malicious prosecution and conspiracy to commit
malicious prosecution.  (*Id.* ¶¶ 137–69).

    The American Express Defendants now move to compel arbitration, arguing that
Plaintiff's claims are subject to mandatory arbitration pursuant to the arbitration
clauses contained within merchant agreements that Marco Marco obtained in order to
accept AMEX cards.  (*See* Motion).

## II.   **LEGAL STANDARD**

    The Federal Arbitration Act ("FAA") requires district courts to compel
arbitration on all claims subject to arbitration agreements.  *See Dean Witter Reynolds,
Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (citing 9 U.S.C. §§ 3, 4). The FAA creates a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 23-07120-MWF (SKx)                    Date:  March 19, 2024
Title: Christopher Psaila v. Erika Girardi et al.

general presumption in favor of arbitration.  *Gilmer v. Interstate/Johnson Lane Corp.*,
500 U.S. 20, 24–25 (1991).  Under the FAA, a party moving to compel arbitration
must show "(1) the existence of a valid, written agreement to arbitrate; and, if it exists,
(2) that the agreement to arbitrate encompasses the dispute at issue."  *Ashbey v.
Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015).

"In determining whether a valid arbitration agreement exists, federal courts
'apply ordinary state law principles that govern the formation of contracts.'"  *Nguyen*,
763 F.3d at 1175 (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944
(1995)).

## III.  **DISCUSSION**

Even though Plaintiff is a non-signatory to the merchant agreements, American
Express Defendants argue that agency theory supports compelling arbitration.  (Motion
at 7 n.4; Reply at 3–6).

Under California law, "agency is the fiduciary relationship that arises when one
[party] (a 'principal') manifests assent to another [party] (an 'agent') that the agent
shall act on the principal's behalf and subject to the principal's control, and the agent
manifests assent or otherwise consents so to act."  *Mavrix Photographs, LLC v.
LiveJournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir. 2017) (as amended) (quoting
Restatement (Third) of Agency § 1.01 (Am. Law Inst. 2006)).  "Courts have generally
applied the agency principle to prevent parties from evading arbitration obligations by
suing a signatory's agents instead of the principal."  *Soto v. Am. Honda Motor Co.*, 946
F. Supp. 2d 949, 956 (N.D. Cal. 2012) (citation omitted).

The American Express Defendants argue that "[c]ourts may uphold arbitration
agreements against [non-signatories] where the interests of such parties are directly
related to, if not congruent with, those of a signatory."  (Motion at 7 n.4 (quoting
*Creative Telecomms., Inc. v. Breeden*, 120 F. Supp. 2d 1225, 1241 (D. Haw. 1999))
(internal quotation marks omitted)).  Plaintiff contends that the interests of Marco
Marco and himself are not substantially related.  (Opposition at 9).  Specifically,
Plaintiff argues that the merchant agreements were entered into by Marco Marco in the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-07120-MWF (SKx)                    Date:  March 19, 2024
Title: Christopher Psaila v. Erika Girardi et al.

"interest of facilitating payments between Marco Marco and its clients" while
"Plaintiff's individual claims seek to remedy the harm caused by [American Express]
Defendants' conspiracy to commit malicious prosecution against him." (*Id.*).  At the
hearing the American Express Defendants argued that Marco Marco shared Plaintiff's
interests in not being a criminal defendant and the disruption that caused the business.

        In *Breeden*, the district court found that, although the defendant was sued in his
individual capacity, he could be compelled to arbitrate any disputes under or relating to
the arbitration agreement he signed while acting as an agent of the corporation that was
the signatory of the arbitration agreement.  120 F. Supp. 2d at 1241.  Plaintiff argues
that, unlike the claims in *Breeden*, his claims against the American Express Defendants
do not "directly relate to actions taken on behalf of Marco Marco but [are] instead
premised on a theory that [American Express] conspired to maliciously prosecute him
as an individual." (Opposition at 10).

        The American Express Defendants argue that, similarly to *Breeden*, Plaintiff's
claim against them arises out of and relates to the merchant agreements because the
"foundation for his claims is based upon the merchant business relationship he
established" with American Express.  (Reply at 5).  The American Express Defendants
contend that Plaintiff's allegations against them are that they "acted contrary to their
own policies with respect to 'investigating, evaluating and resolving claims of
unauthorized transactions,' which, as a result, contributed to an alleged malicious
prosecution by the government against [Plaintiff]." (*Id.* (quoting Complaint ¶ 144)).
At the hearing, the American Express Defendants argued that the indictment itself
alleged fraudulent transactions taken in the capacity of Marco Marco, which was a
charge made to Marco Marco not Plaintiff individually.

        The court in *Breeden* found that the plaintiff's claim involved actions by the
non-signatory defendant taken in his official capacity as an agent and officer of the
principal corporation.  Therefore, under general agency principles, the arbitration
agreement entered into by the corporation was applicable to the defendant.  Here, that
is not the case.  Plaintiff has not alleged conduct taken in his official capacity as an
agent of Marco Marco, but rather only alleges actions in his individual capacity.  The

_____

CIVIL MINUTES—GENERAL                                                 4

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-07120-MWF (SKx)                    Date:  March 19, 2024
Title: Christopher Psaila v. Erika Girardi et al.

Complaint alleges that the refund to Defendant Girardi by the American Express
Defendants created a fictitious "loss" and a fictitious "victim" that Defendant Girardi
incorporated into her statements to federal law enforcement agents.  These statements,
in turn, gave Defendant Girardi's claims of fraudulent charges "legitimacy" and
"credibility" and thereby facilitated her malicious prosecution of Plaintiff.  (Complaint
¶¶ 142–43).

The American Express Defendants also contend that Plaintiff can be compelled
to arbitration under the third-party beneficiary theory.  (Reply at 5–6).  Additionally, at
the hearing American Express Defendants argued that Plaintiff can be compelled to
arbitration under estoppel and third-party beneficiary theories, citing cases such as
*Falcon Ventures, LLC v. Haystack Ventures Int'l, LLC*, No. CV 17-02649 SJO (AS),
2017 WL 10605265, at *5 (C.D. Cal. Sept. 5, 2017) and *Brilliant Info Corp. v. Moso
Power Tech (HK) Int'l Ltd.*, No. CV 15-3090 FMO (PLAx), 2015 WL 12766589 (C.D.
Cal. Oct. 29, 2015).  However, the American Express Defendants did not raise these
arguments in their Motion and, of course, the Court will not consider an argument
raised for the first time in the Reply or at the hearing.  *See Turtle Island Restoration
Network v. U.S. Dep't of Commerce*, 672 F.3d 1160, 1166 n.8 (9th Cir. 2012)
("[A]rguments raised for the first time in a reply brief are waived." (internal quotation
marks and citations omitted)); *Rice Corp. v. Grain Bd. of Iraq*, 582 F.Supp.2d 1309,
1313 (E.D. Cal. 2008).

Finally, at the hearing the American Express Defendants argued that Plaintiff
should be compelled to arbitration under the reasoning of an analogous case,
*Greenberg v. Flynn*, No. CV 09-05273 SJO (RCx), 2010 WL 11596246 (C.D. Cal.
Apr. 20, 2010).  However, *Greenberg* is not analogous to this action.  In *Greenberg*,
Plaintiff was a signatory to a contract that contained an arbitration clause.  Also in
*Greenberg*, the Court found that factual allegations pertained to the scope of the
plaintiff's employment and conduct that arose while he was employed by the defendant
fit directly into the scope of the settlement agreement the plaintiff had with the
defendant.

Accordingly, the Motion is **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-07120-MWF (SKx)                    **Date:** **March 19, 2024**
Title: Christopher Psaila v. Erika Girardi et al.

IT IS SO ORDERED.