UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-07120-MWF (SKx) | **Date:** May 14, 2024 |
| **Title:** Christopher Psaila v. Erika Girardi et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| | |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings (In Chambers):** ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [67]; ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [72]

Before the Court are two motions to dismiss:

The first Motion to Dismiss ("Henderson and Scarince MTD") was filed on February 1, 2024, by Defendants Kenneth Henderson and Steve Scarince. (Docket No. 67). Plaintiff Christopher Psaila filed an Opposition on February 29, 2024. (Docket No. 78). Defendants filed a Reply on March 18, 2024. (Docket No. 85).

The second Motion to Dismiss ("Savage MTD") was filed on February 9, 2024, by Defendant Robert Savage. (Docket No. 72). Plaintiff filed an Opposition on March 8, 2024. (Docket No. 81). Defendant filed a Reply on March 22, 2024. (Docket No. 91).

The Court has read and considered the papers on the motions and held a hearing on April 8, 2024.

For the reasons discussed below, both motions to dismiss are **GRANTED *with leave to amend*** as to Plaintiff's *Bivens* claim and to add a Federal Tort Claims Act ("FTCA") claim. Additionally, Defendant Savage's request for judicial notice (Docket No. 73-1) is **DENIED *as moot*** because the Court did not rely on the documents in its ruling.

---

**CIVIL MINUTES—GENERAL**                                           1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 23-07120-MWF (SKx)                    Date:  May 14, 2024
Title:  Christopher Psaila v. Erika Girardi et al.

## I.   BACKGROUND

The Court previously summarized the allegations in its Order Denying Defendants Erika Girardi's, Michael Minden's, and Laia Ribatallada's Motion to Strike the Complaint Pursuant to California Anti-SLAPP Statute (the "Prior Order").  (Docket No. 77).  The Court incorporates by reference the Background section of the Prior Order as if fully set forth herein and limits its recitation of the allegations to those necessary for context.

Plaintiff's Complaint alleges as follows:

Defendant Savage was the Special Agent in Charge of the Los Angeles office of the United States Secret Service, Defendant Scarince was the Assistant Special Agent in Charge of the Los Angeles Office, and Defendant Henderson was a Special Agent working under Defendant Savage's and Defendant Scarince's direct supervision on the Erika Girardi fraud investigation.  (Complaint (Docket No. 1) ¶ 41).  Tom Girardi, husband of Defendant Erika Girardi, and Defendant Savage socialized regularly, and Defendant Savage was an annual attendant at Tom Girardi's Superbowl parties.  (*Id.* ¶ 43).  Additionally, two relatives of Defendant Savage's wife interned at Girardi Keese in the 1990's.  (*Id.*).

The Girardis, with the assistance of Defendants Savage, Scarince, and Henderson concocted a false claim of criminal fraud so that the Girardis could extract a significant reimbursement from AMEX.  (*Id.* ¶ 44).

In or around November or December of 2016, Defendant Girardi reported to Defendant Savage that charges and transactions made to the AMEX card by Plaintiff and Marco Marco amounting to approximately $800,000 were fraudulent and not authorized. (*Id.* ¶¶ 39, 45, 51, 57).  Tom Girardi paid Defendant Savage a bribe of at least $7,500, through the guise of formally representing Defendant Savage in a lawsuit against Volkswagen, in order to ensure that the Girardis received a fraudulent account credit/refund from AMEX.  (*Id.* ¶ 46).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-07120-MWF (SKx)          **Date:** May 14, 2024
**Title:** Christopher Psaila v. Erika Girardi et al.

On December 14, 2016, Defendants Savage, Scarince, and Henderson, as part of the bribe and quid pro quo from Tom Girardi, sent Defendant Girardi wearing a hidden recorder to meet with Plaintiff, to discuss the Marco Marco AMEX charges. (*Id.* ¶ 50). At the meeting, Defendant Girardi extorted Plaintiff into agreeing he might have mistakenly made some accounting errors. (*Id.*).

On January 9, 2017, Defendant Henderson, at the direction of Defendant Savage, requested and received a search warrant to search Marco Marco's business premises, computers, and electronic devices, and seize all business records, computers, mobile devices and phones. (*Id.* ¶¶ 57, 77). The search warrant was issued based on reckless mistruths in Defendant Henderson's search warrant affidavit. (*Id.*). During the search, Plaintiff was subjected to extensive interrogation and public humiliation by Defendants Scarince and Henderson. (*Id.* ¶ 58). Defendants Savage, Scarince, and Henderson failed to review Plaintiff's computer records, the phones, or Defendants Girardi's, Ribatallada's, and Minden's text messages and, emails, on their phones and computers. (*Id.* ¶ 53). Defendants Savage, Scarince, and Henderson failed to do the basics of any criminal business fraud investigation, including a review of the documents seized, a forensic audit of the business records done by Secret Service investigators, accountants, auditors and experts, reviewing AMEX's transaction history, and reviewing Defendant Girardi's social media. (*Id.* ¶ 61).

On January 18, 2017, Plaintiff wrote Defendant Henderson an email that put Defendants Savage, Scarince, and Henderson on notice of what documents to look for and where to look for the authorizations for the charges by Marco Marco and Plaintiff. (*Id.* ¶¶ 64, 66).

On April 28, 2017, Defendants Savage, Scarince, and Henderson sought a grand jury indictment against Plaintiff. (*Id.* ¶¶ 73, 75). By conducting reckless investigations with disregard for reliable and quality investigation safeguards and standards, and by ignoring the true facts, Defendants Savage, Scarince, and Henderson conspired, counseled and aided and abetted the deception and fraud on Plaintiff, the grand jury and the federal court. (*Id.* ¶ 86). Defendants Savage, Scarince, and Henderson maintained and continued their false, malicious, and unreasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-07120-MWF (SKx)**          **Date:  May 14, 2024**
**Title:  Christopher Psaila v. Erika Girardi et al.**

assertions to prosecutorial authorities regarding transactions on the AMEX card while the criminal case against Plaintiff was pending, for an additional four and one-half years after the return of the Indictment.  (*Id.* ¶ 91).

Based on the allegations above, Plaintiff asserts a *Bivens* cause of action against Defendants Savage, Scarince, and Henderson.

Defendants Savage, Scarince, and Henderson now move to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(6).  Defendants Scarince and Henderson also move to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(1).

## II.   LEGAL STANDARD

### A.   Rule 12(b)(1)

"Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction.  As a result, the plaintiff bears the burden of proving that the case is properly in federal court."  *Brooke v. Kashl Corp.*, 362 F. Supp. 3d 864, 871 (S.D. Cal. 2019) (citing *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001)).

A jurisdictional attack under Rule 12(b)(1) may be "facial or factual."  *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).  In a facial attack, the complaint's allegations must be accepted as true.  *Id.*  "[I]n a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  *Id.*  "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment."  *Id.*  "The court need not presume the truthfulness of the plaintiff's allegations under a factual attack."  *Brooke v. Superb Hosp., LLC*, No. 20-0103, 2021 WL 1173208, at *4 (E.D. Cal. Mar. 29, 2021) (citing *Wood v. City of San Diego*, 678 F.3d 1075, 1083 n.2 (9th Cir. 2011)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. CV 23-07120-MWF (SKx) | Date: May 14, 2024 |
| Title: Christopher Psaila v. Erika Girardi et al. | |

### B. Rule 12(b)(6)

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and their Ninth Circuit progeny. "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Court must disregard allegations that are legal conclusions, even when disguised as facts. *See id.* at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 996 (9th Cir. 2014). "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'" *Eclectic Props.*, 751 F.3d at 995 (citation omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the complaint alleges a plausible claim for relief. *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

### A. Henderson and Scarince MTD

Defendants Henderson and Scarince argue that Plaintiff's claim should be dismissed because (1) the doctrine of sovereign immunity bars claims against Defendants Henderson and Scarince in their official capacities; (2) the Fourteenth Amendment is only applicable to state action; (3) *Bivens* should not be expanded to cover the Fourth and/or Fifth Amendment claims made here; (4) the *Bivens* claim fails

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-07120-MWF (SKx)          **Date:** May 14, 2024
**Title:** Christopher Psaila v. Erika Girardi et al.

on the merits; and (5) Defendants Henderson and Scarince are entitled to qualified immunity if sued in their individual capacities. (Henderson and Scarince MTD at 5).

### 1. Sovereign Immunity and Fourteenth Amendment

For the sovereign immunity and Fourteenth Amendment arguments, Plaintiff agrees to amend his complaint to strike allegations of a violation of the Fourteenth Amendment and clarify that Plaintiff is suing the Secret Service defendants in their individual capacity. (Opposition to Henderson and Scarince MTD at 1 n.1, 9 n.6). Therefore, the Fourteenth Amendment claim and claims against the Secret Service defendants in their official capacity are dismissed.

### 2. *Bivens*

Defendants Henderson and Scarince argue that *Bivens* should not be expanded to cover the constitutional claims in the Complaint. (Henderson and Scarince MTD at 13–15). Before affording a plaintiff a cause of action under *Bivens*, a court must go through a two-step inquiry:

> First, we ask whether the case presents "a new *Bivens* context" — i.e., is it "meaningful[ly]" different from the three cases in which the Court has implied a damages action. Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are "special factors" indicating that the Judiciary is at least arguably less equipped than Congress to "weigh the costs and benefits of allowing a damages action to proceed."

*Egbert v. Boule*, 596 U.S. 482, 492 (2022) (internal citation omitted) (quoting *Ziglar v. Abbasi*, 582 U.S. 120, 136–39 (2017)).

"In assessing whether a context is 'new,' the Supreme Court has instructed us not to examine *Bivens* cases in the lower courts, but only "the three cases in which the [Supreme] Court has implied a damages action." *Pettibone v. Russell*, 59 F.4th 449, 455 (9th Cir. 2023) (quoting *Egbert v. Boule*, 596 U.S. 492). The Court has provided a non-exhaustive "list of differences that are meaningful enough to make a given context

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.  CV 23-07120-MWF (SKx)** | **Date:  May 14, 2024** |
| **Title:**  Christopher Psaila v. Erika Girardi et al. | |

a new one," including "the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; . . . the statutory or other legal mandate under which the officer was operating;" and "the risk of disruptive intrusion by the Judiciary into the functioning of other branches."  *Abbasi*, 582 U.S. at 139–40.

Additionally, the Supreme Court "has made clear that expanding the *Bivens* remedy is now a 'disfavored' judicial activity," *Id.* at 135 (quoting *Iqbal*, 556 U.S. at 675), one that "places great stress on the separation of powers," *Egbert*, 596 U.S. at 497 (quoting *Nestle USA, Inc. v. Doe*, 593 U.S. 628, 636 (2021) (plurality opinion)). Therefore, "if 'there is *any* reason to think that Congress might be better equipped to create a damages remedy' for a constitutional violation, we must refrain from recognizing one."  *Pettibone*, 59 F.4th at 454 (quoting *Egbert*, 596 U.S. at 483) (emphasis in original).

Here, Plaintiff asserts two constitutional violations.  The first is a Fourth Amendment violation "rest[ing] on what amounts to an arrest effected by a search lacking probable cause."  (Opposition to Henderson and Scarince MTD at 15).  The second is a Fifth Amendment due process violation based on malicious prosecution. (*Id.* at 15–16).

Both alleged violations present new *Bivens* contexts.  The closest case to the alleged Forth Amendment violation would be *Bivens* — the only Supreme Court case recognizing an implied damages remedy for Fourth Amendment violations.  *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  In *Bivens*, the defendants were agents of the Federal Bureau of Narcotics enforcing federal drug laws.  *Id.* at 389.  Defendants Henderson and Scarince operate as part of the Treasury Department to investigate financial crimes.  (Henderson and Scarince Reply at 8).  Therefore, the legal mandate under which Defendants Henderson and Scarince were operating is different.  The closest case to the alleged Fifth Amendment violation would be *Davis v. Passman* — the only Supreme Court case recognizing an implied damages remedy for Fifth Amendment violations.  442 U.S. 228 (1979). *Davis* involved a plaintiff who alleged that her employer, a Member of Congress, had discriminated against her because of her sex.  442 U.S. at 230–31.  Plaintiff's alleged

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-07120-MWF (SKx)**                       **Date:  May 14, 2024**
**Title:  Christopher Psaila v. Erika Girardi et al.**

Fifth Amendment is based on malicious prosecution, not sex-discrimination. Therefore, the constitutional right at issue is different.

Because the claims arise in new contexts, the Court proceeds to the next step of the two-step inquiry.  "If there are alternative remedial structures in place, 'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'"  *Egbert*, 596 U.S. at 493 (quoting *Abbasi*, 582 U.S. at 137).  Defendants Henderson and Scarince argue that Plaintiff can report any alleged misconduct to the Inspector General of the Department of Homeland Security.  (Henderson and Scarince MTD at 16 (citing 5 U.S.C. App. 3 § 8I(c); 6 U.S.C. § 113(b); 6 U.S.C. § 381)).  Plaintiff contends that the "reporting mechanisms cited by Defendants [Henderson and Scarince] do not provide any level of deterrence."  (Opposition to Henderson and Scarince MTD at 19).  The Ninth Circuit has held that reporting misconduct to the Inspector General precludes a *Bivens* action in cases such as this one.  *See Pettibone*, 59 F.4th at 457.

Defendants Henderson and Scarince also argue that the FTCA is another alternative remedial scheme available to Plaintiff.  (Henderson and Scarince MTD at 18).  Plaintiff contends that the Supreme Court in *Carlson v. Green*, established that the FTCA is not an exclusive alternative remedy to *Bivens*.  (Opposition to Henderson and Scarince MTD at 20 (citing *Carlson v. Green*, 446 U.S. 14, 23 (1980)).  In *Carlson*, the Court held that a *Bivens* claim is precluded when "defendants show that Congress has provided an alternative remedy which it explicitly declared to be a *substitute* for recovery directly under the Constitution and viewed as equally effective."  446 U.S. at 18–19 (emphasis in original).  Since then, the Supreme Court has expanded the available alternative remedies that foreclose *Bivens* claims.  For example, in *Abbasi*, the Court explained that "if Congress has created *any* alternative, existing process for protecting the injured party's interest[,] that itself may amount to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages."  582 U.S. at 138 (emphasis added; citation and internal quotation marks omitted).  The Court in *Egbert* reiterated that "[i]f there are alternative remedial structures in place, that alone, like any special factor, is reason enough to limit the power of the Judiciary to infer a new *Bivens* cause of action."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-07120-MWF (SKx)          **Date:** May 14, 2024
**Title:** Christopher Psaila v. Erika Girardi et al.

*Egbert*, 596 U.S. at 493 (citation and internal quotation marks omitted). The Court further elaborated that it does not matter if "existing remedies do not provide complete relief." *Id.* (citation omitted). Therefore, in light of the Supreme Court's more recent language, the Court determines that the FTCA is another alternative remedial structure potentially available to Plaintiff, which precludes a *Bivens* action. *See Hernandez v. Mesa*, 589 U.S. 93, 111 (2020) ("Congress passed the so-called Westfall Act, formally the Federal Employees Liability Reform and Tort Compensation Act of 1988, 28 U.S.C. § 2679[,] [which] makes the [FTCA] 'the exclusive remedy for most claims against Government employees arising out of their official conduct.'" (quoting *Hui v. Castaneda*, 559 U.S. 799, 806 (2010))); *see also Oliva v. Nivar*, 973 F.3d 438, 444 (5th Cir. 2020) (holding that the FTCA constituted a special factor precluding a *Bivens* claim).

### 3. Qualified Immunity

Defendants Henderson and Scarince also argue that they are entitled to qualified immunity. (Henderson and Scarince MTD at 6).

"Qualified immunity involves a two-step inquiry: (1) whether the officer's conduct violated a constitutional right; and (2) whether that right was clearly established when viewed in the context of this case." *Ctr. for Bio-Ethical Reform Inc. v. L.A. Cty. Sheriff Dep't*, 533 F.3d 780, 793 (9th Cir. 2008).

Plaintiff alleges that the Girardis "solicited and bribed" Defendant Savage to cause his agents, Defendants Henderson and Scarince, to criminally investigate Plaintiff for federal crimes. (Complaint ¶ 4). However, Plaintiff does not allege that Defendants Henderson and Scarince actually knew of any arrangements between Tom Girardi and Savage. Plaintiff argues that he has alleged facts that lead to a reasonable inference that Defendant Scarince was aware of the relationship between Defendant Savage and the Girardis. (Opposition to Henderson and Scarince MTD at 11 n.7). Plaintiff contends that it is reasonable to assume that Defendants Scarince and Henderson would have inquired about why Defendant Girardi approached Defendant Savage. (*Id.*).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV 23-07120-MWF (SKx)**                               **Date:  May 14, 2024**
Title:  Christopher Psaila v. Erika Girardi et al.

  The Court disagrees that Plaintiff's assumption of knowledge is reasonable. Plaintiff assumes that Defendants Henderson and Scarince had knowledge of how Defendant Savage was approached by Defendant Girardi, that Defendants Henderson and Scarince then asked Defendant Savage about the referral, and that Defendant Savage actually disclosed the relationship.  Therefore, Plaintiff has inadequately alleged a *Brady* violation that Defendants Henderson and Scarince concealed impeachment information.

  Plaintiff argues that Defendants fabricated evidence that was used to prosecute Plaintiff and continued the investigation of Plaintiff despite the fact they acted with deliberate indifference to Plaintiff's innocence. (*Id*.).  Probable cause exists if Defendants Henderson and Scarince knew "reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 924–25 (9th Cir.2001) (quoting *Allen v. City of Portland*, 73 F.3d 232, 236 (9th Cir.1995)) (internal quotation marks omitted).  "While an officer may not ignore exculpatory evidence that would negate a finding of probable cause, once probable cause is established, an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1147 (9th Cir. 2012) (citation and internal quotation marks omitted).

  Plaintiff argues there was no evidence he had defrauded Defendant Girardi, but this assertion is contradicted by the Complaint.  (Opposition to Henderson and Scarince MTD at 11).  The Complaint alleges that Defendant Girardi reported to Defendant Savage that charges and transactions made to the AMEX card by Plaintiff and Marco Marco amounting to approximately $800,000 were fraudulent and not authorized. (Complaint ¶¶ 39, 45, 51, 57).  Defendants Henderson and Scarince also had a recording of Plaintiff agreeing that he might have mistakenly made some accounting errors.  (*Id.* ¶ 50).  The alleged facts that Defendants Henderson and Scarince did not conduct basic investigatory activities and that they possessed evidence establishing Plaintiff's authorization to charge Defendant Girardi's AMEX card for all Marco Marco transactions fails to address the assumption that Defendants Henderson

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.  CV 23-07120-MWF (SKx)** | **Date:  May 14, 2024** |
| **Title:  Christopher Psaila v. Erika Girardi et al.** | |

and Scarince knew, or reasonably should have known, that the statements and evidence presented to them were false.  (*Id.* ¶¶ 57, 89).

Therefore, even if there is a valid *Bivens* claim against Defendants Henderson and Scarince, they are protected by qualified immunity.

Accordingly, the Henderson and Scarince MTD is granted.

**B.     Savage MTD**

Defendant Savage also makes the same argument as Defendants Henderson and Scarince — that there is no *Bivens* action.  (Savage MTD at 20–25).

For the first step in the two-step inquiry.  Defendant Savage argues that this case presents a new context because (1) the rank of the officers involved; (2) the statutory or other legal mandate under which the officer was operating; (3) the risk of disruptive intrusion by the Judiciary into the functioning of other branches; and (4) the generality or specificity of the official action.  (*Id.* at 21).  The Court determines that the first three differences are sufficient to determine that this case presents a new *Bivens* context.  *See Abbasi*, 582 U.S. at 147–49 ("the new-context inquiry is easily satisfied" and "even a modest extension is still an extension").

Defendant Savage held a different rank from those in *Bivens*.  In *Bivens*, the defendants were line agents of the Federal Bureau of Narcotics.  403 U.S. at 389.  Defendant Savage was the "the senior official in charge of the Secret Service's Los Angeles office."  (Savage MTD at 21).

Similar to Defendants Henderson and Scarince, Defendant Savage whose "primary duty and responsibility was to oversee the nation's third largest office charged with protecting the President of the United States and other high-ranking government officials" was under a different legal mandate than that in *Bivens*.  (Savage MTD at 22).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-07120-MWF (SKx)          **Date:** May 14, 2024
**Title:** Christopher Psaila v. Erika Girardi et al.

"[P]roviding a *Bivens* remedy in this context would carry a greater 'risk of disruptive intrusion by the Judiciary into the functioning of other branches' than was present in *Bivens*." *Pettibone*, 59 F.4th at 455 (quoting *Abbasi*, 582 U.S. at 140). In order to succeed on his Fourth Amendment claim and establish that the search lacked probable cause, Plaintiff would have to "probe the causal chain" and "delve into the evidence before numerous decision makers." *Farah v. Weyker*, 926 F.3d 492, 499 (8th Cir. 2019). This inquiry would "pose a greater risk of intruding on the investigatory . . . function[ ] of the executive branch," *Annappareddy v. Pascale*, 996 F.3d 120, 133 (4th Cir. 2021), than in *Bivens* because "*Bivens* did not require this type of fact-checking and conscience-probing," *Ahmed v. Weyker*, 984 F.3d 564, 569 (8th Cir. 2020).

These differences would also be applicable to *Davis*. Therefore, the Court agrees with Defendant Savage that this action presents a new *Bivens* context.

For the next step in the inquiry, Defendant Savage argues the same argument as Defendants Henderson and Scarince — "Plaintiff can report any alleged misconduct to the Inspector General of the Department of Homeland Security, who must either investigate or refer the matter to the Officer for Civil Rights and Civil Liberties." (Savage MTD at 24–25 (quoting *Pettibone*, 59 F.4th at 456–57)). Defendant Savage also argues that the FTCA is "another alternative remedial structure potentially available to Plaintiff, which should preclude this court from 'fashioning a Bivens remedy.'" (*Id.* at 25 (quoting *Bailey v. Cox*, No. 1:22-cv-0757-JLT-SAB (PC), 2023 WL 6930883, at *5 (E.D. Cal. Oct. 19, 2023), *report and recommendation adopted*, No. 1:22-cv-0757-JLT-SAB (PC), 2023 WL 8789405 (E.D. Cal. Dec. 19, 2023))). For the reasons discussed in the Henderson and Scarince MTD step-two inquiry, the alternative remedial structure precludes a *Bivens* action.

Even if there is a valid *Bivens* claim against Defendant Savage, he is protected by qualified immunity. "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Wood v. Moss*, 572 U.S. 744, 763 (2014) ("[I]ndividual government officials 'cannot

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-07120-MWF (SKx)          **Date:** May 14, 2024
**Title:** Christopher Psaila v. Erika Girardi et al.

be held liable' in a *Bivens* suit 'unless they themselves acted [unconstitutionally].'" (quoting *Iqbal*, 556 U.S. at 683)). Given the existing precedents, it cannot be said that Defendant Savage's conduct, in his supervisory position as senior official in charge of the Secret Service's Los Angeles office, violates clearly established law under a theory of respondeat superior.

Accordingly, the Savage MTD is granted.

## IV. CONCLUSION

At the hearing, Plaintiff requested leave to amend to add a FTCA claim.

Accordingly, the Henderson and Scarince MTD is **GRANTED** *with leave to amend* and the Savage MTD is **GRANTED** *with leave to amend* as to Plaintiff's *Bivens* claim and to add a FTCA claim. As to Plaintiff's *Bivens* claim, the Court is dubious that any amendment will not be futile, but Plaintiff is given one — and only one — opportunity to amend.

Plaintiff may file a First Amended Complaint ("FAC") by no later than **June 10, 2024**. Defendants Savage, Henderson, and Scarince shall respond to the FAC, if filed, by no later than **July 1, 2024**. Plaintiff is warned that any future successful motion to dismiss as to Plaintiff's *Bivens* claim will be granted without leave to amend.

Failure to file a FAC will be construed as the intention to stand on the current allegations and thus the action will be **DISMISSED** as to Defendants Savage, Henderson, and Scarince. Judgment will then be entered in favor of those Defendants at the conclusion of the action.

IT IS SO ORDERED.