Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel:  213.236.0600 Fax:  213.236.2700

Attorneys for Defendants
KENNETH HENDERSON and STEVE
SCARINCE

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PSAILA,<br><br>Plaintiff,<br><br>v.<br><br>ERIKA GIRARDI aka ERIKA JAYNE, AMERICAN EXPRESS COMPANY, ROBERT SAVAGE, KENNETH HENDERSON, STEVE SCARINCE, PETER GRIMM, LAIA RIBATALLADA, MICHAEL MINDEN, UNITED STATES OF AMERICA, and DOES 1 TO 10, Inclusive,<br><br>Defendants. | Case No. 2:23-cv-07120-MWF-SK<br><br>**DEFENDANTS KENNETH HENDERSON AND STEVE SCARINCE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>[Fed. R. Civ. P. 12(b)(6), 12(b)(1)]<br><br>Date:     July 29, 2024<br>Time:    10:00 a.m.<br>Ctrm:    5A<br><br>Judge:  Hon. Michael W. Fitzgerald |

TO PLAINTIFF CHRISTOPHER PSAILA, AND HIS ATTORNEYS:

PLEASE TAKE NOTICE that on July 29, 2024, at 10:00 a.m., or as soon thereafter as the matter may be held before the Honorable Michael W. Fitzgerald, 350 West First Street, Courtroom 5A, Los Angeles, California 90012, Defendants KENNETH HENDERSON and STEVE SCARINCE (collectively, "Defendants") will move to dismiss Plaintiff's First Amended Complaint (Dkt. 109), and specifically the *Bivens* claims (Causes of Action #1 and #2) asserted in the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and

12(b)(6), on the following grounds:

1.     Defendants Henderson and Scarince are entitled to qualified immunity because they were not on notice their actions were unlawful.

2.     The *Bivens* claims against Defendants Henderson and Scarince are not viable under the Fourth or Fifth Amendments.

3.     *Bivens* should not be expanded to the legal claims asserted here, in part because Plaintiff has alternative remedies available.

This motion is based upon this notice of motion and motion, the accompanying memorandum of points and authorities, the pleadings on file in this action, and on such further argument that may be heard by this Court at the hearing.

The parties met and conferred about the grounds for this motion in advance, in compliance with Local Rule 7-3.

Dated:  June 27, 2024                    BURKE, WILLIAMS & SORENSEN, LLP


By: /s/ *Susan E. Coleman*
Susan E. Coleman

Attorneys for Defendants
KENNETH HENDERSON and STEVE SCARINCE

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4887-9923-1180 v1

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.     STATEMENT OF RELEVANT FACTS ......................................................... 1

II.    STANDARD ON MOTION TO DISMISS ..................................................... 3

    A.     Dismissal for Lack of Subject Matter Jurisdiction – Rule 12(b)(1) ............................................................................................... 3

    B.     Dismissal for Failure to State a Claim Under Rule 12(b)(6) .................. 4

III.   ARGUMENT ................................................................................................ 5

    A.     Defendants are Entitled to Qualified Immunity ...................................... 5

    B.     The *Bivens* Claims are Not Viable ......................................................... 8

    C.     *Bivens* should not be expanded to cover the Constitutional Claims ................................................................................................... 11

    D.     Availability of Alternative Measures Weigh Against the Expansion of *Bivens* Here .................................................................. 16

IV.    CONCLUSION ............................................................................................ 20

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4887-9923-1180 v1

i

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S FIRST
AMENDED COMPLAINT

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Al-Ra'id. v. Ingle*,
   69 F.3d 28 (5th Cir. 1995) ....................................................................... 6

*Ashcroft v. al-Kidd*,
   563 U.S. 731 (2011) ................................................................................ 6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ....................................................................... 4, 5, 8

*Barbera v. Smith*,
   *836 F.2d 96* (2d Cir. 1987) ..................................................................... 8

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ....................................................................... 4, 5, 8

*Bivens v. Six Unknown Named Agents*,
   403 U.S. 388 (1971) ........................................................................ 11, 12

*Black Lives Matter D.C. v. Trump*,
   Civ. A. No. 20-1469 (DLF), 2021 WL 2530722 (D.D.C. June 21,
   2021) ...................................................................................................... 14

*Brady v. Maryland*,
   373 U.S. 83 (1963) .................................................................................. 9

*Brinegar v. United States*,
   338 U.S. 160 (1949) ................................................................................ 9

*Cantú v. Moody*,
   933 F.3d 414 (5th Cir. 2019) ................................................................ 13

*Carlson v. Green*,
   446 U.S. 14 (1980) ................................................................................ 11

*Davis v. Passman*,
   442 U.S. 228 (1979) ........................................................................ 11, 14

*Draper v. United States*,
   358 U.S. 307 (1959) ................................................................................ 9

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4887-9923-1180 v1

ii

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

*Egbert v. Boule*,
   142 S. Ct. 1793 (2022) ............................................................................*passim*

*United States v. Farley*,
   2 F.3d 645 (6th Cir. 1993) ............................................................................ 10

*Gen. Motors Corp. v. EPA*,
   363 F.3d 442 (D.C. Cir. 2004) ....................................................................... 3

*Giglio v. United States*,
   405 U.S. 150 (1972) .................................................................................... 10

*Giordenello v. United States*,
   357 U.S. 480 (1958) ...................................................................................... 9

*Harlow v. Fitzgerald*,
   457 U.S. 800 (1982) ................................................................................. 5, 6

*Hart v. Parks*,
   450 F.3d 10 (9th Cir. 2006) ........................................................................ 7, 9

*Hartman v. Moore*,
   547 U.S (2006) ........................................................................................... 15

*Hernandez v. Mesa*,
   140 S. Ct. 735 (2020) ...................................................................... 11, 12, 13

*Johnson v. Santiago*,
   -- F. Supp. 3d --, No. 20-cv-6345, 2022 WL 3643591 (E.D.N.Y.
   Aug. 24, 2022) ............................................................................................ 19

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ...................................................................................... 3

*Kyles v. Whitley*,
   514 U.S. 419 (1995) .................................................................................... 10

*Lanuza v. Love*,
   899 F.3d 1019 (9th Cir. 2018) .................................................................. 15, 16

*Leuthauser v. United States*,
   576 F. Supp. 3d 806 (D. Nev. 2021) ............................................................. 18

*Liff v. Office of Inspector Gen. for the U.S. Dept' of Labor*,
   881 F.3d 912 (D.C. Cir. 2018) ..................................................................... 19

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

*Lock v. United States*,
   11 U.S. ................................................................................................ 9

*Loumiet v. U.S.*,
   948 F.3d 376 (D.C. Cir 2020)........................................................... 13, 15

*Lovell v. Parker*,
   No. 18-CV-1867, 2022 WL 3045039 (E.D.N.Y. Aug. 3, 2022)........................ 18

*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................ 3

*Malley v. Briggs*,
   475 U.S. 335 (1986) ............................................................................ 6

*McClendon v. City of Columbia*,
   305 F.3d 314 (5th Cir. 2002) ................................................................. 6

*Mitchell v. Forsyth*,
   472 U.S. 511 (1985) ........................................................................ 5, 6

*Neitzke v. Williams*,
   490 U.S. 319 (1989) ............................................................................ 8

*Oliva v. Nivar*,
   973 F.3d 438 (5th Cir. 2020) ................................................................ 19

*Outdoor Media Group, Inc. v. City of Beaumont*,
   506 F.3d 895 (9th Cir. 2007) ................................................................. 3

*Pearson v. Callahan*,
   129 S. Ct. 808 (2009)........................................................................... 7

*Pearson v. Callahan*,
   555 U.S. 223 (2009) ............................................................................ 6

*Pinson v. Dep't of Just.*,
   Civ. A. No. 12-1872 (RC), 2021 WL 790380 (D.D.C. Jan. 8, 2021) .......... 11, 12

*United States v. Ritchie*,
   342 F.3d 903 (9th Cir.2003) ................................................................. 3

*Saucier v. Katz*,
   533 U.S. 194 (2001) ........................................................................ 6, 7

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4887-9923-1180 v1

iv

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

*Shaw v. District of Columbia*,
  944 F. Supp. 2d 43 (D.D.C. 2013)........................................................6

*Shekoyan v. Sibley Int'l Corp.*,
  217 F. Supp. 2d 59 (D.D.C. 2002)......................................................3

*Siegert v. Gilley*,
  500 U.S. 226 (1991) ...........................................................................6

*States v. Henthorn*,
  931 F.2d 29 (9th Cir. 1991) ...............................................................9

*Steele v. United States*,
  267 U.S. 498 (1925) ...........................................................................9

*Telesaurus VPC, LLC v. Power*,
  623 F.3d 998 (9th Cir. 2010) ........................................................3, 4

*Thompson v. Upshur County, TX*,
  245 F.3d 447 (5th Cir. 2001) .............................................................5

*Tsao v. Desert Palace, Inc.*,
  698 F.3d 1128 (9th Cir. 2012) ...........................................................7

*United States v. Ventresca*,
  380 U.S. 102 (1965) ...........................................................................9

*Weatherford v. Bursey*,
  429 U.S. 545 (1997) .........................................................................10

*Wilkie v. Robbins*,
  551 U.S. 537 (2007) .........................................................................16

*Wilson v. Libby*,
  535 F.3d 697 (D.C. Cir. 2008)..........................................................20

*Ziglar v. Abbasi*,
  137 S. Ct. 1843 (2017)................................................................*passim*

**Federal Statutes**

5 U.S.C. § 702..................................................................................19

5 U.S.C. § 706..................................................................................19

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4887-9923-1180 v1

v

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

5 U.S.C. § App. 3 § 8I(c) ........................................................................ 17

6 U.S.C. § 113(b) .................................................................................. 17

6 U.S.C. § 113(d)(3) .............................................................................. 17

6 U.S.C. § 345(a)(1) .............................................................................. 17

6 U.S.C. § 345(a)(4) .............................................................................. 17

6 U.S.C. § 345(a)(6) .............................................................................. 18

6 U.S.C. § 381 ....................................................................................... 17

18 U.S.C. § 2511 ..................................................................................... 2

18 U.S.C. § 3056(b) .............................................................................. 13

28 U.S.C. § 1346 ................................................................................... 19

28 U.S.C. § 2679 ................................................................................... 19

28 U.S.C. § 2680(h) .............................................................................. 19

Federal Tort Claims Act ("FTCA") ................................................. 19, 20

**State Statutes**

Administrative Procedure Act .............................................................. 19

Cal. Pen. Code § 633 .............................................................................. 2

**Other Authorities**

Eighth Amendment ................................................................................ 11

Fed. R. Civ. P.
    Rule 12(b)(1) ..................................................................................... 5
    Rule 12(b)(6) ..................................................................................... 5

Fifth Amendment ............................................................................*passim*

File a Civil Rights Complaint, Homeland Security, https://dhs.gov/file-
    a-civil-rights-complaint (last visited Jan. 24, 2024) .......................... 18

First Amendment ................................................................................... 15

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4887-9923-1180 v1

vi

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

Fourteenth Amendment ......................................................................................... 10

Fourth Amendment ...................................................................................... 12, 14

https://www.ice.gov/news/releases/ex-ice-attorney-sentenced-prison-
    falsifying-document-immigration-case ............................................................ 15

https://www.oig.dhs.gov/hotline (last visited Jan. 24, 2024) ................................ 17

Report Employee Misconduct, U.S. Secret Service,
    https://secretservice.gov/reportmisconduct (last visited January 24,
    2024) ................................................................................................................ 17

Rule 12(b)(1) ............................................................................................................ 3

Rule 12(b)(6) ............................................................................................................ 4

Rule 8(a) .................................................................................................................. 4

U.S. Department of Justice Manual, Section 9-5.001- B(2) .................................. 10

Wright, *Federal Practice and Procedure*, Criminal Section 110 ........................... 9

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4887-9923-1180 v1

vii

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  STATEMENT OF RELEVANT FACTS

Plaintiff Christopher Psaila contends that U.S. Secret Service Agents Henderson and Scarince investigated him for financial crimes because of Thomas Girardi's relationship to and/or bribery and influence of their supervisor, Robert Savage.  (*See generally*, FAC. [Dkt. 109].) The First Amended Complaint seems to *assume* Henderson and Scarince were aware of this relationship, which they deny, but fails to explain the basis for this assumption or provide any specific facts to support it. (*See id*.)  Plaintiff contends the Girardis "weaponized the Secret Service to maliciously prosecute Chris Psaila" by bribing Special Agent in Charge (SAIC) Robert Savage "to cause his agents, Defendants Scarince and Henderson, to criminally investigate Chris Psaila for federal crimes." (*Id*., ¶ 4.)

Erika Girardi hired Marco and Marco LLC, founded by Plaintiff and his partner Marco Morante, to create costumes for her performances. Erika Girardi was an authorized user on her husband Tom Girardi's American Express ("AMEX") card, and she gave the card information to Marco and Marco to charge her for costumes and services.  After years of business dealings, Erika Girardi complained that Plaintiff had defrauded her by charging unauthorized amounts of $800,000 to $900,000 from 2015 through 2016. (*Id*., ¶ 3.) While Plaintiff contends these charges were all legitimate, it is not clear how Defendants Henderson or Scarince would or should have known this when Erika Girardi told them otherwise.[1] (*See id*., ¶¶ 40-41.) AMEX accepted the claims of fraud and refunded the Girardis $787,117.88, and told the Secret Service that Erika Girardi was the victim of Plaintiff's fraud. (*Id*., ¶ 5.)

On December 14, 2016, Defendants Henderson and Scarince had Erika Girardi visit Plaintiff's business Marco Marco LLP, to discuss the AMEX charges,

---

[1] Nor do Defendants concede that the charges were authorized.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4887-9923-1180 v1                    1                    Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

while recording the conversation.[2] (*Id.*, ¶ 52.)  Plaintiff agreed on tape that he may have overcharged Girardi and would "do what it takes to make things right, even if that meant taking out a loan." (*See id.*) Although Plaintiff characterizes the statements recorded as simply wanting to resolve any disagreement amicably based on what he viewed as a "business dispute" (*id.*, ¶ 52, 55), that is his interpretation.

On January 9, 2017, Agent Henderson applied for and a Judge issued a Search Warrant to search Marco Marco LLP's business. (*Id.* ¶ 60.) Several months after seizure of records and computers, the case was presented in April 2017 to a grand jury. (*Id.* ¶ 78.) Plaintiff alleges the indictment was issued because the reimbursement of $787,117.88 by AMEX implied that there was a determination of fraud committed in that amount and that it was investigated[3]. (*Id.*)

An indictment was returned on April 28, 2017. (*Id.* ¶ 86, 89.) Plaintiff was arrested on April 28, 2017. (*Id.* ¶ 97.) He was ordered released on bail. (*Id.*)

Plaintiff's defense attorney Mr. Greenberg asked for *Brady* and *Henthorn* material in correspondence dated July 21, 2021.  (*Id.* ¶ 110.) Plaintiff contends no information was turned over in response to this request "other than what may have already been produced." (*Id.*)

Plaintiff's defense attorney asked questions about the amount of the reimbursement AMEX provided to Girardi. (*Id.*, ¶ 106.) On September 25, 2021, Plaintiff's defense counsel asked for a copy of the check issued by AMEX. (*Id.,* ¶

---

[2] Plaintiff accuses defendants of lacking reasonable suspicion or probable cause to outfit Girardi with a recording device and attempting "to entrap" him into "saying something incriminating." (*See* Compl., ¶ 55); However, law enforcement may record conversations for investigatory reasons. Cal. Pen. Code § 633. Federal law only requires one-party consent to record. 18 U.S.C. § 2511. Further, to the extent reasonable suspicion was needed, Erika Girardi's statement to law enforcement that she was defrauded was sufficient.

[3] The large AMEX refund does support Henderson and Scarince's reasonable belief in Erika Girardi's claim that she had been defrauded.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4887-9923-1180 v1                                    2                    Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

111.)

On September 28, 2021, the U.S. moved to dismissed the indictment, and it was dismissed on September 29, 2021, by Judge Olguin. (*Id*., ¶ 113.)

## II.     STANDARD ON MOTION TO DISMISS

### A.     Dismissal for Lack of Subject Matter Jurisdiction – Rule 12(b)(1)

Federal courts are courts of limited jurisdiction, see *Gen. Motors Corp. v. EPA*, 363 F.3d 442, 448 (D.C. Cir. 2004), and the law presumes that "a cause lies outside [the court's] limited jurisdiction" unless the plaintiff establishes otherwise, *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). In response to a motion to dismiss a complaint for lack of subject matter jurisdiction, a plaintiff must establish jurisdiction by a preponderance of the evidence. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992); *Shekoyan v. Sibley Int'l Corp*., 217 F. Supp. 2d 59, 63 (D.D.C. 2002).

In evaluating a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(1), the Court generally considers only those allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899-900 (9th Cir. 2007). A court may consider matters of judicial notice without converting the motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).

The Court need not accept conclusory allegations. It should "begin 'by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" *Telesaurus VPC, LLC v. Power,* 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted). The Court should disregard "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements…." *Id.* (citations omitted). After eliminating legal conclusions, the court must identify "well-pleaded factual allegations," which it assumes to be true, "and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4887-9923-1180 v1                                  3                                  Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

1  (citations omitted). "To survive a motion to dismiss, a complaint must contain
2  sufficient factual matter, accepted as true, to state a claim for relief that is plausible
3  on its face." *Id.* (citations omitted).

4  **B.   Dismissal for Failure to State a Claim Under Rule 12(b)(6)**

5  Under Rule 12(b)(6), the court may dismiss all or part of a complaint which
6  fails to allege "sufficient factual matter, accepted as true, to state a claim to relief
7  that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal
8  quotation marks and citation omitted). Here, too, the court must accept as true the
9  well-pled factual allegations in the complaint and draw all reasonable inferences in
10  the plaintiff's favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). The
11  court need not, however, credit [t]hreadbare recitals of the elements of a cause of
12  action, supported by mere conclusory statements[.]" *Iqbal*, 556 U.S. at 678 (citing
13  *Twombly*, 550 U.S. at 555). If, therefore, the complaint does not "permit the court to
14  infer more than the mere possibility of misconduct, the complaint has alleged—but
15  it has not 'show[n]'—'that the pleader is entitled to relief,'" and the court should
16  dismiss the complaint under Rule 12(b)(6). *Iqbal*, 556 U.S. at 679 (quoting Fed. R.
17  Civ. P. 8(a)(2)).

18  Under the Rule 8(a), a complaint must contain "a short and plain statement of
19  the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. (8)(a), "in
20  order to 'give the defendant fair notice of what the . . . claim is and the grounds
21  upon which it rests.'" *Twombly*, 550 U.S. at 555 (citation omitted). Rule 12(b)(6)
22  provides a vehicle for parties to challenge the sufficiency of a complaint on the
23  ground that it "fail[s] to state a claim upon which relief can be granted." Although
24  "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion
25  to dismiss, to provide the "grounds" of "entitle[ment] to relief," a plaintiff must
26  furnish "more than labels and conclusions" or "a formulaic recitation of the
27  elements of a cause of action." *Twombly*, 550 U.S. at 555. "Nor does a complaint
28  suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4887-9923-1180 v1

4

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

1  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint

2  must contain sufficient factual allegations that, if accepted as true, "state a claim to

3  relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial

4  plausibility when the plaintiff pleads factual content that allows the court to draw

5  the reasonable inference that the defendant is liable for the misconduct alleged."

6  *Iqbal*, 556 U.S. at 678. When a complaint's well-pleaded facts do not enable a court,

7  "draw[ing] on its judicial experience and common sense," "to infer more than the

8  mere possibility of misconduct," the complaint has not shown that the pleader is

9  entitled to relief. *Id.* at 679. The Complaint here fails to meet the above standards.

10  **III.   ARGUMENT**

11          Pursuant to Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6), all

12  claims asserted against Defendants Henderson and Scarince should be dismissed.

13  First, they are entitled to qualified immunity for their roles because they reasonably

14  believed they were acting lawfully in investigating the Girardi's claim of fraud.

15  Second, the two *Bivens* claims (for individual and supervisory roles) both fail on the

16  merits. Finally, *Bivens* should not be expanded to cover the Fourth and/or Fifth

17  Amendment claims made here. This would be an unprecedented extension of the

18  *Bivens* doctrine, which is not warranted.

19          **A.   Defendants are Entitled to Qualified Immunity**

20          Assuming arguendo the First Amended Complaint could be read to assert a

21  viable *Bivens* claim or claims against Defendants Henderson and Scarince, they are

22  protected by qualified immunity. Qualified immunity is "immunity from suit rather

23  than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985);

24  *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982). This doctrine shields government

25  officials who, in the performance of their discretionary functions, acted in an

26  objectively reasonable manner in light of the clearly established law at the time of

27  their actions. *Thompson v. Upshur County, TX*, 245 F.3d 447, 456 (5th Cir. 2001).

28  As long as there is a "legitimate question" about the constitutionality of a particular

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4887-9923-1180 v1                     5                     Case No. 2:23-cv-07120-MWF-SK
                                                            DEFENDANTS' MTD PLAINTIFF'S
                                                            FIRST AMENDED COMPLAINT

conduct, "it cannot be said that. . . such conduct violates clearly established law." *Mitchell*, 472 U.S. at 528. Qualified immunity, in sum, protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

"Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). see also *Harlow*, 457 U.S. at 818 (qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known"). Thus, the "protection of qualified immunity applies regardless of whether the government officials' error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (citation omitted). Ultimately a court must determine "(1) 'whether a constitutional right would have been violated on the facts alleged,' and (2) 'whether the right was clearly established' at the time of the violation." *Shaw v. District of Columbia*, 944 F. Supp. 2d 43, 54 (D.D.C. 2013) (quoting Saucier v. Katz, 533 U.S. 194, 201 (2001)).

Plaintiff bears the burden of pleading that defendants acted in violation of a clearly established constitutional right. *Harlow*, 457 U.S. at 818; *Siegert v. Gilley*, 500 U.S. 226, 232 (1991). Moreover, the plaintiff bears the burden of defeating a defendant's claim to qualified immunity. *Al-Ra'id. v. Ingle*, 69 F.3d 28, 33 (5th Cir. 1995). Thus, when a defendant invokes qualified immunity, as here, the burden rests with the plaintiff to demonstrate the inapplicability of the defense. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

The Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001), set out in very specific language a two-part qualified immunity analysis to be used when officers are alleged to have violated constitutional rights. Courts have the discretion to decide "which of the two prongs of the qualified immunity analysis [to address] first

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4887-9923-1180 v1

6

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

1   in light of the circumstances in the particular case at hand." *Pearson v. Callahan,*

2   129 S. Ct. 808, 818 (2009). The first element is a determination of whether "the

3   facts alleged show the officer's conduct violated a constitutional right." *Saucier,* 533

4   U.S. at 201. The second element is a determination of "whether the right was clearly

5   established" or "whether it would be clear to a reasonable officer that his conduct

6   was unlawful in the situation he confronted." *Id.* at 201-02.

7        A review of the facts outlined in the First Amended Complaint fails to support

8   Plaintiff's claims that his constitutional rights were violated by Defendants

9   Henderson and Scarince. Plaintiff makes conclusory statements and offers no

10   evidence or specific facts to support his claims against these Defendants. For

11   example, though Plaintiff claims "the Girardis solicited and bribed Secret Service

12   Special Agent in Charge (SAIC) Robert Savage to cause his agents, Defendants

13   Scarince and Henderson, to criminally investigate Chris Psaila for federal crimes,"

14   (FAC, ¶ 4), there is no factual basis to show either of these agents <u>knew</u> of the

15   alleged relationship and/or transactions between Tom Girardi and their supervisor.

16        Plaintiff also offers insufficient allegations, and certainly no evidence, that

17   any actions or omissions of the Defendants were objectively unreasonable in

18   reference to clearly established law. Plaintiff repeatedly asserts that the Defendants

19   did not adequately investigate and recklessly ignored information that would have

20   helped him. (*See generally,* FAC.) But once probable cause is established, officers

21   **do not have a duty to investigate further** for exculpatory evidence. *Tsao v. Desert*

22   *Palace, Inc.,* 698 F.3d 1128, 1147 (9th Cir. 2012).  The probable cause inquiry turns

23   not on whether there was a violation in fact, but on whether a reasonable officer

24   would conclude that there was a fair probability of a violation. *Hart v. Parks,* 450

25   F.3d 10, 1066-1067 (9th Cir. 2006) (noting that for probable cause, the detectives

26   did not need personal knowledge that the items "were actually stolen").

27        Here, no reasonable agent in the circumstances Henderson and Scarince

28   confronted would understand that their conduct was unconstitutional. They had a

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4887-9923-1180 v1                7                Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

complaining witness/victim alleging financial fraud, incriminating admissions of the suspect audiotaped, a refund of almost $800,000 from AMEX for the same disputed transactions, and a judge signed off on a search warrant based on these facts. (*See* FAC.) Subsequently, they presented evidence to a prosecuting U.S. attorney, who decided to present the matter to a grand jury, which in turn issued an indictment. No reasonable officer or agent in their position(s) would be on notice their conduct was unlawful. While Plaintiff attempts to cast doubt on the motivation underlying the investigation itself, without any evidence suggesting Defendants Henderson and Scarince actually knew of any alleged improper connection between the Girardis and their supervisor Savage, Plaintiff has not met his burden of showing a violation of a clearly established constitutional right or that Defendants **knowingly** violated the law. Indeed, Defendant-Agents Henderson and Scarince were just doing their jobs and are thus are entitled to qualified immunity.

### B.    The *Bivens* Claims are Not Viable

Plaintiff's *Bivens* claims should be dismissed because he fails to state a claim for relief against Defendants Henderson and Scarince. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. To maintain a cause of action against the Defendants, Plaintiff must specifically allege that these Defendants were directly and personally responsible for the alleged constitutional violations and describe what they did that amounted to a violation. *See Iqbal*, 556 U.S. at 676; *Barbera v. Smith, 836 F.2d 96,* 99 (2d Cir. 1987).

Here, Plaintiff's First Amended Complaint falls short with respect to Defendants Henderson and Scarince and they should be dismissed. As noted above, while the First Amended Complaint alleges Defendants should have done more and investigated further, it also sets forth allegations sufficient for probable cause to

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4887-9923-1180 v1                          8                   Case No. 2:23-cv-07120-MWF-SK
                                                               DEFENDANTS' MTD PLAINTIFF'S
                                                               FIRST AMENDED COMPLAINT

request a warrant and to present the case to the grand jury. Plaintiff's First Amended Complaint alleges Erika Girardi complained that her and/or her husband's American Express account was used without authorization for hundreds of thousands of dollars of unauthorized charges; that Plaintiff admitted to "errors" during a recorded interview and agreed to make amends including taking out a loan if needed; AMEX issued a refund of nearly $800,0000 to the Girardis; a judge issued a search warrant for Marco and Marco's business; and the grand jury issued an indictment. (*See* FAC.) This was sufficient for any reasonable officer to conclude that there was a fair probability of a criminal violation. *Hart v. Parks,* 450 F.3d at 1066-1067; *Lock v. United States,* 11 U.S. (7 Cr.) 339, 348 (1813). *See Steele v. United States*, 267 U.S. 498, 504–05 (1925). Probable cause may rest upon evidence that is not legally competent in a criminal trial, *Draper v. United States,* 358 U.S. 307, 311 (1959), and it need not be sufficient to prove guilt in a criminal trial. *Brinegar v. United States*, 338 U.S. 160, 173 (1949). *See United States v. Ventresca,* 380 U.S. 102, 107–08 (1965).

Further, the search warrant for Marco & Marco was approved by a judge. The issuing party must judge for himself the persuasiveness of the facts relied on by a [complainant] to show probable cause. *Giordenello v. United States*, 357 U.S. 480, 486 (1958). Subsequently, the arrest followed an indictment issued by the federal grand jury, which found probable cause to issue the indictment. The grand jury has the option to indict or to return a "no bill." *See* Wright, *Federal Practice and Procedure*, Criminal Section 110. The decision to present the case to the grand jury would have also been vetted by a prosecuting U.S. Attorney using his or her independent judgment.

Notably, although the *Bivens* claim set forth in the Complaint is premised on alleged violations of the Fourth and/or Fifth Amendment, it then cites to obligations under *Brady v. Maryland*, 373 U.S. 83 (1963) and related doctrines including *Henthorn* (*States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), the federal corollary of

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4887-9923-1180 v1                    9                    Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

the duties set forth in *Giglio v. United States*, 405 U.S. 150 (1972), for impeachment evidence). Assuming Plaintiff's *Brady/Henthorn* theory is brought under the Fifth Amendment right to due process, as the Fourteenth Amendment cannot be used against federal actors, US DOJ regulations put those obligations directly on the prosecutor – not the investigating agents. According to the U.S. Department of Justice Manual, Section 9-5.001- B(2), it is the <u>obligation of federal prosecutors</u>, in preparing for trial, to seek all exculpatory and impeachment information from all the members of the prosecution team. Members of the prosecution team include federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant. *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). *Brady* requires <u>prosecutors</u> to disclose exculpatory and impeachment information material to guilt or innocence in sufficient time to permit the defendant to make effective use of that information at trial. *See*, *e.g. Weatherford v. Bursey*, 429 U.S. 545, 559 (1997); *United States v. Farley*, 2 F.3d 645, 654 (6th Cir. 1993).

Further, many of these *Brady/Henthorn* and related obligations are triggered at the <u>time of trial</u>. No trial occurred here. Plaintiff alleges that his attorney made a request for *Brady* and *Henthorn* material in correspondence dated July 21, 2021, and that no material was turned over before the indictment was dismissed months later. (FAC ¶ 110.) Despite citing the request made, there is no indication that Henderson and Scarince failed to turn over all of the exculpatory and impeachment information *of which they were aware* to the federal prosecutor who handled the grand jury proceedings. It is not clear that Henderson and Scarince knew of any dealings or connections between Girardi and Savage (their supervisor), for example. Nor is this alleged - as opposed to implied or assumed. (*See generally*, FAC.) Thus, the *Bivens* claims must fail as to Henderson and Scarince.

///

///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4887-9923-1180 v1

10

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

**C.**     ***Bivens* should not be expanded to cover the Constitutional Claims**

Under *Bivens*, the Supreme Court adopted an "implied cause of action" for certain money damages claims against Government officials. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1851-52 (2017). Yet, this is a limited cause of action where the Supreme Court has recognized only a small set of constitutional violations that may be maintained against government officials in their personal capacities. In *Bivens*, the Supreme Court held that claims for money damages may be brought against federal officers who violated the prohibition against unreasonable search and seizure. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

Since then, the Supreme Court has recognized only two additional implied causes of actions for constitutional violations. *See Abbasi*, 137 S. Ct. at 1854. In *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court held that "the Fifth Amendment Due Process Clause" permits "a damages remedy for gender discrimination." *Abbasi*, 137 S. Ct. at 1184-85 (discussing *Davis*). And in *Carlson v. Green*, 446 U.S. 14 (1980), the Supreme Court "held that the Eighth Amendment Cruel and Unusual Punishments Clause" gave a prisoner "a damages remedy for failure to provide adequate medical treatment." *Abbasi*, 137 S. Ct. at 1855 (discussing *Carlson*). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Id.* Where a plaintiff asks the Court to expand *Bivens* into a "new context," the court must ask whether "special factors" counsel against such an expansion. *Hernandez v. Mesa*, 140 S. Ct. 735, 743 (2020).

"[E]xpanding the *Bivens* remedy is now a 'disfavored' judicial activity." *Abbasi*, 137 S. Ct. at 1857 (quoting *Iqbal*, 556 U.S. at 675). "Courts should therefore exercise caution before extending *Bivens* remedies into any new context." *Pinson v. Dep't of Just.,* Civ. A. No. 12-1872 (RC), 2021 WL 790380, at *4 (D.D.C. Jan. 8, 2021) (quotation marks omitted). Where a claim "represents a new context for *Bivens* relief, a court proceed[s] to … ask whether there are any special factors

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4887-9923-1180 v1                                   11                    Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

1   that counsel hesitation about granting the extension." *Id.* (quoting *Hernandez*, 140 S.

2   Ct. at 743). In particular, a court asks "whether the Judiciary is well suited, absent

3   congressional action or instruction, to consider and weigh the costs and benefits of

4   allowing a damages action to proceed." *Abbasi*, 137 S. Ct. at 1857-58. Relatedly, if

5   there is an "'alternative, existing process for protecting the [injured party's]

6   interest,'" that process "itself may 'amoun[t] to a convincing reason for the Judicial

7   Branch to refrain from providing a new and freestanding remedy in damages.'" *Id.*

8   at 1858 (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).

9       Here, Plaintiff alleges a *Bivens* claim arising out of purported constitutional

10  violations of the Fourth and Fifth Amendment. As to the Fourth Amendment,

11  Plaintiff contends there was insufficient probable cause to seek a search warrant or

12  an indictment. Plaintiff's Fourth Amendment claim would fall within the

13  designation of a "new context," since the previous Supreme Court finding of a

14  Fourth Amendment *Bivens* implied damages remedy involved a <u>warrantless</u> search

15  and arrest in an apartment. *See Bivens*, 403 U.S. at 389 *et seq.*  To allow *Bivens*

16  claims to apply to circumstances where a judge signed a search warrant, or a grand

17  jury issued an indictment, would create new causes of action that would inundate the

18  court system and be in direct contradiction of the modern trend to restrict the

19  application of *Bivens* as set forth in *Abbasi*.

20      Indeed, in two recent *Bivens* decisions, the Supreme Court declined to extend

21  an implied damages remedy to claims against line-level officers alleged to have

22  committed Fourth Amendment violations. See *Egbert,* 142 S. Ct. at 1804;

23  *Hernández*, 140 S. Ct. at 743. Here too, "once we look beyond the constitutional

24  provision[] invoked … it is glaringly obvious" that Plaintiff's Fourth Amendment

25  claims arise in a new context, "one that is meaningfully different" from *Bivens*. *Id.*

26  To begin, Henderson and Scarince—as part of the Secret Service—represent a "new

27  category of defendants." *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (quoting

28  *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 68 (2001)); accord *Hernández v. Mesa*,

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4887-9923-1180 v1                           12                    Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

1   140 S. Ct. 735, 743 (2020); *Loumiet v. U.S.,* 948 F.3d 376, 382 (D.C. Cir 2020).

2   And unlike the narcotics agents in *Bivens*, who were charged with enforcing

3   federal drug laws, Henderson and Scarince operate under a distinct statutory

4   mandate altogether, as part of the Department of Homeland Security, to investigate

5   financial crimes. *See* 18 U.S.C. § 3056(b); see also *Abbasi*, 137 S. Ct. at 1860

6   (recognizing "the statutory or other legal mandate under which the officer was

7   operating" among list of meaningful differences giving rise to "new context");

8   accord *Loumiet,* 948 F.3d at 382. In other words, as compared to *Bivens*, Plaintiff's

9   claims "involve[] different conduct by different officers from a different agency"

10   operating under a distinct statutory mandate. *Cantú v. Moody*, 933 F.3d 414, 423

11   (5th Cir. 2019). These differences are enough to meet the "modest" bar required to

12   make the context new. *Abbasi,* 137 S. Ct. at 1864; see *Loumiet*, 948 F.3d at 382

13   (finding new class of defendant and statutory mandate were "each" independent

14   reasons that claim presented new context).

15   Courts are very cautious to expand the *Bivens* remedy into a new context due

16   to the potential separation-of-powers conflicts that may emerge, as courts must

17   consider whether they can properly "weigh the costs and benefits" without any

18   authority by Congress for the expansion, and consider "the risk of interfering with

19   the authority of the other branches." *See Abbasi*, 137 S. Ct. at 1857. Therefore, when

20   a plaintiff requests a court to expand *Bivens* into a new context, the court must ask

21   whether "any special factors" would go against the expansion. *See Hernandez*, 140

22   S. Ct. at 743. To determine whether a case arises in a "new context," courts

23   determine whether the case differs "in a meaningful way" from prior Supreme Court

24   *Bivens* cases, with expansion now being viewed as "a disfavored judicial activity."

25   *See Abbasi*, 147 S. Ct. at 1857-59. Even if a constitutional damages remedy was

26   found in a previous case, that does not preclude a similar claim from arising in a

27   new context. *See Hernandez*, 140 S. Ct. at 743.

28   ///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4887-9923-1180 v1

13

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

1    Plaintiff's First Amended Complaint also appears to ask the Court to expand

2  *Bivens* and apply it to the Fifth Amendment Right to Due Process. *See* FAC, First &

3  Second Causes of Action. But the **only time** the Supreme Court has permitted a

4  Fifth Amendment claim under *Bivens* has been in the context of gender employment

5  discrimination, a markedly different context than the alleged violation of due

6  process here. *See Davis v. Passman*, 442 U.S. 228, 230 (1979). Applying *Bivens* to

7  this situation, where a grand jury indictment has issued but trial has not occurred

8  and the Plaintiff claims *Brady* and/or *Henderson* evidence was not turned over,

9  would be an unwarranted expansion.

10   In *Black Lives Matter D.C. v. Trump*, Civ. A. No. 20-1469 (DLF), 2021 WL

11 2530722 (D.D.C. June 21, 2021), the Court analyzed whether *Bivens* claims could

12 be maintained by protesters cleared from Lafayette Square by Secret Service and

13 other federal agents. There, the Court found that the plaintiff's Fourth Amendment

14 and Fifth Amendment constitutional claims arose in a new context that was

15 "meaningfully different" from *Bivens*, as it involved a protest in Lafayette Square

16 outside the White House and not execution of a warrant at the wrong apartment. *See*

17 *Black Lives Matter*, 2021 WL 2530722, at *12. Therefore, the Court agreed that the

18 *Bivens* claims must be dismissed because an extension of the *Bivens* remedy to this

19 "new context" was unwarranted, citing *Abbassi*. *Id.* at *4.

20   Similar to the plaintiffs' argument in *Black Lives Matter*, Plaintiff in this case

21 alleges that he has a right to a damages claim arising out of a purported Fifth

22 Amendment due process claim and a Fourth Amendment claim based on a search

23 pursuant to a judicially approved warrant. As the Court in *Black Lives Matter* held,

24 such protections must be rejected because, "as the Supreme Court has instructed,

25 what matters is whether the claims in this case arise in a similar context to *Bivens* or

26 *Davis*." *Id*. at 5. <u>They do not</u>.

27   Plaintiff's First Amended Complaint provides no reason why this Court

28 should make an incredible departure from former precedent and grant a *Bivens*

remedy here; this would not be in accord with the modern trend against providing such new remedies. See *Abbasi,* 137 S. Ct. at 1857. The new context test "may consider only Supreme Court decisions approving *Bivens* actions," and, as discussed above, the context of Plaintiff's case here is "meaningfully different" from the three major Supreme Court decisions that came before. See *Loumiet*, 948 F.3d at 383.

Plaintiff contends that malicious prosecution can form the basis for a *Bivens* claim against the Secret Service defendants. (FAC, ¶ 10.) But the cases he cites cannot be read so broadly. *Hartman v. Moore*, 547 U.S. 250 (2006) was a First Amendment retaliation case – not a Fifth Amendment due process claim. Hartman involved a postal service investigation for alleged kickbacks to a consulting firm in the search for a new Postmaster General. The defendant company was acquitted. The Supreme Court held that a plaintiff in a retaliatory-prosecution action must plead and show the absence of probable cause for pressing the underlying charges. Plaintiff does not seek to bring a First Amendment claim – or one of retaliation – and he cannot simply apply this case's holding to a *Bivens* claim brought under another constitutional amendment.

Plaintiff next *cites Lanuza v. Love*, 899 F.3d 1019 (9th Cir. 2018) to allege that suppression or fabrication of evidence may form the basis for a *Bivens* claim. (FAC, ¶ 10.) But Lanuza did not address suppression of evidence. In *Lanuza,* a U.S. Immigration and Customs Enforcement Assistant Chief Counsel representing the government intentionally forged[4] and submitted an ostensible government document (I-826 form) in an immigration proceeding, which had the effect of barring Ignacio Lanuza from obtaining lawful permanent resident status, a form of relief to which he was otherwise lawfully entitled. The Court held that the "special factors articulated

---

[4] This was not merely an *allegation* of fabrication but a criminal conviction of a government attorney: https://www.ice.gov/news/releases/ex-ice-attorney-sentenced-prison-falsifying-document-immigration-case.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4887-9923-1180 v1

15

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

in *Abbasi* (137 S.Ct. at 1857*)* do not counsel against extending a *Bivens* remedy to the narrow claim here, where an immigration official and officer of the court forged and submitted evidence in a deportation proceeding to deprive an individual of his right to relief under congressionally enacted laws." The Court found it notable that Lanuza had no other remedy available, holding:  "a plaintiff seeking a *Bivens* remedy under this theory must allege sufficient facts to show that a federal official willfully submitted falsified evidence <u>and the submission of this evidence resulted in a complete bar to relief to which the individual was otherwise entitled</u> under congressionally enacted laws." *Lanuza*, 899 F.3d at 1033 (emphasis added). Here, not only is there no claim of Agents Henderson or Scarince willfully submitting falsified evidence,[5] but Plaintiff also has other remedies available, as shown below. Thus, *Bivens* should not be expanded to permit claims in a new context against Secret Service defendants.

## D.   Availability of Alternative Measures Weigh Against the Expansion of *Bivens* Here

So long as Plaintiff has other alternative "means to be heard" on his position, the existence of alternative remedies counsels against expansion of the *Bivens* claim in this case. *See Wilkie v. Robbins*, 551 U.S. 537, 552 (2007). The Supreme Court recently made clear that an Executive Branch agency's internal grievance procedures and regulatory obligations to investigate complaints of officer misconduct are alone sufficient to preclude a *Bivens* remedy. *Egbert*, 142 S. Ct. at 1806-07. The same is true regardless of whether the procedures give the plaintiff "rights to participation or appeal," and "even if a court independently concludes" that the processes "are not as effective as an individual damages remedy." *Id*. What matters is only that "the Government has put in place safeguards to prevent

---

[5] Plaintiff argues the Secret Service agents "should have known" the Girardi's claims of being defrauded were untrue but he does not allege the Secret Service "*made up*" the allegations. *See generally,* FAC.

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4887-9923-1180 v1                                16                    Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

constitutional violations from recurring" in the context alleged. *Id*. at 1806 (quotations omitted). Such safeguards plainly exist here.

The U.S. Department of Homeland Security's Office of Inspector General is charged by Congress with the broad authority to "initiate, conduct, and supervise . . . investigations" of agency personnel. 5 U.S.C. § App. 3 § 8I(c); 6 U.S.C. § 113(b). Secret Service officers, as part of the Department of Homeland Security, are subject to such investigations. *See* 6 U.S.C. § 381 (transferring functions, personnel, assets, and obligations of Secret Service to be maintained as agency within the Department of Homeland Security). Any person may report alleged misconduct by Secret Service personnel to the Office of Inspector General via the Department of Homeland Security website.[6]

In addition, the Secret Service Office of Professional Responsibility, Inspection Division, serves as a separate investigative body and that office, too, has a website whereby anyone—including Plaintiff here— may report alleged wrongdoing, including claimed civil rights abuses, by Secret Service officers.[7] Upon receiving such allegations, the Inspection Division opens an investigation and, if appropriate, may refer the allegations to the Office of Integrity, which decides any remedial or disciplinary steps taken.

More still, Congress created the Department of Homeland Security Office for Civil Rights and Civil Liberties, 6 U.S.C. § 113(d)(3), with the specific responsibility of safeguarding against potential "abuses of civil rights" and overseeing compliance "relating to the civil rights and civil liberties of individuals affected by" Department of Homeland Security activities, id. §§ 345(a)(1), (4). The Office has the authority to "investigate complaints and information indicating

---

[6] See https://www.oig.dhs.gov/hotline (last visited Jan. 24, 2024).

[7] See Report Employee Misconduct, U.S. Secret Service, https://secretservice.gov/reportmisconduct (last visited January 24, 2024).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4887-9923-1180 v1

17

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

possible abuses of civil rights or civil liberties." Id. § 345(a)(6). And, like the Department of Homeland Security Office of Inspector General and Secret Service's Inspector Division, the Office for Civil Rights and Civil Liberties has a website by which aggrieved parties can report such misconduct.[8]

These safeguards give reason to pause before extending *Bivens* to claims of alleged civil rights violations by Secret Service agents. Through these three distinct processes—the Office of Inspector General, the Office for Civil Rights and Civil Liberties, and the Secret Service Office of Professional Responsibility, Inspection Division—Congress and the Executive Branch have put in place mechanisms for reporting and investigating misconduct (including constitutional violations) by Secret Service personnel. These schemes show "that absent a *Bivens* remedy," there are means of "deterrence to prevent" Secret Service "officers from violating the Constitution." *Abbasi,* 137 S. Ct. at 1863. And where, as here, Congress and the Executive Branch have created processes sufficient to "prevent constitutional violations from recurring" in the context at issue, "courts cannot second-guess that calibration by superimposing a *Bivens* remedy." *Egbert,* 142 S. Ct. at 1806-07 (quotations omitted); see *Lovell v. Parker*, No. 18-CV-1867, 2022 WL 3045039, at *9 (E.D.N.Y. Aug. 3, 2022) (recognizing DHS OIG investigations as alternative remedial scheme counseling against *Bivens* remedy*); Leuthauser v. United States*, 576 F. Supp. 3d 806, 813-14 (D. Nev. 2021) (finding "mere presence" of Office for Civil Rights and Civil Liberties complaint process "militates against an extension of *Bivens*").

A separate reason to refrain from extending *Bivens* is that "alternative forms of judicial relief" are also available. *Abbasi,* 137 S. Ct. at 1863 (quotations omitted). Individuals who believe Secret Service personnel are acting pursuant to an arbitrary,

---

[8] *See* File a Civil Rights Complaint, Homeland Security, https://dhs.gov/file-a-civil-rights-complaint (last visited Jan. 24, 2024).

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4887-9923-1180 v1

18

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

1   capricious, or unconstitutional policy may bring a cause of action under the
2   Administrative Procedure Act. See 5 U.S.C. §§ 702, 706.  What matters is only that
3   "alternative methods of relief are available." *Abbasi*, 137 S. Ct. at 1863. If they
4   are—and "regardless" of whether the alternatives are "adequate to provide all of the
5   relief [a plaintiff] seeks," or "cover the full breadth of harm that a would-be *Bivens*
6   plaintiff alleges"— there is no room for tacking on a new implied damages remedy.
7   *Liff v. Office of Inspector Gen. for the U.S. Dept' of Labor* , 881 F.3d 912 (D.C. Cir.
8   2018).

9       The Federal Tort Claims Act offers another alternative remedial scheme
10  available to individuals in Plaintiff's position. Through the Federal Tort Claims Act,
11  a person claiming tortious conduct by Secret Service officers acting within the scope
12  of their employment has a potential statutory damages remedy against the United
13  States[9]. *See* 28 U.S.C. §§ 2679, 1346; *see also* 28 U.S.C. § 2680(h) (waiving
14  sovereign immunity for certain intentional torts, including assault, battery, and false
15  arrest, where committed by "investigative or law enforcement officers of the United
16  States"). The presence of this "alternative, existing process" created by Congress,
17  *Abbasi,* 137 S. Ct. at 1858 (quotations omitted), should foreclose a *Bivens* remedy
18  here. See *Oliva v. Nivar,* 973 F.3d 438, 444 (5th Cir. 2020) (holding that FTCA
19  constituted a special factor precluding a *Bivens* claim); see also *Johnson v. Santiago,*
20  -- F. Supp. 3d --, No. 20-cv-6345, 2022 WL 3643591, at *4 (E.D.N.Y. Aug. 24,
21  2022) ("[T]he court agrees with the 'many cases' that have concluded – following
22  the Supreme Court's decision in *Abbasi* –that the remedies provided by the Federal
23  Tort Claims Act ('FTCA') constitute 'a special factor counseling hesitation in
24  extending *Bivens*.'" (collecting cases)).

25      Plaintiff avers that he has submitted a Federal Tort Claim. (*See* FAC, ¶ 13.)

26

27  ───────────────
    [9] Indeed, Plaintiff's First Amended Complaint now adds several FTCA claims
28  against the USA.

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4887-9923-1180 v1

19

Case No. 2:23-cv-07120-MWF-SK
DEFENDANTS' MTD PLAINTIFF'S
FIRST AMENDED COMPLAINT

And he now includes four causes of action under the FTCA against the USA. (*See* FAC.)  Whether Plaintiff has any likelihood of success on these claims is beside the point. After all, the "relevant question" is not "whether the court should provide for a wrong that would otherwise go underdressed." *Egbert,* 142 S. Ct. at 1804 (quotation omitted). "Nor does it matter" whether this statutory scheme would "provide complete relief." *Id.* (quotation omitted); see also *Wilson v. Libby*, 535 F.3d 697, 709 (D.C. Cir. 2008) (explaining that where Congress has provided a scheme of protections for the interests allegedly at stake, it is immaterial whether that scheme provides plaintiff "no remedy whatsoever"). The important fact is that a remedy exists for Plaintiff to pursue against other defendants or in other forums.

## IV.   CONCLUSION

For the reasons set forth above, Defendants Henderson and Scarince should be dismissed. First, Defendants are entitled to qualified immunity as they reasonably believed their actions were lawful.  Second, there are insufficient facts alleged against them to state a claim under *Bivens*. Third, *Bivens* should not be expanded to the Fourth and Fifth Amendment claims alleged here. Defendants request that they be dismissed with prejudice, as further amendment of these *Bivens* claims is futile.

Dated:  June 27, 2024                         BURKE, WILLIAMS & SORENSEN, LLP


                                              By:  /s/ *Susan E. Coleman*
                                                    Susan E. Coleman

                                              Attorneys for Defendants
                                              KENNETH HENDERSON and STEVE
                                              SCARINCE

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4887-9923-1180 v1                              20                    Case No. 2:23-cv-07120-MWF-SK
                                                                    DEFENDANTS' MTD PLAINTIFF'S
                                                                    FIRST AMENDED COMPLAINT