EVAN C. BORGES, State Bar No. 128706
  *EBorges@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Defendants Erika Girardi,
Laia Ribatallada, and Michael Minden

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER PSAILA, | Case No. 2:23-cv-07120-MWF (SKx) |
| Plaintiff, | **ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** |
| v. | |
| ERIKA GIRARDI aka ERIKA JAYNE, AMERICAN EXPRESS COMPANY, ROBERT SAVAGE, KENNETH HENDERSON, STEVE SCARINCE, PETER GRIMM, LAIA RIBATALLADA, MICHAEL MINDEN, UNITED STATES OF AMERICA, and DOES 1 TO 10, Inclusive, | Judge: Hon. Michael W. Fitzgerald

Action Filed: August 29, 2023
Trial Date: Not Assigned |
| Defendants. | |

Case No. 2:23-cv-07120-MWF (SKx)

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, defendants Erika Girardi ("**Erika**"), Laia Ribatallada ("**Ms. Ribatallada**") and Michael Minden ("**Mr. Minden**," and collectively with Erika and Ms. Ribatallada, the "**EG Defendants**") hereby respond to the First Amended Complaint for Damages filed by plaintiff Christopher Psaila ("**Plaintiff**") on June 10, 2024 (Dkt. # 109) (the "**FAC**").

## I.    PROCEDURAL STATUS OF THIS ACTION

On August 29, 2023, Plaintiff filed his original Complaint commencing this action, naming three general categories of defendants:

(1) the EG Defendants;

(2) American Express, along with an individual named Peter Grimm who Plaintiff alleged was an investigator for American Express (the "**American Express Defendants**"); and

(3) three individual United States Secret Service agents (the "**Federal Agent Defendants**").

The original Complaint asserted four causes of action:  (1) a "*Bivens*" violation of federal constitutional rights claim against the Federal Agent Defendants; (2) a malicious prosecution state law claim against the EG Defendants; (3) an aiding and abetting malicious prosecution state law claim against the American Express Defendants; and (4) a conspiracy to commit malicious prosecution state law claim against the EG Defendants and the American Express Defendants.

### A. Status of Action as to the EG Defendants.

On October 20, 2023, pursuant to the California anti-SLAPP statute set forth in California Code of Civil Procedure section 425.16, the EG Defendants filed a special motion to strike the two causes of action in the Complaint asserted against them (i.e., malicious prosecution and conspiracy to commit malicious prosecution) (Dkt. # 25) (the "**Anti-SLAPP Motion**").  After further briefing by the parties and a hearing on December 18, 2023, by Order dated February 27, 2024, the Court denied

-2-    Case No. 2:23-cv-07120-MWF (SKx)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

the Anti-SLAPP Motion. (Dkt. # 77).

On March 8, 2024, pursuant to then-binding Ninth Circuit case law, *Batzel v. Smith*, 333 F. 3d 1018 (9th Cir. 2003) (holding that a district court order denying an anti-SLAPP motion is subject to interlocutory appeal under the collateral order doctrine), the EG Defendants filed a notice of appeal from the Order denying the Anti-SLAPP Motion. (Dkt. # 79).

On March 22, 2024, the EG Defendants filed an Answer to the original Complaint. (Dkt. # 92).

On June 10, 2024, after this Court had granted motions to dismiss filed by the Federal Agent Defendants with leave to amend, Plaintiff filed the FAC. (Dkt. # 109). The FAC contained the same above-referenced causes of action against the EG Defendants and the American Express Defendants. The FAC also added: (i) a new, second *Bivens* cause of action for "supervisorial liability" against two of the Federal Agent Defendants; and (ii) a new defendant, the United States, and four causes of action against the United States under the Federal Tort Claims Act.

On March 3, 2025, in a separate case before the Ninth Circuit called *Gopher Media LLC, et al. v. Melone, et al*. No. 24-2626, the Ninth Circuit issued an Order stating that it would be deciding *en banc* the appropriateness of interlocutory review of a district court order denying a motion to strike under the CA anti-SLAPP statute.

On April 7, 2025, prior to oral argument on the EG Defendants' appeal, the Ninth Circuit issued an Order stating that further proceedings in the EG Defendants' appeal would be placed in abeyance "pending issuance of the mandate in *Gopher Media LLC, et al. v. Melone, et al*. No. 24-2626." (Dkt. # 147).

On October 9, 2025, the Ninth Circuit issued its *en banc* opinion in *Gopher Media*, which overruled *Batzel v. Smith* and held that a district court order denying an anti-SLAPP motion is ***not*** an appealable order. *Gopher Media LLC, et al. v. Melone, et al*., 154 F. 4th 696 (9th Cir. 2025). After the *Gopher Media* decision,

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

appellate jurisdiction no longer existed over the EG Defendants' appeal.[1]

On May 22, 2026, after meeting and conferring, the EG Defendants and Plaintiff filed a joint motion before the Ninth Circuit for an order dismissing the EG Defendants' appeal without prejudice and with each party bearing its own costs. On May 26, 2026, the Ninth Circuit issued its Order and mandate dismissing the EG Defendants' appeal, thus remanding Plaintiff's claims against the EG Defendants for further proceedings before this Court. (Dkt. # 150).

On June 10, 2026, this Court held a status conference, and ordered that the EG Defendants file their Answer to the FAC no later than June 25, 2026. (Dkt. # 151). This Answer followed.

### B. Status of Action as to American Express and Mr. Grimm.

On November 7, 2023, the American Express Defendants filed a motion to compel arbitration of Plaintiff's claims against them. (Dkt. # 36). On March 19, 2024, the Court denied the motion to compel arbitration. (Dkt. # 86). On April 17, 2024, the American Express Defendants filed a notice of appeal. (Dkt. # 102).

On April 7, 2025, the Ninth Circuit, in the above-referenced Order applicable to the EG Defendants' appeal, also ordered that further proceedings in the American Express Defendants' appeal would be placed in abeyance "pending issuance of the mandate in *Gopher Media LLC, et al. v. Melone, et al.* No. 24-2626." (Dkt. # 147).

At the status conference on June 10, 2026, the EG Defendants understand that Plaintiff and the American Express Defendants reported that the American Express appeal has been fully briefed, and that Plaintiff and the American Express Defendants will be requesting that the Ninth Circuit set the appeal for oral argument.

/ / /

/ / /

---

[1] On March 6, 2026, one of the parties to the *Gopher Media* case filed a petition for certiorari with the United States Supreme Court. On June 15, 2026, the Supreme Court denied the petition. *Gopher Media* is therefore binding authority.

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**C. Status of Action as to Federal Agent Defendants and Defendant United States of America**.

As noted, in the FAC filed on June 10, 2024, Plaintiff added a new and second *Bivens* cause of action against two of the Federal Agent Defendants, added the United States as a defendant, and added four new causes of action against the United States under the Federal Tort Claims Act.

Plaintiff's claims in the FAC against the Federal Agent Defendants and the United States have been since dismissed by this Court *without* leave to amend, as follows:

On November 13, 2024, the Court entered an Order granting the Federal Agent Defendants' motions to dismiss the FAC *without* leave to amend. (Dkt. # 134). As a result, this action is concluded and has been dismissed with prejudice as to the Federal Agent Defendants, including the first and second causes of action in the FAC asserting *Bivens* claims against the Federal Agent Defendants.

On March 18, 2025, the Court entered an Order granting the United States' motion to dismiss the FAC *without* leave to amend. (Dkt. # 146). As a result, this action is concluded and has been dismissed with prejudice as to the United States, including the sixth, seventh, eighth, and ninth causes of action in the FAC asserting Federal Tort Claims Act claims against the United States.

**II.    THE EG DEFENDANTS' FACTUAL AND LEGAL ASSERTIONS IN THE ANTI-SLAPP MOTION**

The EG Defendants hereby incorporate by reference, as though set forth in full herein, the factual assertions in their Declarations (including the exhibits thereto) and the legal defenses and legal arguments set forth in the EG Defendants' Anti-SLAPP Motion. (See Dkt. Nos. 25, 25-1, 25-6, 25-19, & 51). This incorporation by reference is necessary for the EG Defendants to be able to respond fully and accurately to the allegations of the FAC, as required by Rule 8 of the Federal Rules of Civil Procedure.

Federal Rule 8 requires that each allegation of a FAC "must be simple, concise, and direct." FED. R. CIV. P. 8(d). In the present case, the 95-page FAC that includes 230 paragraphs (many of which contain multiple allegations of fact that repeat allegations made in substance in earlier paragraphs) arguably runs afoul of this rule. To respond to each repetitive and argumentative allegation in the FAC imposes an unfair burden on the EG Defendants. *See Connell v. Signoracci*, 153 F.3d 74, 82 (2d Cir. 1998) (affirming dismissal of an 89-page pleading that was "an *omnium gatherum*, obsessively repetitious, overwrought in tone, and organized like a front hall closet"). Thus, as elaborated below, the EG Defendants incorporate by reference into this Answer the factual assertions, legal defenses, and legal argument in their Declarations, Exhibits, and Memoranda of Points and Authorities filed in support of the Anti-SLAPP Motion.

### III.   ANSWER TO ALLEGATIONS OF FAC

#### "*I.   INTRODUCTION*"[2]

1. Responding to Paragraph 1 of the FAC, the EG Defendants admit that Plaintiff in the FAC has purported to allege the causes of action against different defendants as described in Paragraph 1. Since the time Plaintiff filed the FAC, Plaintiff's claims against the Federal Agent Defendants and the United States have been dismissed without leave to amend, which is a dismissal with prejudice. Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 1.

2. Responding to Paragraph 2 of the FAC:

   a. The EG Defendants at all times acted in good faith, as explained in

---

[2] To assist in review of this Answer, the EG Defendants have copied and quoted verbatim, in italicized bolded text, the headings used by Plaintiff in the FAC. Certain of the headings in the FAC contain alleged factual assertions or argument. The EG Defendants believe that no response is required in an answer to allegations or argument contained in headings of a complaint. For the avoidance of doubt, the EG Defendants hereby deny the factual assertions and argument set forth in the headings of the FAC as quoted in this Answer.

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

their Declarations in support of the Anti-SLAPP Motion.  The EG Defendants deny that they did anything wrong or "conspired" with Secret Service agents to "corrupt the federal judicial system" in the transactions and events discussed in the FAC.  The EG Defendants incorporate by reference, as though set forth in full herein, their Declarations in support of the Anti-SLAPP Motion.  The EG Defendants further admit and aver that:

b.     Erika has made a living as a television personality and entertainer; Erika in her entertainment work has used the name Erika Jayne; Erika has appeared on the Bravo network program *The Real Housewives of Beverly Hills*; Erika performed in what is called a "residency" at the House of Blues in Las Vegas, Nevada between approximately August and December 2023; and on two occasions, Erika has performed in the lead role of the Broadway musical *Chicago*.

c.     Ms. Ribatallada has worked, in among other capacities, as personal assistant to Erika since approximately late 2015; and Mr. Minden has worked with Erika in various capacities including as choreographer.

d.     In the year 2000, Erika married an ostensibly wealthy and financially successful attorney, Thomas Girardi ("**TG**").  Erika has a 12th grade education and her only career has been as an entertainer.  Erika is not and never has been an attorney.  She never worked at GK; she did not participate in interactions between TG, GK, and their legal clients; and she had no role in TG or GK's handling of legal client matters, including settlement or trust account funds.

e.     In November 2020, Erika filed for divorce and separated from TG, moving into a rental, and has been trying to build an independent life for herself since that time.

f.     It is true that in 2023, the United States Government charged TG, another attorney of GK, and the chief financial officer of GK with fraud and related crimes based upon transactions with specific legal clients of GK, which resulted in convictions of these individuals in 2024 and 2025.

-7-                                Case No. 2:23-cv-07120-MWF (SKx)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

g.      Zero evidence exists, however, because it did not happen, that Erika or any of the EG Defendants had any knowledge of or participated in any of the misconduct or crimes of TG or anyone else at GK.  Importantly, it bears noting that: *First*, at the criminal trial of TG, the Government never claimed that Erika did anything wrong; and neither the Government nor the defense tried at any time to call Erika as a witness.  *Second*, in the only instance where a court of law has decided whether evidence existed of Erika's knowledge of or participation in wrongdoing committed by GK and TG, a Los Angeles Superior Court case captioned *Sheldon/Finn v. Erika Girardi, et al*. (LASC case no. 20STCV47160), the trial court granted Erika's motion for summary judgment based upon **no evidence** of her alleged knowledge of or participation in the wrongdoing alleged by plaintiffs against GK and TG regarding handling of client settlement funds in a mass tort case.  The trial court's decision was upheld on appeal.

Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 2.

3.      Responding to Paragraph 3 of the FAC, the EG Defendants admit that: In 2014, Erika started doing business with Plaintiff, his business partner Marco Morante, and their costume design and manufacturing business called Marco Marco LLC ("**Marco Marco**").  Erika provided her American Express card to Plaintiff and Marco Marco to charge authorized purchases against.  The American Express card bore Erika's name and Erika was an authorized and permitted user of the card; but Erika understood that the account holder and party responsible for payment to Amex was Erika's husband at the time, TG, or his law firm, GK.  Erika recently learned in another matter that it appears that, in fact, the account holder responsible for payment of invoices issued by American Express on the card was TG.  The EG Defendants also incorporate by reference, as though set forth in full herein, their Declarations filed in support of the Anti-SLAPP Motion as well as their response to Paragraph 2 above.  Except as expressly admitted, the EG Defendants deny the

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

allegations of Paragraph 3.

4. Responding to Paragraph 4 of the FAC, Erika admits that in the fall of 2016, she was aware that former defendant Robert Savage was an acquaintance of TG. Erika incorporates by reference, as though set forth in full herein, her Declaration in support of the Anti-SLAPP Motion, which explains the background and her good faith conduct in reporting to law enforcement suspicious activity and what she believed were unauthorized charges (some of which at the time Plaintiff had admitted to) to her American Express card. The EG Defendants were not part of any improper use or "weaponization" of the Secret Service to do anything wrong; and the EG Defendants did not have knowledge of or participate in any alleged "bribe" of anyone, much less the Secret Service. The EG Defendants at all times acted in their capacity as citizens reporting suspicious activity and unauthorized charges on Erika's American Express card to the proper law enforcement agency with jurisdiction to investigate and take any appropriate action. The EG Defendants understood that (1) the Secret Service agents with whom they worked, Steve Scarince and Kenneth Henderson, who investigated the reported suspicious and allegedly unauthorized charges to Erika's American Express card, and (2) the Assistant United States Attorney who worked on the case, were acting as ethical and independent representatives of the United States Department of Justice. Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 4.

5. Responding to Paragraph 5 of the FAC, Erika denies that she was part of any "scheme" or that she enlisted anyone to do anything improper in the underlying transactions at issue in this case. Erika alleges and avers, as explained in her Declaration and Ms. Ribatallada's Declaration in support of the Anti-SLAPP Motion, that they were both careful and acted in good faith in providing information requested of them by the Secret Service or anyone else related to the American Express charges at issue. Paragraph 5 contains multiple allegations about what American Express supposedly did or did not do in connection with the underlying

-9-                    Case No. 2:23-cv-07120-MWF (SKx)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

transactions; the EG Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.[3]  For the avoidance of doubt, unless expressly admitted, the EG Defendants deny the allegations of Paragraph 5.

6.   Responding to Paragraph 6 of the FAC, Paragraph 6 contains multiple allegations about the Secret Service, the Federal Agent Defendants, and TG; the EG Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  The EG Defendants deny that they knew about or participated in any wrongdoing of any kind, including without limitation allegedly making knowingly false statements to the Secret Service or anyone else, or any alleged bribe of any of the Federal Agent Defendants.  The EG Defendants incorporate by reference, as though set forth in full herein, their Declarations in support of the Anti-SLAPP Motion.  The EG Defendants were aware that Mr. Savage was head of the Los Angeles office of the Secret Service; and Erika was aware that Mr. Savage was an acquaintance of TG.  The EG Defendants had no further interaction with Mr. Savage after their initial meeting with the Secret Service in early December 2016 when Agents Scarince and Henderson were assigned to work on the investigation. The EG Defendants at all times found Agents Scarince and Henderson to be professional and objective.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 6's allegations about what information the Assistant United States Attorneys assigned to the case disclosed to counsel for Plaintiff.  The EG Defendants admit they learned, after the fact, that the indictment against Plaintiff was dismissed without prejudice in September 2021.  A

---

[3] Federal Rule 8(b)(5) provides that in answering allegations of a complaint, "**[a] party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state**, *__and the statement has the effect of a denial__*."  F.R.Civ.Proc. 8(b)(5) (emphasis added).  In this Answer, when in response to allegations in the FAC, the EG Defendants state that they "lack knowledge or information sufficient to form a belief about the truth of an allegation," as provided in Rule 8(b)(5), that statement has the effect of a denial.

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

dismissal without prejudice is not an exoneration or finding of innocence; in fact, the United States Attorneys' Office issued a statement to the effect that the dismissal without prejudice was due to "law enforcement evidence preservation issues." For the avoidance of doubt, unless expressly admitted, the EG Defendants deny the allegations of Paragraph 6.

7. Responding to Paragraph 7 of the FAC, Paragraph 7 contains multiple compound, conclusory, argumentative, and unsupported allegations that are also inaccurate. The EG Defendants allege and aver that in the underlying transactions described in the FAC, they at all times acted in good faith; they were not part of any "scheme" to do anything improper; they tried to provide accurate information and did not knowingly provide false information or make knowingly false statements to the Secret Service or anyone else. Based on objective facts, in the fall of 2016, the EG Defendants believed in good faith that suspicious billing activity and alleged unauthorized charges (several of which were admitted by Plaintiff) had been made by Plaintiff for Marco Marco on Erika's Amex card in 2015 and 2016. The EG Defendants, as citizens, in good faith reported their concerns to the Secret Service, the federal law enforcement agency with jurisdiction to investigate the matter and take any appropriate action. The EG Defendants did not control the actions of the Secret Service or the United States Attorney's Office in this matter. To the contrary, the EG Defendants perceived that the Secret Service agents and Assistant United States Attorney who worked on the case acted as independent, objective, and professional representatives of the United States Department of Justice. It is true that in December 2020, involuntary bankruptcy petitions were filed against TG and GK. But that was four to five years after the time period of the events at issue in the FAC, which was 2015 and 2016. Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 7.

8. Responding to Paragraph 8 of the FAC, Paragraph 8 contains multiple compound, conclusory, argumentative, and unsupported allegations that are also

-11-

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

inaccurate.  Certain of the allegations of Paragraph 8 address the alleged state of mind and independent actions of parties other than the EG Defendants; the EG Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  For the avoidance of doubt, the EG Defendants deny the allegations of Paragraph 8.

9.      Responding to Paragraph 9 of the FAC, Paragraph 9 contains allegations directed solely at the Secret Service, the Federal Agent Defendants, and by extension, the United States.  By Orders entered on November 13, 2024 (Dkt. # 134) and March 18, 2025 (Dkt. # 146), this Court dismissed Plaintiff's claims in the FAC against the Federal Agent Defendants and the United States *without* leave to amend, which is a dismissal with prejudice.  These claims are therefore no longer part of this case, and they are not asserted against the EG Defendants.  Thus, the EG Defendants should not be required to respond to Paragraph 9.  The EG Defendants admit that in the FAC, Plaintiff purported to bring *Bivens* claims against the Federal Agent Defendants.  Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9.

10.      Responding to Paragraph 10 of the FAC, Paragraph 10 contains allegations directed solely at the Secret Service and the Federal Agent Defendants in support of Plaintiff's *Bivens* claims in the FAC.  Paragraph 10 also contains legal argument, to which the EG Defendants are not required to respond in an Answer.  By Order entered on November 13, 2024 (Dkt. # 134), this Court dismissed Plaintiff's *Bivens* claims in the FAC against the Federal Agent Defendants *without* leave to amend, which is a dismissal with prejudice.  The *Bivens* claims are therefore no longer part of this case, and they are not asserted against the EG Defendants.  Thus, the EG Defendants should not be required to respond to Paragraph 10.  The EG Defendants admit that in the FAC, Plaintiff purported to bring *Bivens* claims against the Federal Agent Defendants.  Except as expressly

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 10.

11.    Responding to Paragraph 11 of the FAC, the EG Defendants deny the allegations of Paragraph 11 to the extent those are directed at the EG Defendants. Regarding the EG Defendants' interactions with the Secret Service, the EG Defendants incorporate by reference, as though set forth in full herein, their Declarations in support of the Anti-SLAPP Motion.  Paragraph 11 appears to be designed to support Plaintiff's *Bivens* claims in the FAC.  By Order entered on November 13, 2024 (Dkt. # 134), this Court dismissed Plaintiff's *Bivens* claims in the FAC against the Federal Agent Defendants *without* leave to amend, which is a dismissal with prejudice.  The *Bivens* claims are therefore no longer part of this case, and they are not asserted against the EG Defendants.  Thus, the EG Defendants should not be required to respond to Paragraph 11.  The EG Defendants admit that in the FAC, Plaintiff purported to bring *Bivens* claims against the Federal Agent Defendants.  Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11.

12.    Responding to Paragraph 12 of the FAC, the EG Defendants deny the allegations as to any knowledge or conduct attributed to Erika.  Paragraph 12 contains multiple compound, conclusory, argumentative, and unsupported allegations that are also inaccurate.  Certain allegations of Paragraph 12 address the state of mind and actions of parties other than the EG Defendants and alleged damages suffered by Plaintiff; the EG Defendants lack knowledge or information sufficient to form a belief about the truth of these allegations.  The EG Defendants admit they learned, after the fact, that the indictment against Plaintiff was dismissed without prejudice in September 2021.  A dismissal without prejudice is not an exoneration or finding of innocence; in fact, the United States Attorneys' Office issued a statement to the effect that the dismissal without prejudice was due to "law

Case No. 2:23-cv-07120-MWF (SKx)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

enforcement evidence preservation issues." For the avoidance of doubt, unless expressly admitted, the EG Defendants deny the allegations of Paragraph 12.

13.    Responding to Paragraph 13 of the FAC, Paragraph 13 addresses only Plaintiff's claims in the FAC against the United States. By Order entered on March 18, 2025 (Dkt. # 146), this Court dismissed Plaintiff's claims in the FAC against the United States *without* leave to amend, which is a dismissal with prejudice. Plaintiff's claims against the United States are therefore no longer part of this case, and they are not asserted against the EG Defendants. Thus, the EG Defendants should not be required to respond to Paragraph 13. The EG Defendants admit that in the FAC, Plaintiff purported to bring claims against the United States under the Federal Tort Claims Act. Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13.

### "II. *JURISDICTION AND VENUE*"

14.    Responding to Paragraph 14 of the FAC, the EG Defendants admit that when Plaintiff filed his original Complaint and in the FAC, Plaintiff asserted claims under federal law against the Federal Agent Defendants and the United States, which gave rise to federal question jurisdiction. By Orders entered on November 13, 2024 (Dkt. # 134) and March 18, 2025 (Dkt. # 146), this Court dismissed Plaintiff's claims in the FAC against the Federal Agent Defendants and the United States *without* leave to amend, which is a dismissal with prejudice. The federal law claims are therefore no longer part of this case. The only remaining claims are state law claims against the EG Defendants and the American Express Defendants.

15.    Responding to Paragraph 15 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their above response to Paragraph 14. The EG Defendants admit that when Plaintiff filed his original Complaint and the FAC, supplemental jurisdiction existed over the state law claims against the EG Defendants and the American Express Defendants. It appears that

-14-

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

whether federal jurisdiction and supplemental jurisdiction exist over the remaining state law claims may be a matter for the Court's discretion under 28 U.S.C. section 1367(c)(3).

16.     Responding to Paragraph 16 of the FAC, the EG Defendants admit that venue is proper in this Court.

"**III.   _PARTIES_**"

17.     Responding to Paragraph 17 of the FAC, the EG Defendants admit on information and belief that Plaintiff in the transactions at issue was acting on behalf of an LLC called Marco Marco LLC; and that Plaintiff at all times has been a resident of Los Angeles County, California.  The EG Defendants admit that the original Complaint and FAC speak for themselves regarding the allegations made by Plaintiff; and that the Court previously entered an Order denying the American Express Defendants' motion to compel arbitration.  Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18.     Responding to Paragraph 18 of the FAC, the EG Defendants admit on information and belief that Plaintiff had an ownership or management position with Marco Marco and was in business with Marco Morante during the time period at issue in the FAC.  The EG Defendants admit that the original Complaint and FAC speak for themselves regarding the allegations made by Plaintiff.  Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19.     Responding to Paragraph 19 of the FAC, the EG Defendants admit the allegations therein.

20.     Responding to Paragraph 20 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21.     Responding to Paragraph 21 of the FAC, Paragraph 21 contains

-15-

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

allegations exclusively directed at former defendant Robert Savage, one of the Federal Agent Defendants, in support of Plaintiff's *Bivens* claims against the Federal Agent Defendants (including Mr. Savage) and Plaintiff's Federal Tort Claims Act claims against the United States, as asserted in the FAC. By Orders entered on November 13, 2024 (Dkt. # 134) and March 18, 2025 (Dkt. # 146), this Court dismissed Plaintiff's claims in the FAC against the Federal Agent Defendants and the United States *without* leave to amend, which is a dismissal with prejudice. Plaintiff's claims against Mr. Savage are therefore no longer part of this case. Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22. Responding to Paragraph 22 of the FAC, Paragraph 22 contains allegations exclusively directed at former defendant Steve Scarince, one of the Federal Agent Defendants, in support of Plaintiff's *Bivens* claims against the Federal Agent Defendants (including Mr. Scarince) and Plaintiff's Federal Tort Claims Act claims against the United States, as asserted in the FAC. By Orders entered on November 13, 2024 (Dkt. # 134) and March 18, 2025 (Dkt. # 146), this Court dismissed Plaintiff's claims in the FAC against the Federal Agent Defendants and the United States *without* leave to amend, which is a dismissal with prejudice. Plaintiff's claims against Mr. Scarince are therefore no longer part of this case. Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23. Responding to Paragraph 23 of the FAC, Paragraph 23 contains allegations exclusively directed at former defendant Kenneth Henderson, one of the Federal Agent Defendants, in support of Plaintiff's *Bivens* claims against the Federal Agent Defendants (including Mr. Henderson) and Plaintiff's Federal Tort Claims Act claims against the United States, as asserted in the FAC. By Orders entered on November 13, 2024 (Dkt. # 134) and March 18, 2025 (Dkt. # 146), this Court dismissed Plaintiff's claims in the FAC against the Federal Agent Defendants and

the United States *without* leave to amend, which is a dismissal with prejudice. Plaintiff's claims against Mr. Henderson are therefore no longer part of this case. Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24. Responding to Paragraph 24 of the FAC, the EG Defendants admit on information and belief that Mr. Grimm was an investigator employed by American Express who worked on issues related to Erika's report of suspicious activity and alleged unauthorized charges on her American Express card by Plaintiff and Marco Marco. Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25. Responding to Paragraph 25 of the FAC, the EG Defendants admit that Ms. Ribatallada began working with Erika in more or less 2013 or 2014; that Ms. Ribatallada was eventually employed as Erika's assistant in or around late 2015; that Ms. Ribatallada resided and currently resides in Los Angeles County; and that Ms. Ribatallada was one of the individuals who coordinated the provision of costumes and services by Marco Marco for Erika during the time period at issue in the FAC. Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 25.

26. Responding to Paragraph 26 of the FAC, the EG Defendants admit that Erika hired Mr. Minden as her choreographer and that Mr. Minden eventually became the Creative Director for Erika; that Mr. Minden resided and currently resides in Los Angeles County; and that Mr. Minden was one of the individuals who coordinated the provision of costumes and services by Marco Marco for Erika during the time period at issue in the FAC. Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 26.

27. Responding to Paragraph 27 of the FAC, Paragraph 27 contains allegations exclusively directed at former defendant the United States, in support of

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

Plaintiff's Federal Tort Claims Act claims against the United States, as asserted in the FAC.  By Order entered on March 18, 2025 (Dkt. # 146), this Court dismissed Plaintiff's claims in the FAC against the United States *without* leave to amend, which is a dismissal with prejudice.  Plaintiff's claims against the United States are therefore no longer part of this case.  Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28.    Responding to Paragraph 28 of the FAC, Paragraph 28 contains allegations against DOE defendants 1 through 10, inclusive.  To date, Plaintiff has not sought leave to add any DOE defendants.

"**IV.  <u>STATEMENT OF FACTS</u>**

**A.  Plaintiff's Credit Card Charges to Defendant Erika Girardi's AMEX Credit Card Were All Authorized and Legitimate.**"[4]

29.    Responding to Paragraph 29 of the FAC, the EG Defendants admit that Plaintiff and Mr. Morante have stated that they co-own Marco Marco and that they have provided costumes to other "celebrities."  Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30.    Responding to Paragraph 30 of the FAC, the EG Defendants admit that Erika first began working with Marco Marco to order costumes for certain performances in approximately 2014.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 30.

31.    Responding to Paragraph 31 of the FAC, the EG Defendants admit that from 2014 to 2016, they requested and ordered from Marco Marco costumes and related services for costumes principally to be worn by Erika during performances. Except as expressly admitted, the EG Defendants deny the allegations of Paragraph

---

[4] See footnote 2, *supra*.

Case No. 2:23-cv-07120-MWF (SKx)

31.

32.     Responding to Paragraph 32 of the FAC, the EG Defendants admit that to pay for authorized services and charges, Erika provided Marco Marco with an Amex credit card bearing her name for which she was an authorized user; that Erika understood the account holder for the card responsible for payment to Amex was either TG or GK (a law firm 100% owned by TG); and that Erika recently learned that in fact, the account holder responsible for payment on the Amex card was TG individually.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 32.

33.     Responding to Paragraph 33 of the FAC, the EG Defendants admit that: In or around 2014, Erika provided Plaintiff and Marco Marco with information for her Amex credit card that Plaintiff and Marco Marco could charge for authorized costumes and services.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 33 as to the specific interaction in 2014 between Plaintiff and Erika regarding a physical invoice. Between 2014 and 2016, the parties' general course of dealing was that the EG Defendants would request or order costumes and services from Plaintiff and Marco Marco, after approving an estimated or actual expense communicated by Plaintiff and Marco Marco.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 33.

34.     Responding to Paragraph 34 of the FAC, Paragraph 34 asserts multiple overbroad and exaggerated conclusory statements that are also inaccurate.  The EG Defendants incorporate by reference, as though set forth in full herein, their Declarations in support of the Anti-SLAPP Motion, which explain the course of dealing between the parties and how it came to occur that in the fall of 2016, the EG Defendants developed concerns regarding suspicious activity and unauthorized charges (admitted by Mr. Psaila, including in writing) on Erika's Amex card.  The EG Defendants do not dispute that Ms. Ribatallada and Mr. Minden were authorized

by Erika to order costumes and services from Marco Marco. Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 34.

35. Responding to Paragraph 35 of the FAC:

a. Paragraph 35 asserts multiple overbroad and exaggerated conclusory statements that are also inaccurate. The EG Defendants incorporate by reference, as though set forth in full herein, their Declarations in support of the Anti-SLAPP Motion, which explain the course of dealing between the parties and how it came to occur that in the fall of 2016, the EG Defendants developed concerns regarding suspicious activity and unauthorized charges (admitted by Mr. Psaila, including in writing) on Erika's Amex card. The EG Defendants do not dispute that Ms. Ribatallada and Mr. Minden were authorized by Erika to order costumes and services from Marco Marco. The EG Defendants also admit that they communicated requests for and approval of costume or service orders to Plaintiff and Marco Marco through various methods; and that Plaintiff or Marco Marco was provided with Erika's updated credit card information on subsequent occasions such as when the card had expired or Plaintiff had requested the information.

b. An important omission in Plaintiff's narrative in the FAC is that while on the one hand, Plaintiff emphatically contends today that without exception, emails, text messages, and invoices support each and every one of the 132 charges at issue adding up to approximately $934,000, on the other hand, Plaintiff has no explanation why, when the issue first arose and Erika undisputedly requested back-up documentation for the charges on December 1, 2016, Plaintiff over a period of two weeks in December 2016 provided the EG Defendants with woefully and admittedly incomplete documentation or "proof" of authorization. Yet, after December 2016, Plaintiff never provided or offered to provide the EG Defendants *any* further documentation or "proof" of authorization of the charges until *seven years later in 2023* when Plaintiff filed this lawsuit. Further, as shown by the Declaration of Ms. Ribatallada in support of the Anti-SLAPP Motion, the "proof" of

authorization that Plaintiff now emphatically says exists without exception, is itself difficult to corroborate notwithstanding Ms. Ribatallada's best efforts to interpret the information presented by Plaintiff, starting with "Exhibit 1" to the FAC. The EG Defendants commit to continue to review these issues with Plaintiff.

c.    The EG Defendants are committed to understanding the "proof" of authorization that Plaintiff states exists. But the reality remains that for purposes of this lawsuit and whether the EG Defendants had probable cause to report their concerns to law enforcement in the fall of 2016, Plaintiff is purporting to fill today, more than seven years after the fact, a *gaping hole of lack of proof of authorization* that existed in the fall of 2016, which *combined with Plaintiff's admissions at the time of unauthorized charges*, gave rise to legitimate concerns about suspicious billing and unauthorized charges (i.e., probable cause) that justified the EG Defendants reporting their concerns to law enforcement.

Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 35.

36.    Responding to Paragraph 36 of the FAC, the EG Defendants admit that in 2015 and 2016, Plaintiff or Marco Marco charged approximately $934,000 in more or less 132 separate purported transactions on Erika's Amex credit card. Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 36.

37.    Responding to Paragraph 37 of the FAC, Paragraph 37 contains multiple compound, conclusory, argumentative, and unsupported allegations that are also inaccurate. The EG Defendants incorporate by reference, as though set forth in full herein, their above response to Paragraph 35. Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 37.

38.    Responding to Paragraph 38 of the FAC, Paragraph 38 contains multiple compound, conclusory, argumentative, and unsupported allegations that are also inaccurate. The EG Defendants incorporate by reference, as though set forth in

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

full herein, their above response to Paragraph 35.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 38.

39.     Responding to Paragraph 39 of the FAC, the EG Defendants admit that Erika was an authorized user of the American Express card at issue that bore her name; that Erika understood that either TG or GK was the account holder for the Amex credit card account on which the card was issued and responsible for payment; and that Erika recently learned that the account holder for the Amex account on which the card was issued was TG individually.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 39.

"**B**. *The Inception of Defendants Erika Girardi, Ribatallada and Minden's Uncharged Co-Conspirator Tom Girardi's Malicious Prosecution Scheme Was Enabled by the Girardis' Personal and Financial Relationship with Defendant Secret Service Agent Savage.*"[5]

40.     Responding to Paragraph 40 of the FAC, the EG Defendants admit that as alleged in their Declarations in support of the Anti-SLAPP Motion, in December 2016, Erika reported to the Secret Service suspicious billing and unauthorized charges (admitted at the time by Plaintiff) by Plaintiff or Marco Marco to her Amex credit card.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 40.

41.     Responding to Paragraph 41 of the FAC, the EG Defendants deny the allegations therein.

42.     Responding to Paragraph 42 of the FAC, the EG Defendants admit on information and belief that during the time period at issue in the FAC, Mr. Savage held a management position at the Los Angeles office of the Secret Service.  The EG Defendants admit that Mr. Scarince was also a Secret Service agent at the Los Angeles office; and that Mr. Henderson was the principal and often exclusive

---

[5] See footnote 2, *supra*.

Case No. 2:23-cv-07120-MWF (SKx)
ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

contact at the Secret Service regarding Erika's report of suspicious billing and alleged unauthorized charges by Plaintiff and Marco Marco on her Amex credit card.  Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42.

43.    Responding to Paragraph 43 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43.

44.    Responding to Paragraph 44 of the FAC, Erika was aware that TG and Mr. Savage were acquaintances.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations of Paragraph 44.

45.    Responding to Paragraph 45 of the FAC, the EG Defendants deny that they made or were part of making a false claim about or against Plaintiff.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of allegations regarding the total amount of the "refund" given by American Express to the account holder on the Amex card at issue, which at the time Erika understood was either TG or his law firm GK and which Erika has recently learned was TG individually.  Erika recalls hearing at the time (meaning approximately early 2017) from TG that TG and/or GK had received a refund check from Amex; but Erika does not recall if she was informed at the time of the overall total amount of the refund, the portion of the refund provided by Amex to TG by way of check, or the portion provided by credits against the Amex account at issue.  Except as admitted or averred, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 45.

46.    Responding to Paragraph 46 of the FAC, the EG Defendants admit, as set forth in Erika's Declaration in support of the Anti-SLAPP Motion, that in approximately the summer of 2016, TG raised with Erika concerns regarding

-23-    Case No. 2:23-cv-07120-MWF (SKx)

excessive charges to her Amex credit card.  As elaborated in Erika's Declaration in support of the Anti-SLAPP Motion, in December 2016, after (1) obtaining access to information on prior charges to her Amex credit card, (2) conducting an investigation with assistance from Ms. Ribatallada, (3) asking questions and receiving answers from Plaintiff about unauthorized charges that included written admissions by Plaintiff of unauthorized charges, and (4) demanding documentation from Plaintiff to support charges but receiving woefully incomplete documentation, Erika contacted the Secret Service to report suspicious billing and alleged unauthorized charges by Plaintiff and/or Marco Marco to her Amex credit card. Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 46.

47.    Responding to Paragraph 47 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48.    Responding to Paragraph 48 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

49.    Responding to Paragraph 49 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, Erika's Declaration in support of the Anti-SLAPP Motion, which details the circumstances and facts surrounding her initial report and interactions with the Secret Service about suspicious billing and alleged unauthorized charges (to which Plaintiff admitted) to her Amex card by Plaintiff and Marco Marco.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 49.

50.    Responding to Paragraph 50 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50.

51.    Responding to Paragraph 51 of the FAC, the EG Defendants lack

Case No. 2:23-cv-07120-MWF (SKx)
ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51.

52.    Responding to Paragraph 52 of the FAC, the EG Defendants admit that as stated in their Declarations in support of the Anti-SLAPP Motion:  the EG Defendants met with Plaintiff on December 14, 2016 to discuss the Marco Marco transactions on Erika's Amex credit card.  At the request of the Secret Service, Erika wore a wire during the meeting.  Erika stated during the meeting that Plaintiff had made unauthorized charges to her Amex card in 2015 and 2016.  Plaintiff expressly admitted to unauthorized charges of approximately $100,000, blamed Marco Marco's bookkeeper (as it turned out, falsely), said the problem had happened to other clients, and offered to repay the money.  The wire recording of the meeting will speak for itself.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 52.

53.    Responding to Paragraph 53 of the FAC, the EG Defendants admit that the wire recording of the meeting will speak for itself; and that after the meeting with Plaintiff, the EG Defendants met with Secret Service agents including Agent Henderson but not including Mr. Savage (with whom the EG Defendants did not interact after their initial meeting with the Secret Service in early December 2016). Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 53.

54.    Responding to Paragraph 54 of the FAC, Paragraph 54 contains multiple conclusory and overbroad allegations.  The EG Defendants deny the allegations of Paragraph 54.

55.    Responding to Paragraph 55 of the FAC, Paragraph 55 contains multiple conclusory and overbroad allegations.  The EG Defendants deny the allegations of Paragraph 55.

56.    Responding to Paragraph 56 of the FAC, the EG Defendants deny the allegations therein.

"**C.   _Defendants AMEX and Grimm Aided, Abetted and Conspired with
Defendants Erika Girardi, Ribatallada, Minden, and Secret Service Defendants
Savage, Scarince and Henderson to Maliciously Prosecute Plaintiff without
Probable Cause and in Reckless Disregard of the Evidence in Their Possession
Establishing No Fraud Occurred and that Plaintiff Was Innocent._**"[6]

57.    Responding to Paragraph 57 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57.

58.    Responding to Paragraph 58 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59.    Responding to Paragraph 59 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60.    Responding to Paragraph 60 of the FAC, the EG Defendants deny the allegations therein to the extent directed at the EG Defendants.  The EG Defendants incorporate by reference, as though set forth in full herein, their Declarations in support of the Anti-SLAPP Motion, and deny the allegations of Paragraph 60 to the extent inconsistent with those Declarations.  The EG Defendants admit on information and belief that the Secret Service obtained a warrant to search Plaintiff's business and seize records.  Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

61.    Responding to Paragraph 61 of the FAC, the allegations of Paragraph 61 consist of conclusory statements and argument.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the

---

[6] See footnote 2, _supra._

Case No. 2:23-cv-07120-MWF (SKx)
ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

allegations of Paragraph 61 that are directed at the Federal Agent Defendants or their interactions with Plaintiff.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and deny the allegations of Paragraph 61 to the extent those are directed at the EG Defendants.

62.    Responding to Paragraph 62 of the FAC, the allegations of Paragraph 62 consist of conclusory statements and argument.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 62 that relate to the business of Plaintiff or Plaintiff's records.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and deny the allegations of Paragraph 62 to the extent those are directed at the EG Defendants.

63.    Responding to Paragraph 63 of the FAC, the allegations of Paragraph 63 consist of conclusory statements and argument.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 63 that relate to the conduct or knowledge of other parties or the records that Plaintiff says are in his possession – none of which were provided by Plaintiff to the EG Defendants at any time, despite requests by the EG Defendants in December 2016 for documentary support for the 2015 and 2016 charges to Erika's Amex card, in a context of multiple admissions by Plaintiff, including in writing, to unauthorized charges.  For the avoidance of doubt, the EG Defendants deny the remaining allegations of Paragraph 63.

64.    Responding to Paragraph 64 of the FAC, the allegations of Paragraph 64 consist of conclusory statements and argument.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 64 that relate to the conduct or knowledge of other parties or the records that Plaintiff says are in his possession – none of which were provided by Plaintiff to the EG Defendants at any time, despite requests by the EG Defendants in December 2016 for documentary support for the 2015 and 2016

-27-                          Case No. 2:23-cv-07120-MWF (SKx)
ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

charges to Erika's Amex, in a context of multiple admissions by Plaintiff, including in writing, to unauthorized charges. For the avoidance of doubt, the EG Defendants deny the remaining allegations of Paragraph 64.

65. Responding to Paragraph 65 of the FAC, the allegations of Paragraph 65 consist of conclusory statements and argument. The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 65 that relate to the conduct or knowledge of other parties or the records that Plaintiff says are in his possession – none of which were provided by Plaintiff to the EG Defendants at any time, despite requests by the EG Defendants in December 2016 for documentary support for the 2015 and 2016 charges to Erika's Amex, in a context of multiple admissions by Plaintiff, including in writing, to unauthorized charges. For the avoidance of doubt, the EG Defendants deny the remaining allegations of Paragraph 65.

66. Responding to Paragraph 66 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66.

67. Responding to Paragraph 67 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

68. Responding to Paragraph 68 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68.

69. Responding to Paragraph 69 of the FAC, the allegations of Paragraph 69 consist of conclusory statements and argument. The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70. Responding to Paragraph 70 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the

Case No. 2:23-cv-07120-MWF (SKx)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

allegations in Paragraph 70.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and deny the allegations of Paragraph 70 to the extent those are directed at the EG Defendants.

71.     Responding to Paragraph 71 of the FAC, the allegations of Paragraph 71 consist of conclusory statements and argument.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72.     Responding to Paragraph 72 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and deny the allegations of Paragraph 72 to the extent those are directed at the EG Defendants.

73.     Responding to Paragraph 73 of the FAC, the allegations of Paragraph 73 consist of conclusory statements and argument.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73 to the extent those are directed at other defendants.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and deny the allegations of Paragraph 73 to the extent those are directed at the EG Defendants.

74.     Responding to Paragraph 74 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74 regarding alleged conduct of Amex.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and deny the allegations of Paragraph 74 to the extent those are directed at the EG Defendants.

75.     Responding to Paragraph 75 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75 regarding the alleged conduct of Amex.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and deny

the allegations of Paragraph 75 to the extent those are directed at the EG Defendants.

76.    Responding to Paragraph 76 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76 relating to the conduct or alleged state of mind of other parties or the grand jury.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and deny the allegations of Paragraph 76 to the extent those are directed at the EG Defendants.

77.    Responding to Paragraph 77 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 77 relating to the conduct or alleged state of mind of other parties.  For the avoidance of doubt, the EG Defendants deny any wrongdoing on their part and deny the remaining allegations of Paragraph 77 to the extent those are directed at the EG Defendants.

"*D*.  ***The Defendants Obtained the Indictment Without Probable Cause and in Reckless Disregard to Plaintiff's Innocence.***"[7]

78.    Responding to Paragraph 78 of the FAC, the EG Defendants admit that Paragraph 78 quotes certain language contained in a Secret Service memorandum dated April 20, 2017 attached as Exhibit 2 to the FAC.  Next, Paragraph 78 alleges that "this reimbursement [by American Express of $787,117.88] was critical for the Secret Service to seek a grand jury indictment against Plaintiff Psaila, just one week later, on April 28, 2017."  The EG Defendants have no knowledge or information about what was important or "critical" to the Secret Service or to the United States Attorneys' Office at this juncture of their investigation and work.  As of the date of the memorandum, April 20, 2017, the EG Defendants had not communicated with the Secret Service since January 2017 and had not yet communicated at all with the

---

[7] See footnote 2, *supra*.

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

United States Attorneys' Office. The EG Defendants thus lack knowledge or information sufficient to form a belief about the truth of the above-quoted allegation in Paragraph 78. The balance of Paragraph 78 consists of argument and speculation. For the avoidance of doubt, except as expressly admitted, the EG Defendants deny the allegations of Paragraph 78.

79. Responding to Paragraph 79 of the FAC, Paragraph 79 consists of conclusory, exaggerated, and unsupported statements that are also inaccurate. The EG Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 79's allegations regarding (i) the completeness, accuracy, or fairness of the investigations conducted by the Secret Service agents or by American Express, or (ii) the nature and content of Plaintiff's records seized by the Secret Service based upon their January 2017 search warrant. The EG Defendants further deny that a permitted user of a credit card that bears the person's name cannot be described as a "victim" if a merchant to whom that person entrusts their card for authorized charges makes unauthorized charges that the merchant admits in writing were unauthorized and that the merchant later admits verbally amounted to approximately $100,000. For the avoidance of doubt, the EG Defendants deny the allegations of Paragraph 79.

80. Responding to Paragraph 80 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 80, including, without limitation, the allegations regarding the conduct, actions, and knowledge of the Federal Law Enforcement Defendants and the information allegedly in the possession of the Federal Law Enforcement Defendants after their search and seizure of records from Plaintiff's business in January 2017.

81. Responding to Paragraph 81 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81. For the avoidance of doubt, the EG Defendants deny the

-31- Case No. 2:23-cv-07120-MWF (SKx)

allegations of Paragraph 81 including its extended footnote 6.

82.    Responding to Paragraph 82 of the FAC, Paragraph 82 consists solely of argument.  The EG Defendants deny that a permitted user of a credit card that bears the person's name cannot be described as a "victim" if a merchant to whom that person entrusts their card for authorized charges makes unauthorized charges that the merchant admits in writing were unauthorized and that the merchant later admits verbally amounted to approximately $100,000.  For the avoidance of doubt, the EG Defendants deny the allegations of Paragraph 82.

83.    Responding to Paragraph 83 of the FAC, this response also includes the EG Defendants' response to Paragraphs 84, 85, 86, and 87 of the FAC.  Paragraphs 83 through 87 of the FAC all address the same subject matter, which is the events of April 26 and 27, 2017, leading up to April 28, 2017 when the grand jury issued its Indictment against Plaintiff.  The EG Defendants respond to the allegations of Paragraphs 83 through 87 as follows:

a.    The EG Defendants deny that they provided false or knowingly false information to anyone (including without limitation the Secret Service, the United States Attorneys' Office, or anyone else) at any time about Plaintiff and the Amex charges to Erika's Amex card at issue.

b.    The EG Defendants incorporate by reference, as though set forth in full herein, their above responses to Paragraphs 2-7 and 35 of the FAC.

c.    The EG Defendants incorporate by reference, as though set forth in full herein, the Declarations of Erika and Ms. Ribatallada in support of the Anti-SLAPP Motion, which address in detail:  (i) their communications on April 26 and 27, 2017 with Secret Service Agent Henderson and Assistant United States Attorney George Pence; (ii) their review of their records in this time period; and (iii) the good faith basis for their answers to questions and provision of information to Messrs, Henderson and Pence about the seven transactions that AUSA Pence had selected to be the subject of the Indictment of Plaintiff dated April 28, 2017.

Case No. 2:23-cv-07120-MWF (SKx)
ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

d.    Importantly, Ms. Ribatallada's Declaration (in 60 paragraphs of discussion at paragraphs 68 through 128 of her Declaration) discusses in detail her review of each of the seven transactions (i) as of April 26, 2017, the time of her and Erika's communications with Messrs. Henderson and Pence about the seven transactions, and (b) as of the date of her Declaration, based upon Ms. Ribatallada's review of the information contained in Exhibit 1 to Plaintiff's original Complaint, which is identical to Exhibit 1 to the FAC.  Ms. Ribatallada's Declaration speaks for itself, and demonstrates the candor and hard work of the EG Defendants to try to get to the right answer, even if more than seven years after the fact, of whether Plaintiff has provided "proof" of authorization of, first of all, the seven transactions, as well as the balance of the 132 transactions at issue, which Plaintiff says exists.

Based upon the foregoing, except as expressly admitted, the EG Defendants deny the allegations of Paragraphs 83 through 87 of the FAC.

84.    Responding to Paragraph 84 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their above response to Paragraph 83, which includes the EG Defendants' response to Paragraph 84.  The EG Defendants admit that on April 26, 2017, AUSA Pence provided a list of seven transactions that he had selected, which were the same seven transactions that were in the Indictment dated April 28, 2027.

85.    Responding to Paragraph 85 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their above response to Paragraph 83, which includes the EG Defendants' response to Paragraph 85.  The EG Defendants admit that, as discussed in their Declarations in support of the Anti-SLAPP Motion, on April 27, 2017, Erika and Ms. Ribatallada discussed the seven transactions at issue in a telephone call with Agent Henderson and AUSA Pence. The EG Defendants at all times acted in good faith, tried to provide accurate information, and deny that they ever provided false or knowingly false information to Agent Henderson or AUSA Pence.

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

86.     Responding to Paragraph 86 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their above response to Paragraph 83, which includes the EG Defendants' response to Paragraph 86.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of Paragraph 86's allegations regarding the state of mind, conduct, nature of the investigation conducted by, or information allegedly available to Agent Henderson leading up to and on April 27 or 28, 2017.  The EG Defendants at all times acted in good faith, tried to provide accurate information, and deny that they ever provided false or knowingly false information to Agent Henderson or AUSA Pence.  For the avoidance of doubt, the EG Defendants deny the allegations of Paragraph 86.

87.     Responding to Paragraph 87 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their above response to Paragraph 83, which includes the EG Defendants' response to Paragraph 87.  In particular, the EG Defendants incorporate by reference above Paragraphs 83.a., 83.c., and 83.d. of this Answer.  For the avoidance of doubt, the EG Defendants deny the allegations of Paragraph 87.

88.     Responding to Paragraph 88 of the FAC, the EG Defendants deny the allegations therein.

89.     Responding to Paragraph 89 of the FAC, Paragraph 89 contains multiple conclusory, exaggerated, and argumentative allegations that are also inaccurate.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 89 related to the grand jury proceedings, the evidence presented to the grand jury, or what information was or was not provided to defense counsel for Plaintiff – about which the EG Defendants do not have any information or documents whatsoever other than the Indictment dated April 28, 2017.  For the avoidance of doubt, the EG Defendants deny the allegations of Paragraph 89.

90.     Responding to Paragraph 90 of the FAC, the EG Defendants did not draft or participate in the drafting of the Indictment, which speaks for itself. Paragraph 90 consists of legal argument about the Indictment and its language.  The EG Defendants are laypersons, not trained federal agents, not federal prosecutors, and not the authors of the Indictment.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of certain allegations in Paragraph 90.  For the avoidance of doubt, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions discussed in the FAC, and deny the allegations of Paragraph 90 to the extent they assert, suggest, or imply any wrongdoing on the part of the EG Defendants.

91.     Responding to Paragraph 91 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their above response to Paragraph 90 of the FAC.

92.     Responding to Paragraph 92 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their above response to Paragraph 90 of the FAC.

93.     Responding to Paragraph 93 of the FAC, the EG Defendants deny the allegations therein.

94.     Responding to Paragraph 94 of the FAC, the EG Defendants deny the allegations therein.

95.     Responding to Paragraph 95 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95, all of which discuss alleged acts or omissions of the American Express Defendants.

96.     Responding to Paragraph 96 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96.

/ / /

Case No. 2:23-cv-07120-MWF (SKx)
ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

"**E**. *Post-Indictment the Defendants Continued to Conspire to Maliciously Prosecute Plaintiff Without Probable Cause Resulting in Substantial Damages to Plaintiff.*"[8]

97.     Responding to Paragraph 97 of the FAC, the EG Defendants deny the allegations of Paragraph 97 that are directed at the EG Defendants.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97 about actions taken by the Government and other events after issuance of the Indictment and the arrest of Plaintiff.

98.     Responding to Paragraph 98 of the FAC, while Erika has no specific recollection of the alleged conversation with Agent Henderson, she admits that after the Indictment, she intermittently spoke with Agent Henderson.  Regardless, the quoted use of a profanity mischaracterizes the nature of the statement other than as an acknowledgement that Erika's testimony would be adverse to Plaintiff.  Except as expressly admitted, the EG Defendants deny the allegations of Paragraph 98.

99.     Responding to Paragraph 99 of the FAC, Paragraph 99 discusses alleged consequences and damages to Plaintiff, Mr. Morante, and Marco Marco as a result of the Indictment.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99.

100.   Responding to Paragraph 100 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 100.

101.   Responding to Paragraph 101 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101.

102.   Responding to Paragraph 102 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the

---

[8] See footnote 2, *supra*.

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

allegations in Paragraph 102.

103.   Responding to Paragraph 103 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103.

104.   Responding to Paragraph 104 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104.

105.   Responding to Paragraph 105 of the FAC, Paragraph 105 contains argument as well as allegations relating to the American Express Defendants and the Federal Agent Defendants.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105.

106.   Responding to Paragraph 106 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106.

107.   Responding to Paragraph 107 of the FAC, Paragraph 107 contains allegations directed at the American Express Defendants.  The EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107.  To the extent Paragraph 107 is directed at the EG Defendants, the EG Defendants deny the allegations therein.

108.   Responding to Paragraph 108 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 108.

109.   Responding to Paragraph 109 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109.

110.   Responding to Paragraph 110 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110.

111.    Responding to Paragraph 111 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111.

112.    Responding to Paragraph 112 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112.

113.    Responding to Paragraph 113 of the FAC, the EG Defendants admit the allegations therein.

114.    Responding to Paragraph 114 of the FAC, the EG Defendants deny the allegations therein.

115.    Responding to Paragraph 115 of the FAC, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115.

"*V.  CLAIMS FOR RELIEF*

*FIRST CLAIM FOR RELIEF*

*BIVENS CAUSE OF ACTION AGAINST DEFENDANTS ROBERT SAVAGE, STEVE SCARINCE AND KENNETH HENDERSON*"

116.    Responding to Paragraph 116 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their responses to Paragraphs 1 through 115.

117-131.  Paragraphs 117 through 131 of the FAC contain allegations in support of Plaintiff's first of two *Bivens* claims in the FAC against the Federal Agent Defendants.  By Order entered on November 13, 2024 (Dkt. # 134), this Court dismissed Plaintiff's *Bivens* claims in the FAC against the Federal Agent Defendants *without* leave to amend, which is a dismissal with prejudice.  The *Bivens* claims (including the first *Bivens* claim and the allegations in support of that claim in Paragraphs 117 through 131 of the FAC) are therefore no longer part of this case, and they are not asserted against the EG Defendants.  The EG Defendants are not

-38-

required to respond to claims and allegations in support of claims in the FAC that by prior final Order of this Court, already have been dismissed with prejudice.  The EG Defendants admit that in the FAC, Plaintiff purported to bring *Bivens* claims against the Federal Agent Defendants.  Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 117 through 131 of the FAC.  For the avoidance of doubt, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions at issue in the FAC, and deny the allegations of Paragraphs 117 through 131 of the FAC to the extent those are directed at the EG Defendants.

### *"SECOND CLAIM FOR RELIEF*
### *BIVENS CAUSE OF ACTION (SUPERVISORIAL LIABILITY) FOR FAILURE TO SUPERVISE, TRAIN, DISCIPLINE AND TAKE CORRECTIVE MEASURES CAUSING CONSTITUTIONAL VIOLATIONS AGAINST DEFENDANTS ROBERT SAVAGE, STEVE SCARINCE"*

132.  Responding to Paragraph 132 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their responses to Paragraphs 1 through 131.

133-143.  Paragraphs 133 through 143 of the FAC contain allegations in support of Plaintiff's second of two *Bivens* claims in the FAC against the Federal Agent Defendants.  By Order entered on November 13, 2024 (Dkt. # 134), this Court dismissed Plaintiff's *Bivens* claims in the FAC against the Federal Agent Defendants *without* leave to amend, which is a dismissal with prejudice.  The *Bivens* claims (including the second *Bivens* claim and the allegations in support of that claim in Paragraphs 133 through 143 of the FAC) are therefore no longer part of this case, and they are not asserted against the EG Defendants.  The EG Defendants are not required to respond to claims and allegations in support of claims in the FAC that by prior final Order of this Court, already have been dismissed with prejudice.  The EG Defendants admit that in the FAC, Plaintiff purported to bring *Bivens*

-39-
ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

claims against the Federal Agent Defendants.  Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 133 through 143 of the FAC.  For the avoidance of doubt, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions at issue in the FAC, and deny the allegations of Paragraphs 133 through 143 of the FAC to the extent those are directed at the EG Defendants.

### *"THIRD CLAIM FOR RELIEF*

### *MALICIOUS PROSECUTION AGAINST DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA AND MICHAEL  MINDEN"*

144.  Responding to Paragraph 144 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their responses to Paragraphs 1 through 143 above.

145.  Responding to Paragraph 145 of the FAC, the EG Defendants deny the allegations therein.

146.  Responding to Paragraph 146 of the FAC, the EG Defendants deny the allegations therein.

147.  Responding to Paragraph 147 of the FAC, the EG Defendants deny the allegations therein.

148.  Responding to Paragraph 148 of the FAC, the EG Defendants deny the allegations therein.

149.  Responding to Paragraph 149 of the FAC, the EG Defendants deny the allegations therein.

150.  Responding to Paragraph 150 of the FAC, the EG Defendants deny the allegations therein.

151.  Responding to Paragraph 151 of the FAC, the EG Defendants deny the allegations therein.

152.  Responding to Paragraph 152 of the FAC, the EG Defendants deny the allegations therein.

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**"*FOURTH CLAIM FOR RELIEF*

*AIDING AND ABETTING MALICIOUS PROSECUTION AGAINST*

*DEFENDANTS AMEX AND PETER GRIMM*"**

153. Responding to Paragraph 153 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their responses to Paragraphs 1 through 152 above.

154. Responding to Paragraph 154 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC. Regarding any allegations of Paragraph 154 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 154. For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 154 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

155. Responding to Paragraph 155 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC. Regarding any allegations of Paragraph 155 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 155. For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 155 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

156. Responding to Paragraph 156 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are

Case No. 2:23-cv-07120-MWF (SKx)
ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

the subject of the FAC.  Regarding any allegations of Paragraph 156 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 156.  For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 156 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

157.  Responding to Paragraph 157 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC.  Regarding any allegations of Paragraph 157 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 157.  For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 157 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

158.  Responding to Paragraph 158 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC.  Regarding any allegations of Paragraph 158 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 158.  For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 158 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

Case No. 2:23-cv-07120-MWF (SKx)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

159. Responding to Paragraph 159 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC. Regarding any allegations of Paragraph 159 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 159. For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 159 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

160. Responding to Paragraph 160 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC. Regarding any allegations of Paragraph 160 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 160. For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 160 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

161. Responding to Paragraph 161 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC. Regarding any allegations of Paragraph 161 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 161. For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 161 that assert, suggest, or imply that the

EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

162. Responding to Paragraph 162 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC. Regarding any allegations of Paragraph 162 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 162. For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 162 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

163. Responding to Paragraph 163 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC. Regarding any allegations of Paragraph 163 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 163. For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 163 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

164. Responding to Paragraph 164 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC. Regarding any allegations of Paragraph 164 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

of the allegations of Paragraph 164. For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 164 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

165. Responding to Paragraph 165 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC. Regarding any allegations of Paragraph 165 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 165. For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 165 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

166. Responding to Paragraph 166 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC. Regarding any allegations of Paragraph 166 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 166. For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 166 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

167. Responding to Paragraph 167 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC. Regarding any allegations of Paragraph 167 that address the state of mind, acts, or omissions of the American Express Defendants in transactions

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 167.  For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 167 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

168.  Responding to Paragraph 168 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC.  Regarding any allegations of Paragraph 168 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 168.  For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 168 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

169.  Responding to Paragraph 169 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC.  Regarding any allegations of Paragraph 169 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 169.  For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 169 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

170.  Responding to Paragraph 170 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are

the subject of the FAC.  Regarding any allegations of Paragraph 170 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 170.  For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 170 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

171.  Responding to Paragraph 171 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC.  Regarding any allegations of Paragraph 171 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 171.  For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 171 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

172.  Responding to Paragraph 172 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC.  Regarding any allegations of Paragraph 172 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 172.  For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 172 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

Case No. 2:23-cv-07120-MWF (SKx)
ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

173. Responding to Paragraph 173 of the FAC, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions and events that are the subject of the FAC. Regarding any allegations of Paragraph 173 that address the state of mind, acts, or omissions of the American Express Defendants in transactions or events in which the EG Defendants are not alleged to have been a part, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraph 173. For the avoidance of doubt, the EG Defendants deny any and all allegations in Paragraph 173 that assert, suggest, or imply that the EG Defendants engaged in any form of wrongdoing in the transactions and events that are the subject of the FAC.

### *"FIFTH CLAIM FOR RELIEF*

### *CONSPIRACY TO COMMIT MALICIOUS PROSECUTION AGAINST*

### *DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, MICHAEL*

### *MINDEN, AMEX, AND PETER GRIMM"*

174. Responding to Paragraph 174 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their responses to Paragraphs 1 through 173 above.

175. Responding to Paragraph 175 of the FAC, the EG Defendants deny the allegations therein.

176. Responding to Paragraph 176 of the FAC, the EG Defendants deny the allegations therein.

177. Responding to Paragraph 177 of the FAC, the EG Defendants deny the allegations therein.

178. Responding to Paragraph 178 of the FAC, the EG Defendants deny the allegations therein.

179. Responding to Paragraph 179 of the FAC, the EG Defendants deny the allegations therein.

180. Responding to Paragraph 180 of the FAC, the EG Defendants deny the

allegations therein.

181.  Responding to Paragraph 181 of the FAC, the EG Defendants deny the allegations therein.

182.  Responding to Paragraph 182 of the FAC, the EG Defendants deny the allegations therein.

183.  Responding to Paragraph 183 of the FAC, the EG Defendants deny the allegations therein.

184.  Responding to Paragraph 184 of the FAC, the EG Defendants deny the allegations therein.

185.  Responding to Paragraph 185 of the FAC, the EG Defendants deny the allegations therein.

186.  Responding to Paragraph 186 of the FAC, the EG Defendants deny the allegations therein.

187.  Responding to Paragraph 187 of the FAC, the EG Defendants deny the allegations therein.

*"SIXTH CLAIM FOR RELIEF*

*FEDERAL TORT CLAIMS ACT – MALICIOUS PROSECUTION*

*(CALIFORNIA COMMON LAW)*

*AGAINST THE UNITED STATES OF AMERICA"*

188.  Responding to Paragraph 188 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their responses to Paragraphs 1 through 187.

189-199.  Paragraphs 189 through 199 of the FAC contain allegations in support of Plaintiff's first of four Federal Tort Claims Act claims against United States.  By Order entered on March 18, 2025 (Dkt. # 146), this Court dismissed all of Plaintiff's Federal Tort Claims Act claims in the FAC against the United States, which is a dismissal with prejudice.  The Federal Tort Claims Act claims (including the above-referenced sixth claim for relief and the allegations in support of that

claim in Paragraphs 189 through 199 of the FAC) are therefore no longer part of this case, and they are not asserted against the EG Defendants. The EG Defendants are not required to respond to claims and allegations in support of claims in the FAC that by prior final Order of this Court, already have been dismissed with prejudice. The EG Defendants admit that in the FAC, Plaintiff purported to bring Federal Tort Claims Act claims against the United States. Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 189 through 199 of the FAC. For the avoidance of doubt, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions at issue in the FAC, and deny the allegations of Paragraphs 189 through 199 of the FAC to the extent those are directed at the EG Defendants.

## *"SEVENTH CLAIM FOR RELIEF*

## *FEDERAL TORT CLAIMS ACT—INTENTIONAL INFLICTION OF*

## *EMOTIONAL DISTRESS (CALIFORNIA COMMON LAW)*

## *AGAINST THE UNITED STATES OF AMERICA"*

200. Responding to Paragraph 200 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their responses to Paragraphs 1 through 199.

201-212. Paragraphs 201 through 212 of the FAC contain allegations in support of Plaintiff's second of four Federal Tort Claims Act claims against United States. By Order entered on March 18, 2025 (Dkt. # 146), this Court dismissed all of Plaintiff's Federal Tort Claims Act claims in the FAC against the United States, which is a dismissal with prejudice. The Federal Tort Claims Act claims (including the above-referenced seventh claim for relief and the allegations in support of that claim in Paragraphs 201 through 212 of the FAC) are therefore no longer part of this case, and they are not asserted against the EG Defendants. The EG Defendants are not required to respond to claims and allegations in support of claims in the FAC that by prior final Order of this Court, already have been dismissed with prejudice.

The EG Defendants admit that in the FAC, Plaintiff purported to bring Federal Tort Claims Act claims against the United States. Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 201 through 212 of the FAC. For the avoidance of doubt, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions at issue in the FAC, and deny the allegations of Paragraphs 201 through 212 of the FAC to the extent those are directed at the EG Defendants.

## *"EIGHTH CLAIM FOR RELIEF*

## *FEDERAL TORT CLAIMS ACT—NEGLIGENCE (General Negligence, Negligent infliction of Emotional Distress) (CALIFORNIA COMMON LAW) AGAINST THE UNITED STATES OF AMERICA"*

213. Responding to Paragraph 213 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their responses to Paragraphs 1 through 212.

214-223. Paragraphs 214 through 223 of the FAC contain allegations in support of Plaintiff's third of four Federal Tort Claims Act claims against United States. By Order entered on March 18, 2025 (Dkt. # 146), this Court dismissed all of Plaintiff's Federal Tort Claims Act claims in the FAC against the United States, which is a dismissal with prejudice. The Federal Tort Claims Act claims (including the above-referenced eighth claim for relief and the allegations in support of that claim in Paragraphs 214 through 223 of the FAC) are therefore no longer part of this case, and they are not asserted against the EG Defendants. The EG Defendants are not required to respond to claims and allegations in support of claims in the FAC that by prior final Order of this Court, already have been dismissed with prejudice. The EG Defendants admit that in the FAC, Plaintiff purported to bring Federal Tort Claims Act claims against the United States. Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 214 through 223 of the FAC. For the avoidance of

-51-

Case No. 2:23-cv-07120-MWF (SKx)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

doubt, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions at issue in the FAC, and deny the allegations of Paragraphs 214 through 223 of the FAC to the extent those are directed at the EG Defendants.

### *"NINTH CLAIM FOR RELIEF*

### *FEDERAL TORT CLAIMS ACT—NEGLIGENCE (Negligent Training,*
### *Supervision and failure to discipline) (CALIFORNIA COMMON LAW)*
### *AGAINST THE UNITED STATES OF AMERICA"*

224. Responding to Paragraph 224 of the FAC, the EG Defendants incorporate by reference, as though set forth in full herein, their responses to Paragraphs 1 through 223.

224-230. Paragraphs 224 through 230 of the FAC contain allegations in support of Plaintiff's fourth of four Federal Tort Claims Act claims against United States. By Order entered on March 18, 2025 (Dkt. # 146), this Court dismissed all of Plaintiff's Federal Tort Claims Act claims in the FAC against the United States, which is a dismissal with prejudice. The Federal Tort Claims Act claims (including the above-referenced ninth claim for relief and the allegations in support of that claim in Paragraphs 224 through 230 of the FAC) are therefore no longer part of this case, and they are not asserted against the EG Defendants. The EG Defendants are not required to respond to claims and allegations in support of claims in the FAC that by prior final Order of this Court, already have been dismissed with prejudice. The EG Defendants admit that in the FAC, Plaintiff purported to bring Federal Tort Claims Act claims against the United States. Except as expressly admitted, the EG Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraphs 224 through 230 of the FAC. For the avoidance of doubt, the EG Defendants deny that they engaged in any wrongdoing whatsoever in the transactions at issue in the FAC, and deny the allegations of Paragraphs 224 through 230 of the FAC to the extent those are directed at the EG Defendants.

Case No. 2:23-cv-07120-MWF (SKx)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## RESPONSE TO THE FAC'S PRAYER FOR RELIEF

The EG Defendants deny that Plaintiff is entitled to the relief requested in the FAC, or to relief of any kind, from the EG Defendants.

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof with respect to his claims, without admitting that the EG Defendants have any burden of proof with respect to such claims, and while expressly denying any wrongdoing, the EG Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1. The FAC fails to state a claim against the EG Defendants, in whole or part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Establish Essential Elements of Claim of Malicious Prosecution)

2. The FAC is barred, in whole or in part, on the ground that Plaintiff is unable to meet his burden of proof on one or more of the required elements of a claim for malicious prosecution, which is a disfavored cause of action under state law. As elaborated in the EG Defendants' Anti-SLAPP Motion, Plaintiff is unable to meet his burden of proof to establish one or more of the following required elements for bringing a claim for malicious prosecution under California law, each of which is a required element such that Plaintiff's failure to meet his burden of proof to establish any single element defeats Plaintiff's claim:

(i) the absence of probable cause for the EG Defendants' report of their concerns to federal law enforcement;

(ii) a termination on the merits of the underlying action favorable to Plaintiff; and

(iii) malicious intent on the part of the EG Defendants in reporting their concerns to federal law enforcement.

-53-                    Case No. 2:23-cv-07120-MWF (SKx)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**THIRD AFFIRMATIVE DEFENSE**

**(Protected Petitioning Activity Under California's Anti-SLAPP Statute, Cal. Code Civ. Proc., § 425.16)**

3.      The FAC is barred, in whole or in part, on the ground that the basis of Plaintiff's claims against the EG Defendants arise from the EG Defendants' reports to law enforcement, which is a protected petitioning activity under California's anti-SLAPP statute, Cal. Code Civ. Proc., § 425.16.

**FOURTH AFFIRMATIVE DEFENSE**

**(Lack of Causation)**

4.      The FAC is barred, in whole or in part, on the ground that the EG Defendants were not the legal cause of any purported damages to Plaintiff.

**FIFTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

5.      The FAC is barred, in whole or in part, on the ground that the EG Defendants' alleged conduct was undertaken in good faith.

**SIXTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

6.      The FAC is barred, in whole or in part, based upon the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Setoff or Recoupment)**

7.      The FAC is barred, in whole or in part, on the grounds of setoff or recoupment.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Waiver and Estoppel)**

8.      The FAC is barred, in whole or in part, based upon the doctrines of waiver and/or estoppel.

## NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

9.    The FAC is barred, in whole or in part, on the ground that Plaintiff failed to take reasonable steps to mitigate any alleged damages.

## RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES

The EG Defendants give notice that they intend to rely upon such other further defenses as may become evident and/or available during pretrial proceedings in this action and hereby reserve all rights to amend this Answer to assert all such defenses.

## THE EG DEFENDANTS' PRAYERS FOR RELIEF

The EG Defendants pray that the Court enter judgment and award relief in this action as follows:

1.    A judgment against Plaintiff and in favor of the EG Defendants on each cause of action in the FAC asserted against the EG Defendants, including that Plaintiff take nothing under the FAC against the EG Defendants and a dismissal with prejudice in its entirety of this action against the EG Defendants;

2.    An award of attorneys' fees, costs, and expense of litigation in favor of the EG Defendants and against Plaintiff to the greatest extent permitted by law;

3.    Such other and further relief as the Court may deem just and proper.

DATED:  June 21, 2026          GREENBERG GROSS LLP


By: _____
Evan C. Borges
Attorneys for Defendants Erika Girardi,
Laia Ribatallada, and Michael Minden

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and Rule 38-1 of the Local Rules of the Central District of California, defendants Erika Girardi, Laia Ribatallada, and Michael Minden hereby demand a jury trial on all issues triable to a jury.

DATED:  June 21, 2026                    GREENBERG GROSS LLP


By:  _____
        Evan C. Borges
        Attorneys for Defendants Erika Girardi,
        Laia Ribatallada, and Michael Minden

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**PROOF OF SERVICE**

**Christopher Psaila v. Erika Girardi, et al.**
**Case No. 2:23-cv-07120-MWF (SKx)**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is 650 Town Center Drive, Suite 1700, Costa Mesa, CA 92626.

On June 22, 2026, I served true copies of the following document(s) described as **ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 22, 2026, at Costa Mesa, California.

Cheryl Winsten

-57-                    Case No. 2:23-cv-07120-MWF (SKx)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

**SERVICE LIST**
**Christopher Psaila v. Erika Girardi, et al.**
**Case No. 2:23-cv-07120-MWF (SKx)**

Barrett S. Litt                                         Attorneys for Plaintiff
David S. McLane                                    Christopher Psaila
Marilyn E. Bednarski
McLANE, BEDNARSKI & LITT, LLP
975 East Green Street
Pasadena, California 91106
Tel:    (626) 844-7660
Fax:    (626) 844-7670
Email:        blitt@mbllegal.com
Email:        dmclane@mbllegal.com
Email:        mbednarski@mbllegal.com

Stanley I. Greenberg
11845 W. Olympic Blvd., Ste. 1000
Los Angeles, CA 90064
Tel:    (424) 248-6600
Fax:    (424) 248-6601
Email:        stanmanlaw@aol.com

Bruce Bernard Bealke
77 West Wacker Drive, Ste. 45001
Chicago, IL 60601
Tel:    (312) 216-7177
Fax:    (312) 741-1010
Email:        bealkelaw@protonmail.com

Amy M. Ross                                            Attorneys for Defendants
ORRICK, HERRINGTON & SUTCLIFFE LLP    American Express Company and
The Orrick Building                                 Peter Grimm
405 Howard Street
San Francisco, CA  94105
Tel:    (415) 773-5700
Fax:    (415) 773-5759
Email:        aross@orrick.com

Ben Au
ORRICK, HERRINGTON & SUTCLIFFE LLP
631 Wilshire Blvd., Suite 2C
Santa Monica, CA 90401
Tel:    (310) 633-2800
Fax:    (310) 633-3849
Email: ben.au@orrick.com

-58-                                    Case No. 2:23-cv-07120-MWF (SKx)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO
PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL

Brian M. Boynton
Principal Deputy Assistant Attorney General
U.S. Department of Justice, Civil Division
C. Salvatore D'Alessio, Jr.
Director, Torts Branch, Civil Division
Richard Montague
Senior Trial Counsel, Torts Branch
Connor J. Hackert
Trial Attorney
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
Tel:  (202) 616-4332
Fax:  (202) 616-4314
E-mail: Connor.Hackert@usdoj.gov

Attorneys for United States of America (Defendants Robert Savage, Kenneth Henderson, and Steven Scarince)

Case No. 2:23-cv-07120-MWF (SKx)

ANSWER OF DEFENDANTS ERIKA GIRARDI, LAIA RIBATALLADA, AND MICHAEL MINDEN TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL